IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>                         Plaintiff,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.<br><br>                         Defendants. | Case No. 1:25-cv-1095 |

## NOTICE OF REMOVAL

Defendants YouTube LLC, Google LLC, and Alphabet, Inc. (collectively, "Defendants") hereby file this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and remove the above-captioned action, originally filed in the Third Business Court Division of the Business Court of the State of Texas, to the United States District Court for the Western District of Texas, Austin Division. In support of this Notice of Removal, Defendants state as follows:

## BACKGROUND

1.      On June 6, 2025, Plaintiff Defense Distributed ("Plaintiff") filed the Original Petition in this action in the Third Business Court Division of the Business Court of the State of Texas ("Petition"). The action is styled *Defense Distributed v. YouTube LLC, et al.*, Case No. 25-BC03B-0009 ("State Court Action"). Plaintiff alleges that Defendants have "censored" pro-gun content on their platforms in violation of Texas House Bill 20, now codified in part as Chapter 143A of the Texas Civil Practice and Remedies Code.

2. Defendant Google LLC was served with the Petition on June 23, 2025. Defendants YouTube LLC and Alphabet, Inc. have not been served to the best of their knowledge, but are removing this case as well. All three Defendants consent to the removal. No proceedings have taken place in this matter besides the filing of the Petition.

3. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders in the State Court Action received by Defendants are attached hereto as composite **Exhibit A**. *See* Declaration of Michael A. Rome ("Rome Decl."), Ex. A.

## DIVERSITY JURISDICTION

4. Under 28 U.S.C. § 1332(a)-(a)(1), a federal district court has diversity jurisdiction over a case "where the amount in controversy exceeds $75,000, and the action is between citizens of different states." *Hernandez v. Lowe's Home Centers, Inc.,* No. DR-12-CV-064-AM/CW, 2013 WL 12394372, at *1 (W.D. Tex. May 29, 2013). Here, the amount in controversy exceeds $75,000, exclusive of interests and costs, and there is complete diversity of citizenship among the parties. As such, removal of this action is proper under 28 U.S.C. § 1441(b).

5. **The Amount-In-Controversy Requirement Is Met.** Here, it is undisputed that the amount in controversy exceeds $75,000. The Petition expressly alleges that "this is an action in which the amount in controversy exceeds $5 million[.]" Rome Decl., Ex. A, Petition ¶ 14; *see also id.*, Ex. A, Business Court Case Information Sheet at 3 (Section VI.) (indicating that the "amount in controversy exceeds $5 million"). Thus, the amount-in-controversy requirement is satisfied. *See* 28 U.S.C. § 1446(c)(2).

6. **Complete Diversity Exists.** A corporation is deemed a citizen of its state of incorporation and where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). The citizenship of a limited liability company is determined by the citizenship of each of its members. *See Harvey v. Great Wolf Drilling Co.,* 542 F.3d 1077, 1080 (5th Cir. 2008). Here, there is

complete diversity of citizenship among the parties, as Plaintiff is a citizen of Texas and all three Defendants are citizens of Delaware and California:

    (a)    Plaintiff is a Texas corporation headquartered in Austin, Texas. *See* Rome Decl., Ex. A, Petition ¶¶ 21; *see also id.*, Ex. B, Articles of Incorporation of Defense Distributed (showing company was incorporated in Texas); *id.*, Ex. C, Results of Entity Name Search for Defense Distributed on Texas Secretary of State's website on June 23, 2025 (showing company was formed in Texas and has its headquarters in Texas). It is therefore a citizen of Texas for diversity purposes.

    (b)    Defendant Alphabet, Inc. is a Delaware corporation with its principal place of business in California. *See* Rome Decl., Ex. A, Petition ¶¶ 32. It is therefore a citizen of Delaware and California for diversity purposes.

    (c)    Defendant Google LLC is a Delaware limited liability company with its principal place of business in California. *See id.* at ¶¶ 31. The sole member of Google LLC is XXVI Holdings Inc., which is a Delaware corporation with its principal place of business in California. Google LLC is, thus, a citizen of Delaware and California for diversity purposes.

    (d)    Defendant YouTube LLC is a Delaware limited liability company with its principal place of business in California. *See id.* at ¶¶ 30. The sole member of YouTube LLC is Google LLC. YouTube LLC is, thus, a citizen of Delaware and California for diversity purposes.

7.    Based on the foregoing, the amount in controversy exceeds $75,000 and complete diversity exists. Thus, this Court has "original jurisdiction" over this action, and removal is

appropriate.  *See* 28 U.S.C. §§ 1331, 1441(a); *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005).

## **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN SATISFIED**

8. This Court is the proper venue upon removal because the State Court Action is pending in the Third Business Court Division of the Business Court of the State of Texas, Plaintiff alleges that a substantial part of the events giving rise to this action occurred in Travis County, Texas, and the United States District Court for the Western District of Texas (Austin Division) is the district court of the United States for the district and division embracing the place where this action is pending.  *See* Rome Decl., Ex. A, Petition ¶¶ 18-19; 28 U.S.C. § 1441(a).

9. This Notice of Removal is timely because it is filed within 30 days after the receipt by Defendants,[1] through service or otherwise, of a copy of the Petition on June 23, 2025.  *See* 28 U.S.C. § 1446(b).

10. Exhibit A to the Rome Decl., described above, includes true and correct copies of all process, pleadings, and orders served on Defendants in the State Court Action.  *See* 28 U.S.C. § 1446(a).

11. In accordance with 28 U.S.C. § 1446(d), after filing this Notice of Removal, Defendants will promptly serve written notice of this Notice of Removal on Plaintiff's counsel of record and file a copy with the clerk of the Third Business Court Division of the Business Court of the State of Texas.

12. Defendants deny the allegations in the Petition and file this Notice of Removal without waiving any defenses, objections, exceptions, remedies, or obligations that may exist in their favor in either state or federal court.  Defendants reserve the right to amend or supplement

---

[1] As noted in paragraph 2 above, of the Defendants, only Google has been served.

this Notice of Removal.  In the event any questions arise as to the propriety of the removal of this action, Defendants request the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of their position that this action is removable.

Dated: July 14, 2025                                    Respectfully submitted,

**SCOTT DOUGLASS & MCCONNICO LLP**

/s/ Steven J. Wingard
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com


**COOLEY LLP**
Jonathan Patchen*
Michael A. Rome*
Sharon Song*
Madeleine R. Ahlers*

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
ssong@cooley.com
mahlers@cooley.com
*Pro Hac Vice forthcoming

*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

4915-3059-2341

**CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing has been served on all counsel of record, as listed below, on July 14, 2025.

| | |
|---|---|
| ***VIA E-FILING AND E-MAIL*** | ***VIA E-FILING AND E-MAIL*** |
| Chad Flores | Colleen McKnight |
| Texas Bar No. 24059759 | Texas Bar No. 24078976 |
| cf@chadflores.law | colleen.mcknight@mcknightlaw.us |
| Flores Law PLLC | McKnight Law PLLC |
| 917 Franklin Street, Suite 600 | 801 Travis Street Suite 2101, PMB 698 |
| Houston, Texas 77002 | Houston, TX 77002 |
| (713) 364-6640 | (713) 487-5645 |
| | |
| *Counsel for Plaintiff* | *Counsel for Plaintiff* |

                                                */s/ Steven J. Wingard*
                                                Steven J. Wingard

4915-3059-2341