IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DEFENSE DISTRIBUTED,** | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | CIVIL NO. A-25-CV-1095-ADA-ML |
| **YOUTUBE LLC, GOOGLE LLC,** | § | |
| **ALPHABET, INC.,** | § | |
| Defendants. | § | |

### DOCKET CONTROL ORDER PURSUANT TO RULES 16(b) AND 26(f)

The above-styled matter is before the Court.[1] **IT IS HEREBY ORDERED** that the parties confer pursuant to Federal Rule of Civil Procedure 26(f) and file with the Court, on or before **September 12, 2025, both a joint proposed scheduling and discovery plan reflecting the Rule 26(f) criteria AND a completed version of the Court's standard Scheduling Order.**[2] The parties or their counsel shall confer, complete and prepare the form with all dates (including the final pretrial conference, jury selection, and trial dates), obtain the appropriate signatures, and file the proposed scheduling order. If there are no disputes, the Court will enter the proposed scheduling order without the need for an initial pretrial conference.

During the Rule 26(f) meeting, the parties or their counsel shall discuss the nature and basis of their claims and defenses, the possibilities for prompt settlement or resolution

---

[1] This case has been referred to the undersigned in accordance with District Judge Alan D Albright's Magistrate Referral Order, dated February 27, 2025. Consistent with his procedures, the undersigned enters this Order.

[2] An example Scheduling Order may be found at Appendix A. Although the undersigned will enter the scheduling order, the final pretrial conference, jury selection, and jury trial will take place before District Judge Alan D Albright, unless the parties consent under 28 U.S.C. § 636(c).

of the case, and the scope and type of discovery, including electronic discovery. The parties shall also arrange for the disclosures required by Rule 26(a)(1) and develop their joint proposed scheduling/discovery plan. These are the minimum requirements for the meeting. The parties are encouraged to have a comprehensive discussion and are required to approach the meeting cooperatively and in good faith. The discussion of claims and defenses shall be a substantive, meaningful discussion. In addressing settlement or early resolution of the case, the parties are required to explore the feasibility of ADR between themselves as well. If the parties elect not to participate in an early ADR effort, the Court may nonetheless require a settlement conference shortly before trial.

In addressing the Rule 26(a)(1) disclosures, the parties shall discuss the appropriate timing, form, scope, or requirement of the initial disclosures, keeping in mind that Rule 26(a)(1) contemplates that disclosures will be made by the date of the Rule 16(b) initial scheduling conference and will include at least the categories of information listed in the rule. Rule 26 affords the parties flexibility in the scope, form, and timing of disclosures under both Rule 26(a)(1) (initial disclosures) and Rule 26(a)(2) (expert witness disclosures), but the parties' agreement on disclosures is subject to approval by the undersigned. In their discussion of disclosures, counsel shall address issues of relevance in detail, with each party identifying what it needs and why. The discussion shall include the sequence and timing of follow-up discovery, including whether that discovery should be conducted informally or formally and whether it should be conducted in phases so as to prepare for filing of particular motions or settlement discussions.

In addressing electronic discovery, the parties shall discuss what electronic sources each party will search, difficulty of retrieval, preservation of records, the form of production

(electronic or hard-copy, format of production, inclusion of meta-data, etc.), cost of production and which party will bear the cost, privilege/waiver issues, and any other electronic discovery issues present in the case. Before engaging in the Rule 26 discussion, the parties should determine who is most familiar with the client's computer system, what electronic records the client maintains, how the client's electronic records are stored, the difficulty/ease of retrieving various records, the existence and terms of the client's document retention/destruction policy, and whether the client has placed a "litigation hold" preventing destruction of potentially relevant records.

The undersigned recognizes Judge Albright typically resolves any discovery disputes through an email practice. Because those discovery disputes have already been referred to the undersigned by District Judge Alan D Albright's Magistrate Referral Order, the undersigned directs the parties to follow typical motion practice prescribed by the Local and Federal Rules of Civil Procedure to bring any discovery disputes before the Court.

The Court would also like to relay the following to the parties:

(1) The Court has recently faced a spate of discovery objections that do not track the 2015 amendments to the Federal Rules. Please remember that boilerplate objections are unacceptable.

