In the United States District Court
for the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Defense Distributed, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:25-cv-01095-ADA-ML |
| | § | |
| YouTube LLC, | § | |
| Google LLC, | § | |
| Alphabet, Inc., | § | |
| Defendants. | § | |

**Plaintiff's Motion to Remand**

**Table of Contents**

Summary of the Argument ................................................................................................ 3

Argument.......................................................................................................................... 5

I.      The Court should remand this case for lack of subject-matter jurisdiction........................ 5

      A.      Nothing but diversity jurisdiction is at issue. ........................................................ 5

      B.      Diversity jurisdiction does not exist. ...................................................................... 6

            1.      Defendants bear the burden of proving the amount in controversy. .......... 6

            2.      Plaintiff's key allegations seek relief of an indeterminate value................. 7

            3.      Bare amount-in-controversy elections are not valid evidence. ...................11

            4.      Defendants cannot prove the amount in controversy otherwise. ..............14

Conclusion.......................................................................................................................15

**Summary of the Argument**

Defendants removed this action from the Business Court of the State of Texas by asserting diversity jurisdiction. Doc. 1 at 2. Defendants therefore bear the burden of proving that the amount in controversy is greater than $75,000. Defendants have not and cannot carry that burden.

Nothing in the *substance* of Plaintiff's state-court pleading demonstrates an amount in controversy exceeding $75,000. The suit's claims come under Texas Civil Practice and Remedies Code Chapter 143A, Doc. 1-2 at 35-41, the statute on social media censorship that *provides no actual damages remedy*. In no uncertain terms, this statute affords Plaintiff the remedies of injunctive and declaratory relief *but* not any actual damages. Tex. Civ. Prac. & Rem. Code § 143A.007(b)(1). No matter how much financial harm the Defendants' wrongdoing causes, the state law cause of action at issue does not provide a basis for any award of actual damages that could count toward the amount in controversy.   Nor is this suit a class action, mass action, or anything like it, focusing instead on two particular YouTube videos and certain associated Google Ads placements by and about Defense Distributed. *See* Doc. 1-2 at 19-27 ¶¶ 43-50 ("YouTube illegally censored the 'G80 | Next-Gen Receivers' Video."); *id.* at 27-31, ¶¶ 51-59 ("YouTube illegally censored the Vice documentary about Defense Distributed.").  Unless and until the invoked state law supplies an actual damages remedy, no damages conjecture could ever be a sufficient jurisdictional hook.

Of course the case is extremely significant because of constitutional politics about the freedom to speak for the Second Amendment on YouTube and Google without viewpoint censorship. But in terms of what removal law's strict jurisdictional calculus accounts for, this action's amount in controversy is "indeterminate"—a perfectly orthodox classification exhibited by the many cases that stay in state court for good reason.

Defendants bet everything on a threadbare quantification of the amount in controversy *that is legally invalid.* Their notice of removal tries to quantify the amount in controversy by citing a "Case Information Sheet" (the Texas equivalent of a federal "Civil Cover Sheet") that has a checked "Yes" box electing a high "amount in controversy exceeds" range. Doc. 1 at 2. But under settled law about removal evidence, bare "amount in controversy" elections are *not* legitimate evidence of an amount in controversy for diversity jurisdiction. The leading case is Judge Rosenthal's *Morse* decision: Such "amount in controversy" elections are "simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." *Morse v. American Security Insurance Co.*, No. CIV.A. H-10-4606, 2011 WL 332544, at \*2 (S.D. Tex. Jan. 28, 2011). That rule is rightly upheld by every other court in Texas, including this one. *E.g.*, *Llort v. BMW of N. Am., LLC*, 2020 WL 2928472 (W.D. Tex. June 2, 2020). That same line of authority defeats the notice of removal's only other citation, which points to what is merely a spelled-out version of the very same "amount in controversy exceeds" election in the state-court petition. Doc. 1 at 2. Again under the rule of Judge Rosenthal's *Morse* decision and every other federal court in Texas, that too is no evidence of this action's jurisdictional amount in controversy. These elections are not just poor evidence entitled to little weight, but legally invalid evidence that means literally nothing in the Court's jurisdictional calculus.