(2) Speaking objections during depositions are improper. Other than to evaluate privilege issues, counsel should not confer with a witness while a question is pending. Counsel may confer with witnesses during breaks in a deposition without waiving any otherwise applicable privilege.

(3) Parties shall promptly notify the Court if they reach a settlement in a case and request to stay any deadlines.

SIGNED July 18, 2025.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

# APPENDIX A

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

|   |   |   |   |
|---|---|---|---|
|  | § |  |  |
|  | § |  |  |
|  | § |  |  |
| Plaintiffs, | § |  |  |
|  | § | Case No. |  |
| v. | § |  |  |
|  | § | **Jury Trial Demanded** |  |
|  | § |  |  |
|  | § |  |  |
| Defendants. | § |  |  |
|  | § |  |  |

## **JOINT PROPOSED SCHEDULING ORDER**

Pursuant to Rule 16, Federal Rules of Civil Procedure, the Court **ORDERS** that the following schedule will govern deadlines up to and including the trial of this matter:

| Date | Event |
|---|---|
|  | Discovery commences on all issues. |
|  | All motions to amend pleadings or to add parties shall be filed on or before this date. |
|  | Fact Discovery Deadline. Any discovery requests must be propounded so that the responses are due by this date. |
|  | The parties asserting claims for relief shall submit a written offer of settlement to opposing parties on or before this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
|  | Parties with burden of proof to designate Expert Witnesses and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |
|  | Each opposing party shall respond, in writing, to the written offer of settlement made by the parties asserting claims for relief by this date. All offers of settlement are to be private, not filed, and the Court is not to be advised of the same. The parties are further ORDERED to retain the written offers of settlement and responses as the Court will use these in assessing attorney's fees and court costs at the conclusion of trial. |
|  | Parties shall designate Rebuttal Expert Witnesses on issues for which the parties do not bear the burden of proof, and provide their expert witness reports, to include all information required by Rule 26(a)(2)(B). |

2

|  | Expert Discovery Deadline. Expert discovery must be completed by this date. |
|---|---|
|  | Any objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, not later than 14 days of receipt of the written report of the expert's proposed testimony or not later than 14 days of the expert's deposition, if a deposition is taken, whichever is later. **The failure to strictly comply with this paragraph will be deemed a waiver of any objection that could have been made pursuant to Federal Rule of Evidence 702.** |
|  | All dispositive motions shall be filed and served on all other parties on or before this date. **Local Rule CV-7 governs page limitations and briefing deadlines.**<br><br>Each party shall complete and file the "Notice Concerning Reference to United States Magistrate Judge" |
|  | By this date the parties shall meet and confer to determine pre-trial deadlines, including, *inter alia*, exchange of exhibit lists, designations of and objections to deposition testimony, and exchange of demonstratives. |
|  | By this date the parties shall exchange a proposed jury charge and questions for the jury. By this date the parties will also exchange draft Motions in Limine to determine which may be agreed. |
|  | By this date the parties shall exchange any objections to the proposed jury charge, with supporting explanation and citation of controlling law. |
|  | By this date the parties shall also submit to the Court their Motions in Limine. |
|  | By this date the parties will submit to the Court their Joint Pre-Trial Order, including the identification of issues to be tried, identification of witnesses, trial schedule provisions, and all other pertinent information. By this date the parties will also submit to the Court their oppositions to Motions in Limine. |
| [This date should be a **Friday during the 1st or 3rd week of the month**, no less than 90 days after the dispositive motion deadline.] | Final Pre-Trial Conference. The parties shall provide to the Court an agreed jury charge with supported objections of each party, and proposed questions for the jury, at the final Pre-Trial Conference. |
| [This date should be the week before trial.] | The Court will attempt to schedule Jury Selection on a day during the week of _____. Otherwise, Jury Selection shall begin at 9:00 a.m. on, _____. |
| [This date should be 1-2 months after the Final Pretrial Conference date, | Jury Trial Commences at 9:00 a.m. on Monday, _____. |

3

| | |
|---|---|
| **during the 1ˢᵗ or 3ʳᵈ week of the month**.] | |

**SIGNED** _____,

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE

AGREED:

By: _____   By: _____

Attorneys for Plaintiffs                                Attorneys for Defendants

4