Once those legally-invalid citations are disregarded, the Defendants are left with nothing to support their alleged $75k+ amount in controversy. In light of a pleading that seeks no actual damages because the state law cause of action affords none, the Defendants have not and cannot satisfy their burden of proving that this case has a quantifiable amount in controversy over $75k. This case isn't federal. Immediate remand is warranted.

**Argument**

Plaintiff Defense Distributed moves pursuant to 28 U.S.C. § 1447(c) for an order remanding this case to its original state court, the Business Court of the State of Texas. "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The Court lacks subject-matter jurisdiction now because the Defendants have not and cannot carry *their burden* of establishing the amount in controversy that diversity jurisdiction requires. Immediate remand is required.

I.    **The Court should remand this case for lack of subject-matter jurisdiction.**

Well-established decisional rules apply. *See generally* 14C Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure ch. 7 (3d ed. West 2025) (hereinafter "Wright & Miller"). Most importantly, it is "not the burden of the party moving for remand to state court, typically the plaintiff, to show that the requirements for removal have not been met." Wright & Miller § 3739.1 & n.5. Rather, removing defendants bear the burden of establishing every fact necessary to support their claimed basis for federal subject-matter jurisdiction, *e.g.*, Wright & Miller §§ 3703 & n.3, §3739 & n.10; *Tex. Brine Co., L.L.C. v. Am. Arbitration Ass'n, Inc.*, 955 F.3d 482, 485 (5th Cir. 2020), and "ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

A.    **Nothing but diversity jurisdiction is at issue.**

Defendants pleaded just one removal ground: diversity jurisdiction under 28 U.S.C. § 1332. Doc. 1 at 2. Unpleaded grounds cannot be pursued. *See* Wright & Miller § 3733 & n.20 & 24.

Nor does any other arguable ground for federal subject-matter jurisdiction exist. Federal question jurisdiction is clearly absent because of the well-pleaded complaint rule. *See, e.g.*, Wright

& Miller § 3566. This suit's claims come solely under Texas Civil Practice and Remedies Code

Chapter 143A, Doc. 1-2 at 35-41, the statute on social media censorship that rests solely upon state

law and would implicate federal issues only as part of a defendant's defense. Lest there be any

doubt, the pleading expressly rejects and defeats any suggestion of presenting a federal claim

directly or otherwise. *Id.* at 8, ¶ 16 ("This action arises solely under the laws of the State of Texas.

This action does not arise under the Constitution, laws, or treaties of the United States. This is not

a civil action filed under Rule 23 of the Federal Rules of Civil Procedure or similar State statute or

rule of judicial procedure authorizing an action to be brought by 1 or more representative persons

as a class action."). Diversity jurisdiction is the only available option.

### B.        Diversity jurisdiction does not exist.

#### 1.        Defendants bear the burden of proving the amount in controversy.

The party asserting diversity jurisdiction must establish that "the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The

burden rules that apply overall apply here: "the removing defendant, not the state court plaintiff,

has the initial burden of establishing the existence of federal subject-matter jurisdiction since that

is the party invoking jurisdiction." Wright & Miller § 3703 & n.3. The inquiry is "based as of the

time the removal notice is filed in federal court." Wright & Miller § 3703 & n.2.

"The determination of the matter in controversy for purposes of subject matter jurisdiction

is a federal question and is decided under federal, not state, standards." Wright & Miller § 3702 &

n.2. "However, it is well established that the federal courts must look to state law in diversity cases

to determine the nature and extent of the right the plaintiff is seeking to have enforced or

protected." Wright & Miller § 3702 & n.3. "This principle includes examining the forum state's

rules regarding the applicable measure of damages and the availability of special and punitive damages, as well as a right to attorneys' fees." Wright & Miller § 3702 & n.4.

### 2.    Plaintiff's key allegations seek relief of an indeterminate value.

Under this framework, 28 U.S.C. § 1446 requires the Defendants to establish the requisite amount in controversy by a "preponderance of the evidence." *See* Wright & Miller § 3703 & n.10. A different inquiry can apply when the pleading expressly demands a judgment awarding a particular sum. In those cases, the sum expressly demanded "shall be deemed to be the amount in controversy." 28 U.S.C. § 1446(c)(2). But a different rule applies where, as here, the action's state-court pleading does not have any "sum demanded" and is therefore "indeterminate as to what the plaintiff believes is in controversy." Wright & Miller § 3703 & n.10. In cases such as this, "removal will be proper under Section 1446(c)(2)(B) if the district court finds by a preponderance of the evidence that the amount in controversy satisfies the jurisdictional minimum." *Id.*

The relevant part of the Plaintiff's initial state pleading is titled "VIII. Prayer for Relief." Doc. 1-2 at 39-41, ¶¶ 88-92. It demands no sum of money whatsoever. And understandably so, because the law that Plaintiff sues under *provides for no damages remedy whatsoever*. It affords Plaintiff only a chance at injunctive and declaratory relief—not any actual damages. Tex. Civ. Prac. & Rem. Code § 143A.007(b)(1). So when describing the judgment that Plaintiff seeks, the pleading requests injunctive relief, declaratory relief, and costs and attorney's fees—all without ever demanding any particular sum. Close scrutiny shows this indeterminacy on all counts.

First, the pleading makes a general request for relief without demanding any particular sum. It starts by doing what is common and proper in Texas, seeking simply "a judgment in its favor":

### VIII. Prayer for Relief.

88.    Defense Distributed requests a judgment in its favor on all counts.

Doc. 1-2 at 39, ¶ 88.

Next, the Plaintiff's pleading delivers a request for injunctive relief that again does not demand any particular sum:

### A.    Injunctive Relief

89.    Defense Distributed requests a judgment awarding it all of the injunctive relief to which it is entitled, *See* Tex. Civ. Prac. & Rem. Code § 143A.007(b)(2)) ("If the user proves that the social media platform violated this chapter with respect to the user, the user is entitled to recover: . . . (2) injunctive relief."), including but not limited to the following:

(a)    Defense Distributed requests a temporary injunction stopping Defendants' ongoing violations of Texas Civil Practice and Remedies Code Sections 143A.002(a) and 143A.002(b).

Doc. 1-2 at 39, ¶ 89.

Next, the Plaintiff's pleading delivers a request for declaratory relief that does not demand any sum:

### B.    Declaratory Relief

90.    Defense Distributed requests a judgment awarding it all of the declaratory relief to which it is are entitled. *See* Tex. Civ. Prac. & Rem. Code § 143A.007(b)(1) ("If the user proves that the social media platform violated this chapter with respect to the user, the user is entitled to recover: (1) declaratory relief under [Texas Civil Practice & Remedies Code] Chapter 37 . . . ."), including but not limited to the following:

(a)    Defense Distributed requests a declaration that Defendants violated and are

violating Texas Civil Practice and Remedies Code Sections 143A.002(a)(1) ("A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on . . . the viewpoint of the user or another person . . . .") by engaging in viewpoint-based discrimination of publications by Defense Distributed.

(b)    Defense Distributed requests a declaration that Defendants violated and are violating 143A.002(a)(2) ("A social media platform may not censor a user, a user's expression, or a user's ability to receive the expression of another person based on . . . the viewpoint represented in the user's expression or another person's expression . . . .") by engaging in viewpoint-based discrimination of publications about Defense Distributed.

Doc. 1-2 at 40, ¶ 90.

Finally, the Plaintiff's pleading delivers a request for costs and attorney's fees that does not demand any particular sum:

### C.    Costs & Attorney's Fees

91.    Defense Distributed requests a judgment awarding them all of the costs and attorney's fees to which they are entitled, including but not limited to the following:

(a)    Defense Distributed requests a judgment ordering that Defendants pay Plaintiffs' costs for this action pursuant to Texas Civil Practice and Remedies Code Chapter 143A and Texas Civil Practice and Remedies Code Chapter 37. *See* Tex. Civ. Prac. & Rem. Code § 143A.007(b)(1) ("If the user proves that the social media platform

9

violated this chapter with respect to the user, the user is entitled to recover . . . costs
. . . under [Texas Civil Practice and Remedies Code] Section 37.009 . . . ."); Tex.
Civ. Prac. & Rem. Code § 37.009 ("In any proceeding under this chapter, the court
may award costs . . . as are equitable and just.").

(b)    Defense Distributed requests a judgment ordering that Defendants pay Plaintiffs'
attorney's fees for this action pursuant to Texas Civil Practice and Remedies Code
Chapter 143A and Texas Civil Practice and Remedies Code Chapter 37. *See* Tex.
Civ. Prac. & Rem. Code § 143A.007(b)(1) ("If the user proves that the social media
platform violated this chapter with respect to the user, the user is entitled to recover
. . . reasonable and necessary attorney's fees under [Texas Civil Practice and
Remedies Code] Section 37.009 . . . ."); Tex. Civ. Prac. & Rem. Code § 37.009 ("In
any proceeding under this chapter, the court may award ... reasonable and
necessary attorney's fees. . . as are equitable and just.").

92.    Defense Distributed requests a judgment awarding them all other relief to which
they are entitled. *See* Tex. R. Civ. P. 47(d).

Doc. 1-2 at 40-41, ¶¶ 91. Finally, "Defense Distributed requests a judgment awarding them all
other relief to which they are entitled." Doc. 1-2 at 41, ¶¶ 92.

Those are all of the pleading's demands. None seek payment of any particular sum, let
alone a sum exceeding $75,000. It is therefore a case in which "removal will be proper under
Section 1446(c)(2)(B) if the district court finds by a preponderance of the evidence that the amount
in controversy satisfies the jurisdictional minimum." Wright & Miller § 3703 & n.10.

Again, that the burden of proof belongs to the removing Defendants is a critical point.
"There is voluminous agreement…that the removing defendant, as the party seeking to invoke
federal jurisdiction, bears the burden and must show that the amount in controversy exceeds the

jurisdictional minimum ….” Wright & Miller § 3704 & nn.41. “The defendant must come forward with ‘competent proof’ or ‘summary-judgment-type’ evidence.” *Id.*

The real debate therefore boils down to this, a straight-up challenge to the competency of Defendants’ amount-in-controversy proof. Naturally, Defendants’ notice gives 100% of the proof they have—just two little citations. But none of this evidence is competent. It is all legally invalid.

### 3.    Bare amount-in-controversy elections are not valid evidence.

To prove that this action has the requisite amount in controversy, the Defendants’ notice of removal cites a “Case Information Sheet”—the Texas equivalent of a federal “Civil Cover Sheet” that was filed in conjunction with Plaintiff’s main state court pleading (a “petition”). Doc. 1 at 2. Specifically, the Defendants’ cite the place on this “Case Information Sheet” where Plaintiff’s counsel checked “Yes” box electing a high “amount in controversy exceeds” range:



*Id.* The Defendants’ notice of removal also cites a spelled-out version of that very same election in pleading’s section about Texas Business Court procedure: “this is an action in which the amount in controversy exceeds $5 million[.]”. Doc. 1 at 2 (quoting Doc. 1-2 at 8, ¶14).

To be sure, such elections can sometimes seem to possess superficial value. But Plaintiff nonetheless remains fully within its rights to let the burden remain with the Defendants and challenge evidentiary competence. Indeed, this dynamic is one that removal doctrine expressly contemplates and accounts for. Proof burdens and competence standards exist for this very

reason—because what might seem at first to be valid evidence will prove legally meaningless in a proper jurisdictional calculus. Professors Wright & Miller capture this precisely: In orthodox factual challenges, the "plaintiff does not challenge the rationality of accusation, but the competency of the proof." Wright & Miller § 3705 & nn.24.

As a matter of law, bare "amount in controversy exceeds" elections like those cited here are *not* valid evidence of an amount in controversy for jurisdictional purposes. The rule is not that such elections are poor evidence entitled to little weight, but that they are legally invalid evidence that can have literally no impact on the Court's jurisdictional amount-in-controversy calculus.

Judge Rosenthal's *Morse* decision is the leading opinion. It correctly holds that bare jurisdictional assertions do not count because they are too indeterminate, conclusory, and vague. *Morse*, 2011 WL 332544, at *2. Such statements are "too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction.' *Morse*, 2011 WL 332544, at *2. In other words, a bare jurisdictional assertion is not valid amount-in-controversy proof because from it "the Court cannot determine what law is applicable or whether the plaintiff seeks an amount which can be recovered under the applicable law." *Id.* That holding applies here to both the cited pleading paragraph and civil cover sheet. Other Southern District decisions accord and should be followed here. *See M Felder Trucking LLC v. Pilot Travel Centers LLC*, No. 4:22-CV-00181, 2022 WL 2820790, at *3 (S.D. Tex. June 17, 2022).

The Eastern District of Texas follows Judge Rosenthal's ruling. *See, e.g.*, *Afaal* 2018 WL 7138388, at *2-3. Correctly too, it recognizes that the rule's key rationale is *not* about where a plaintiff makes its bare jurisdictional assertion (pleading versus cover sheet) but about its content. Real proof of an amount in controversy must speak to "how" the plaintiff's entitlement exists,

which bare jurisdictional assertions do not do. *Id.* Other Eastern District decisions accord and should be followed here. *See Williams v. Google, LLC*, No. 4:20-CV-685-ALM-KPJ, 2021 WL 3612300, at *4 (E.D. Tex. July 16, 2021), *report and recommendation adopted*, No. 4:20-CV-685-ALM-KPJ, 2021 WL 3603769 (E.D. Tex. Aug. 13, 2021).

The Northern District of Texas follows Judge Rosenthal's ruling too. *See, e.g.*, *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 872 (N.D. Tex. 2017); *Good v. Kroger Tex., L.P.*, No. 4:13-CV-462-A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013). There as well, the rule's rationale applies equally to pleadings and cover sheets alike. Wherever a bare jurisdictional assertion appears, it is "simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." *Pesole*, 277 F. Supp. 3d at 872 (quoting Judge Rosenthal); *accord Good* 2013 WL 3989097, at *2. Examples with high election amounts like $2,000,000 are held to be no evidence without hesitation. *Blackburn v. Lubbock FBI*, No. 5:23-CV-161-H-BQ, 2023 WL 6139457, at *3 (N.D. Tex. Aug. 23, 2023) ("Blackburn′s blanket demand for $2,000,000 in the civil cover sheet is not sufficient to satisfy 28 U.S.C. § 1332.")

The consensus rule is applied here in the Western District as well: *Llort v. BMW of N. Am., LLC*, 2020 WL 2928472 (W.D. Tex. June 2, 2020). Because of how "imprecise" a bare jurisdictional assertion is, it is not proof of an amount-in-controversy. *Id.* at *4.

The particular rule governing bare "amount in controversy exceeds" elections is not an outlier. It reflects a sound application of broader principles that have long helped courts decide which of a pleading's amount allegations count toward the amount-in-controversy inquiry.

One of the core rules prescribes that *conclusory and/or vague* allegations do not show an amount in controversy. It is a well-established general rule, *see, e.g.*, *Galan v. Deepwater Horizon*

*Med. Benefits Settlement Claims Admin.*, No. 23-30459, 2023 WL 8434048, at *2 (5th Cir. Dec. 5, 2023) ("vague allegations do not show the amount in controversy"); Wright & Miller § 3704 & nn.11-14, that directly supports the more particular conclusion that bare "amount in controversy exceeds" elections are invalid.

Another of the core rules provides *formulaic incantations* do not show an amount in controversy. It is well-established, *see Murphy v. Inexco Oil Co.*, 611 F.3d 570, 573 (5th Cir. 1980) ("must be more than incantation"), and supports the more particular conclusion that bare "amount in controversy exceeds" elections are invalid proof—especially given that the cited language tracks the state statute in question verbatim.[1]

For these reasons, Defendants' reliance on the bare "amount in controversy" elections fails as a matter of law, as both are legally invalid for jurisdictional purposes under the *Morse* rule that prevails in every Texas federal court.

### 4.    Defendants cannot prove the amount in controversy otherwise.

Besides the two citations that go to legally-invalid proof, Defendants' notice of removal asserts no other basis for establishing its claimed amount in controversy. It gives no legal theory, no facts, nothing in particular, and no short and plain statement of what further litigation might try to show. Where as here the jurisdictional pleading itself (the notice of removal) is devoid of any legitimate basis for determining a sufficient amount in controversy, the inquiry is over. *See* Wright & Miller § 3733. The motion to remand should be granted without more.

---

[1] The statute concerns certain "actions in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs." Tex. Gov't Code § 25A.004, and the pleading encants that exact same key phrase. It says that this is an "action in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs," changing only "actions" to "action" for grammar's sake. Doc. 1-2 at 8.

**Conclusion**

The motion should be granted. The Court should enter an order remanding this action to

the Business Court of the State of Texas for resumption as case No. 25-BC03B-0009.


Respectfully submitted,


Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Colleen McKnight
Texas Bar No. 24078976
colleen.mcknight@mcknightlaw.us
McKnight Law PLLC
801 Travis Street Suite 2101, PMB 698
Houston, TX 77002
(713) 487-5645

Counsel for Plaintiff