**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>                    Plaintiff,<br><br>v.<br><br><br>YOUTUBE LLC, GOOGLE LLC, and<br>ALPHABET, INC.<br><br>                    Defendants. | Case No. 1:25-cv-1095-ADA |

**DEFENDANTS' MOTION TO TRANSFER TO**
**THE NORTHERN DISTRICT OF CALIFORNIA**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ........................................................................................... 1

II.   BACKGROUND ........................................................................................... 3

    A.    Overview of Plaintiff's Allegations ................................................. 3

    B.    Plaintiff Agreed To the YouTube Terms and the Google Ad Terms
           Containing Forum-Selection Clauses .............................................. 4

III.  ARGUMENT ................................................................................................ 7

    A.    The Court Should Transfer This Case To the Northern District of
           California Pursuant To the Forum-Selection Clauses Plaintiff Agreed To .......... 7

          1.    Plaintiff Agreed To Valid and Enforceable Forum-Selection
                Clauses Requiring Its Claims To Be Litigated in the Northern
                District of California ........................................................... 9

          2.    Plaintiff Cannot Carry the Heavy Burden Necessary To Overcome
                the Forum-Selection Clauses ............................................. 16

    B.    The Court Should Resolve This Motion To Transfer Before Plaintiff's
           Motion To Remand .......................................................................... 17

IV.   CONCLUSION ............................................................................................. 18

i

# TABLE OF AUTHORITIES

**Cases**                                                                                              **Page(s)**

*Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*,
    566 F.2d 523 (5th Cir. 1978) ..................................................................................8

*Ameri-Fab, LLC v. Vanguard Energy Partners, LLC*,
    646 F. Supp. 3d 795, 804 (W.D. Tex. 2022)......................................................14, 15

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*,
    646 F. Supp. 3d at 804, *objections overruled*, No. SA-22-CV-00767-JKP, 2023 WL 2145555
    (W.D. Tex. Feb. 16, 2023) ...................................................................................15

*Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*,
    571 U.S. 49, 59-60 (2013) ............................................................................. *passim*

*Davis v. Meta Platforms, Inc.*,
    No. 4:22-CV-01001, 2023 WL 4670491, at *11 (E.D. Tex. July 20, 2023) ...................11, 13

*Haynsworth v. The Corp.*,
    121 F.3d 956 (5th Cir. 1997) ............................................................................13, 15

*J.V. & Sons Trucking, Inc. v. Asset Vision Logistic*s,
    LLC, No. 1:20-CV-163-H, 2020 WL 10458645, at *4 (N.D. Tex. Dec. 15, 2020) ..........11, 12

*KeyCity Cap., LLC v. Davenport Invs.*,
    LLC, No. 3:21-CV-2046-D, 2022 WL 581146 (N.D. Tex. Feb. 25, 2022)........................2, 17

*Matthews v. Tidewater, Inc.*,
    108 F.4th 361, 367 (5th Cir. 2024) ..................................................................13, 15

*McCormick v. Payne*,
    No. 3:15-CV-02729-M, 2015 WL 7424772 (N.D. Tex. Nov. 23, 2015)................................17

*Mishiyev v. YouTube, LLC*,
    No. 8:24-cv-2675-MSS-TGW, 2024 WL 4932773, at *2 (M.D. Fla. Dec. 2, 2024)...............12

*Moody v. NetChoice, LLC*,
    603 U.S. 707 (2024)...........................................................................................1

*Muhammad v. YouTube, LLC*,
    No. 18-836-SDD-EWD, 2019 WL 2338503 (M.D. La. June 3, 2019)....................................9

*Noble House, L.L.C. v. Certain Underwriters at Lloyd's, Lond.*,
    67 F. 4th 243, 248 (5th Cir. 2023) ........................................................................13

*PCL Civ. Constructors, Inc. v. Arch Ins. Co.*,
    979 F.3d 1070, 1073 (5th Cir. 2020) ....................................................................10

# TABLE OF AUTHORITIES
(continued)

**Page(s)**

*Pinnacle Fuel, LLC v. Pure Aviation, LLC*,
    No. A-22-CV-979-LY, 2023 WL 3082409 (W.D. Tex. Apr. 14, 2023) (Lane, J.) ...............2, 8

*Ramos v. Super. Ct.*,
    239 Cal. Rptr. 679 (Ct. App. 2018) ...................................................................11

*Ray v. Google, LLC*,
    No. 3:23-CV-65-KHJ-MTP, 2023 WL 7329562 (S.D. Miss. Aug. 18, 2023) ...................3, 10

*Sabal Ltd. LP v. Deutsche Bank AG*,
    209 F. Supp. 3d 907, 919 (W.D. Tex. 2016).......................................................10

*Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*,
    549 U.S. 422 (2007).......................................................................................2, 17

*Sobel ex rel. SolarWinds Corp. v. Thompson*,
    No. 1:21-CV-272-RP, 2023 WL 4356066, at *7 n.6 (W.D. Tex. July 5, 2023)...............16

*Stewart Organization Inc. v. Ricoh Corp.*,
    487 U.S. 22, 25, 32 (1988)...............................................................................14, 15

*Trump v. YouTube, LLC*,
    No. 1:21-CV-22445-KMM, 2021 WL 8398892 (S.D. Fla. Oct. 6, 2021) .......................10, 16

*In re Volkswagen AG*,
    371 F. 3d 201 (5th Cir. 2004) ...........................................................................16

*Weber v. PACT XPP Techs., AG*,
    811 F.3d 758 (5th Cir. 2016) ...........................................................................10

*Wise Guys I v. Meta Platforms, Inc.*,
    No. 3:23-CV-0217-X, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023)...................................11

**Statutes**

28 U.S.C.
    § 84(a) ...........................................................................................................6
    § 1404(a) ........................................................................................ *passim*

Tex. Civ. Pract. and Remedies Code
    § 143A..................................................................................................... *passim*
    § 143A.002(a)(1)..........................................................................................3
    § 143A.002(a)(2)..........................................................................................3
    § 143A.0035................................................................................................14, 15

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

**Other Authorities**

Fed. R. Civ. Proc. 12(h) ........................................................................................................8

U.S. Const. First Amendment ...........................................................................................1, 16

## I.    INTRODUCTION

Defense Distributed ("Plaintiff") is a manufacturer and advocate of "ghost guns," which are untraceable firearms individuals may create at home using 3-D printers.  Plaintiff apparently wishes to upload videos to YouTube and place ads through Google Ads reflecting its self-described "pro-gun" views.  This case concerns Plaintiff's claims that by removing its videos and blocking its ads from their platforms for violation of their nationwide content policies, defendants YouTube LLC ("YouTube"), Google LLC ("Google"), and Alphabet, Inc. ("Alphabet") (collectively, "Defendants") unlawfully "censored" Plaintiff's content from YouTube and Google Ads in violation of Texas Civil Practice and Remedies Code Chapter 143A (enacted originally as House Bill 20) ("Chapter 143A"), a law that makes it unlawful to "censor" content on social media platforms based on the viewpoint expressed therein.

At the appropriate time and in the proper venue, Defendants will seek judgment on the merits on all of Plaintiff's claims because Plaintiff seeks to use Chapter 143A to "profoundly alter[] the platforms' choices about the views they will, and will not, convey" in violation of the First Amendment.  *Moody v. NetChoice, LLC,* 603 U.S. 707, 737 (2024).  But that time is not now and that venue is not here.  This case faces a threshold problem that requires its transfer now: Plaintiff agreed to multiple forum-selection clauses, each of which independently requires this case to be litigated in California courts.

This case should thus be transferred under 28 U.S.C. § 1404(a) to the Northern District of California pursuant to mandatory forum-selection clauses in the YouTube Terms of Service ("YouTube Terms") and Google's Advertising Program Terms ("Google Ad Terms"), both of which Plaintiff agreed to.  To upload its content onto YouTube and Google Ads—the very content that Plaintiff alleges was unlawfully censored by Defendants—Plaintiff had to agree to the YouTube Terms and Google Ad Terms, each of which contains clear and mandatory forum-

selection clauses that require all claims "arising out of or relating to" the YouTube and Google Ads platforms to be "litigated exclusively in the federal or state courts of Santa Clara County, California."

These agreements and their forum-selection clauses govern here, and binding Supreme Court precedent requires this case be transferred to the Northern District of California because Plaintiff's claims clearly fall within the scope of the forum-selection clauses. *See Pinnacle Fuel, LLC v. Pure Aviation, LLC*, No. A-22-CV-979-LY, 2023 WL 3082409, at *2 (W.D. Tex. Apr. 14, 2023) (Lane, J.) ("[A] proper application of § 1404(a) requires that a forum-selection clause be 'given controlling weight in all but the most exceptional cases.'") (quoting *Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 59-60 (2013)), *report and recommendation adopted*, No. 1:22-CV-979-DAE, 2023 WL 3294602 (W.D. Tex. May 5, 2023).

Finally, though Plaintiff filed a motion to remand this case to state court on jurisdictional grounds, well-settled law gives this Court the authority to "address a transfer motion before addressing [the] subject matter [jurisdiction]" issue raised by Plaintiff's motion to remand. *KeyCity Cap., LLC v. Davenport Invs*., LLC, No. 3:21-CV-2046-D, 2022 WL 581146, at *2 (N.D. Tex. Feb. 25, 2022) (internal quotations and citation omitted); *see also Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 432, 436 (2007). And this Court should exercise its discretion to resolve this Motion to Transfer before Plaintiff's Motion to Remand to ensure the federal policy in favor of enforcing forum-selection clauses is honored.

For these reasons, and those discussed in further detail below, Defendants respectfully request that the Court transfer this action to the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1404(a).

## II.     BACKGROUND

### A.     Overview of Plaintiff's Allegations

Plaintiff filed this lawsuit against YouTube, Google, and Alphabet, alleging that YouTube and Google discriminate against and censor pro-gun content on their online platforms in violation of Chapter 143A, which seeks to prohibit censorship of "conservative viewpoints and ideas."  *See* Petition ¶ 8, ECF No. 1[1]: *see also id.* ¶¶ 2, 38, 43, 51, 59.  Plaintiff alleges that it has "posted, uploaded, transmitted, shared, and otherwise published expression" on YouTube and the Google Ads platform "from at least 2013 to present."  *Id.* ¶ 25.  Plaintiff claims that YouTube took down two of its videos—entitled "G80 | Next-Gen Receivers" and "Inside The Battle To Arm America"—for violating YouTube's Community Guidelines (specifically, YouTube's "Firearm" policy), in violation of Chapter 143A.  *See id.* ¶¶ 43, 48-50, 51, 56.  According to Plaintiff, in taking down the videos, YouTube employed its content moderation policies—including its Community Guidelines and Firearms Policy—which Plaintiff alleges are developed and enforced through "unified policy guidance" from Google and Alphabet.  *Id.* ¶¶ 33, 38-41.  Plaintiff also asserts that Google violated Chapter 143A by prohibiting publication of Plaintiff's advertisement through the Google Ads platform under Google's "Guns" policy in February 2025.  *See id.* ¶ 59.

Based on these allegations, Plaintiff brings three claims against the Defendants, all under Sections 143A.002(a)(1) and 143A.002(a)(2) of the Texas Civil Practice and Remedies Code.  *See id.* ¶¶ 70-71, 76-77, 82-83.  Each claim independently arises from or relates to Plaintiff's allegations about YouTube and Google Ads.

---

[1] *See* Exhibit A to the Declaration of Michael Rome in support of Defendants' Notice of Removal (ECF No. 1-2), at 5.

B.     **Plaintiff Agreed To the YouTube Terms and the Google Ad Terms Containing Forum-Selection Clauses**

YouTube is an online video service that allows users to create channels and upload videos free of charge, provided they agree and adhere to the YouTube Terms. *See* Petition ¶ 27; Declaration of Nicole Korn ("Korn Decl.") ¶¶ 2-4; *id.*, Ex. 1 at p. 3/16. The YouTube Terms govern the relationship between YouTube and its users and incorporate the "YouTube Community Guidelines" to promote a safe and thriving platform. *See* Korn Decl. ¶¶ 3, 9; *id.*, Ex. 1 at p. 10/16. It also makes clear to users that they agree to the YouTube Terms by using the YouTube service. *See* Korn Decl. ¶ 3; *id.*, Ex. 1, at p. 3/16.

The YouTube Terms specify that any user who chooses to upload content on YouTube "must not submit to the Service any Content that does not comply with this Agreement (including the YouTube Community Guidelines)." *Id.* ¶ 9; *id.*, Ex. 1 at p. 10/16. YouTube further "reserve[s] the right to remove or take down some or all of such Content in [its] discretion." *Id.*

In order to upload a video to the YouTube website, a user must first create a "channel" on YouTube. *See id.* ¶ 4; *id.*, Ex. 1 at p. 5/16. Even after a user creates a channel, it is not possible to upload a video via the YouTube website without accepting and agreeing to the YouTube Terms. *See id.* ¶ 7. That is because when a user attempts to upload a video via the YouTube website, YouTube always presents the uploading user with the following notice before the user can upload a video: "By submitting your videos to YouTube, you acknowledge that you agree to YouTube's Terms of Service and Community Guidelines." *See id.*; *id.*, Ex. 2. The phrases "Terms of Service" and "Community Guidelines" in the notice appear in blue font and are hyperlinks to the current versions of the YouTube Terms and Community Guidelines in effect at the time of the attempted upload. *See id.* A user cannot upload a video to YouTube via the YouTube website without viewing this screen and selecting a file to upload through it. *See id.*

The facts demonstrate Plaintiff was repeatedly informed of, accepted, and agreed to be bound by the current YouTube Terms, which have been effective since they were last updated on December 15, 2023. *See id.* ¶¶ 7-8. On January 29, 2012, Plaintiff created a YouTube channel under the title "DXLiberty." *See id.* ¶ 4. YouTube's records show that since the current version of the YouTube Terms went into effect on December 15, 2023, Plaintiff has uploaded four videos via the YouTube website to its DXLiberty YouTube channel and thus agreed to the current YouTube Terms at least four times through the upload process. *See id.* ¶ 8. Those videos are: (1) GunCAD: History and Value, uploaded March 1, 2024; (2) G80 | Next-Gen Fixtures, uploaded April 30, 2024, (3) G80 | Next-Gen Receivers, uploaded April 28, 2025, and (4) Defense Distributed v. YouTube, uploaded June 9, 2025. *See id.* Notably, the third video–G80 | Next-Gen Receivers–is the specific video that Plaintiff alleges was unlawfully removed in violation of Chapter 143A in the Petition. *See id.*; Petition ¶¶ 48-50 (alleging YouTube "began hosting the 'G80 | Next-Gen Receivers' video on April 28, 2025" and then removed it "in direct violation" of Chapter 143A on May 2, 2025).

In connection with uploading each of these videos, Plaintiff necessarily received the disclosure described above before it submitted them informing Plaintiff that "[b]y submitting your videos to YouTube, you acknowledge that you agree to YouTube's Terms of Service." Korn Decl. ¶ 7. Further, as explained in the accompanying Declaration of Nicole Korn, the phrase "Terms of Service" in the notices Plaintiff received hyperlinked to the then-current Terms of Service as of the dates of these uploads linked to the then-current YouTube Terms, which were always the current YouTube Terms—which have not changed since December 15, 2023. *See id.* ¶¶ 7-8. Given that Plaintiff received direct notice that it would be bound by the YouTube Terms when

it uploaded each of these videos, including the video about which it bases its claims in this lawsuit, the core allegation of the Petition directly implicates the current YouTube Terms.

In addition to agreeing to be bound to the YouTube Terms in connection with uploading videos to YouTube, Plaintiff also agreed to be bound to them through its use of the YouTube service. The YouTube Terms inform users that their use of the YouTube service subjects them to the current YouTube Terms. *See id.* ¶ 3; *id.*, Ex. 1 at p. 3/16. Since opening its channel in 2012, Plaintiff continually uploaded videos to its DXLiberty channel, including as recently as June 9, 2025. *See id.* ¶¶ 5, 8; Petition ¶¶ 48, 56; *id.* ¶ 25 (alleging that Plaintiff has "published expression" through YouTube "from at least 2013 to present"). Plaintiff has not and cannot claim it was not aware of the YouTube Terms—indeed, the very Firearms Policy it complains about in the Petition specifically references the YouTube Terms. *See* Petition ¶ 40 ("We may terminate your channel or account for repeated violations of the Community Guidelines or Terms of Service").

At all times relevant here, the YouTube Terms have included an express forum-selection clause designating the courts in Santa Clara County, California, as the exclusive venue for litigation arising out of the YouTube service. *See* Korn Decl. ¶¶ 5-6; *id.*, Ex. 1 at p. 15/16. The current version of the forum-selection clause states the following:

> All claims arising out of or relating to these terms or the Service will be governed by California law, except California's conflict of laws rules, and will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA. You and YouTube consent to personal jurisdiction in those courts.

*Id.* ¶ 5. "Service" is defined in the YouTube Terms as "the YouTube platform and the products, services and features we make available [to you] as part of the platform." *Id.* ¶ 5; *id.*, Ex. 1 at p. 2/16. Santa Clara County is located in the Northern District of California. *See* 28 U.S.C. § 84(a).

All of Plaintiff's causes of action arise from alleged censorship on the YouTube platform, and thus, are governed by the YouTube Terms, including the forum-selection clause therein. But Plaintiff also agreed to a *second* forum-selection clause when it accepted the Google Ad Terms in order to create a Google Ads account. *See* Declaration of Victoria McGinnis ("McGinnis Decl.") ¶¶ 2-5; Petition ¶ 59. Specifically, on November 14, 2022, Plaintiff accepted the Google Ad Terms, which, at all relevant times, have included a forum-selection clause designating the courts in Santa Clara County, California, as the required venue for claims arising out of or relating to the Google Ads platform that are litigated in court. *See* McGinnis Decl. ¶¶ 4-5; *id.*, Ex. 1 at p. 6/7, Section 14 ("EXCEPT AS PROVIDED IN SECTION 13, ALL CLAIMS ARISING OUT OF OR RELATING TO THESE TERMS OR THE PROGRAMS WILL BE LITIGATED EXCLUSIVELY IN THE FEDERAL OR STATE COURTS OF SANTA CLARA COUNTY, CALIFORNIA; THE PARTIES CONSENT TO PERSONAL JURISDICTION IN THESE COURTS."). The term "PROGRAMS" is defined to include all of Google's advertising programs and services made accessible through the accounts given to Defense Distributed in connection with the Google Ad Terms, one of which is Google Ads. *See id.* ¶ 5; *id.*, Ex. 1 at p. 1/7.

## III.    ARGUMENT

### A.    The Court Should Transfer This Case To the Northern District of California Pursuant To the Forum-Selection Clauses Plaintiff Agreed To

A district court may transfer a civil action to any district court where it could have originally been brought or to any district "to which all parties have consented." 28 U.S.C. § 1404(a). Generally, the moving party must establish under Section 1404(a) that a transfer would serve "the convenience of parties and witnesses" and otherwise promote "the interest of justice." *Id.*; *see also Atl. Marine Constr. Co., Inc. v. U.S. Dist. Ct.*, 571 U.S. 49, 62-63 (2013). "The calculus changes, however, when the parties' contract contains a valid forum-

selection clause, which 'represents the parties' agreement as to the most proper forum.'" *Atl. Marine*, 571 U.S. at 63.

Where such a clause exists, Supreme Court precedent requires courts "to adjust their usual § 1404(a) analysis in three ways." *Id*. First, the plaintiff's choice of forum "merits no weight" and the plaintiff "bears the burden of establishing that transfer to the forum for which the parties bargained is unwarranted." *Id*. Second, the court "should not consider arguments about the parties' private interests" and "must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Id*. at 64. Thus, "a district court may consider arguments about public-interest factors only." *Pinnacle Fuel,* 2023 WL 3082409, at *3 (*quoting Atl. Marine*, 571 U.S. at 64). "Third, when a party bound by a forum-selection clause flouts its contractual obligation and files suit in a different forum, a § 1404(a) transfer of venue will not carry with it the original venue's choice-of-law rules—a factor that in some circumstances may affect public-interest considerations." *Atl. Marine*, 571 U.S. at 64.

The Supreme Court has held that valid forum-selection clauses should be enforced and Section 1404(a) motions be granted absent "extraordinary circumstances unrelated to the convenience of the parties." *Id*. at 62. As set forth below, no such circumstances exist here, and their valid forum-selection clauses should be enforced by transfer of this case under 28 U.S.C. § 1404(a). *See Aguacate Consol. Mines, Inc. of Costa Rica v. Deeprock, Inc.*, 566 F.2d 523, 524 (5th Cir. 1978) (finding that Section 1404(a) permits transfer "even if no personal jurisdiction existed in the transferring court").[2]

---

[2] Defendants object to the exercise of personal jurisdiction in this Court, especially as Plaintiff's jurisdictional allegations are wholly conclusory. *See* Petition ¶ 17. Defendants have not waived and do not waive their personal jurisdiction objection. *See* Fed. R. Civ. Proc. 12(h). If transfer is denied, this Court will need to address Defendants' jurisdictional objections. By contrast, there is

1.      **Plaintiff Agreed To Valid and Enforceable Forum-Selection Clauses Requiring Its Claims To Be Litigated in the Northern District of California**

Plaintiff is bound by the YouTube Terms and the Google Ad Terms, and the forum-selection clauses in those terms mandating that any dispute be resolved in California (together, the "forum-selection Clauses").  Plaintiff alleges and concedes that it uploaded two videos onto the YouTube platform, in April 2025 and March 2013.  *See* Petition ¶¶ 48, 56.  And after filing the Petition, Plaintiff uploaded another video on June 9, 2025.  *See* Korn Decl. ¶ 8.  To upload videos to YouTube, Plaintiff necessarily agreed to YouTube's Terms, including on April 28, 2025, when it uploaded the video entitled "G80 | Next-Gen Receivers."  *See id.* ¶¶ 7-8; Petition ¶ 48.  As shown in the accompanying Declaration of Nicole Korn, Plaintiff has uploaded four videos to YouTube since YouTube last updated the YouTube Terms in December 2023, ***including the "G80 | Next-Gen Receivers" video Plaintiff alleges Defendants "censor[ed]...in direct violation of Texas Civil Practice and Remedies Code Chapter 143A."***  *See* Petition ¶ 50 (emphasis added); Korn Decl. ¶ 8.  Each time Plaintiff did so, Plaintiff was shown a clear disclosure indicating it "agree[d] to YouTube's Terms of Service" in effect at the time Plaintiff uploaded the video to YouTube.  *See* Korn Decl. ¶¶ 7-8.  Thus, Plaintiff agreed to and is bound by the current YouTube Terms four times over, including in connection with uploading the very video at the heart of this lawsuit. *See Muhammad v. YouTube, LLC*, No. 18-836-SDD-EWD, 2019 WL 2338503, at *2 (M.D. La. June 3, 2019) (holding that by uploading new videos to YouTube, the user "assent[ed] to the current Terms of Service" given the on-screen disclosures provided to the user at the time of upload).

no question of personal jurisdiction in the Northern District of California: Defendants are each headquartered in California and Plaintiff repeatedly consented to personal jurisdiction.

Plaintiff also admits that it had a Google Ads account in February 2025. *See* Petition ¶ 59. In order to create this account, Plaintiff had to affirmatively agree to the Google Ad Terms on November 14, 2022. *See* McGinnis Decl. ¶ 4.

The forum-selection Clauses that Plaintiff is bound to are valid and enforceable for the following reasons:

*First*, the forum-selection Clauses are mandatory. "A forum selection clause is mandatory if it 'affirmatively requires that litigation arising from the contract be carried out in a given forum.'" *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1073 (5th Cir. 2020) (quoting *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 (5th Cir. 2016)). Permissive clauses, on the other hand, have "no mandatory language binding the parties to a particular forum," and instead "merely state that the [party] will submit to the jurisdiction to be selected by [the other party]." *Sabal Ltd. LP v. Deutsche Bank AG*, 209 F. Supp. 3d 907, 919 (W.D. Tex. 2016). The YouTube and Google Ad Terms contain a quintessential mandatory forum-selection clause, which provides that covered claims arising out of or relating to the terms "will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA." *See* Korn Decl. ¶ 5; *id.*, Ex. 1 at p. 15/16; McGinnis Decl. ¶ 5; *id.*, Ex. 1 at p. 6/7, Section 14. There is nothing permissive about this clause; the parties unambiguously agreed to litigate any claims *exclusively* in Santa Clara County, California. Courts evaluating this language have uniformly found it to be mandatory. *See, e.g., Trump v. YouTube, LLC*, No. 1:21-CV-22445-KMM, 2021 WL 8398892, at *6 (S.D. Fla. Oct. 6, 2021) (holding that "the forum-selection clause" in the YouTube Terms of Service "is mandatory, not permissive, based on a plain reading of the entire clause."); *Ray v. Google, LLC*, No. 3:23-CV-65-KHJ-MTP, 2023 WL 7329562, at *3 (S.D. Miss. Aug. 18, 2023) (finding the forum-selection clauses in the YouTube and Google AdSense terms are

mandatory).  As the *Ray* court explained, the use of the word "exclusively" in the Terms of Service "demonstrates the parties' intent to litigate any disputes only in Santa Clara County, California."  *Id.* at *3.

    ***Second***, the forum-selection Clauses clearly encompass Plaintiff's claims.  The YouTube Terms state that "[a]ll claims arising out of or relating to these terms or the Service" of the YouTube platform "will be litigated exclusively in the federal or state courts of Santa Clara County, California, USA."  Korn Decl. ¶ 5; *id.*, Ex. 1 at p. 15/16.  Plaintiff's claims satisfy both aspects of the clause.  There is no serious question that Plaintiff's claims arise out of or relate to the "Service," which is defined to mean YouTube.  *See id.*  The heart of Plaintiff's case is that it has been deprived of its ability to display videos of its choice on the service.  *See, e.g.*, Petition ¶¶ 6, 11-12.  Such claims clearly "aris[e] out of or relat[e] to...the Service" and are thus encompassed by the broad forum-selection clause in the YouTube Terms.  *J.V. & Sons Trucking, Inc. v. Asset Vision Logistic*s, LLC, No. 1:20-CV-163-H, 2020 WL 10458645, at *4 (N.D. Tex. Dec. 15, 2020) ("[W]hen interpreting forum-selection clauses with 'relate to' language, Texas courts consistently interpret those clauses broadly to encompass all claims that have some possible relationship with the agreement.") (quotation omitted); *Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491, at *11 (E.D. Tex. July 20, 2023) (under California law, a forum-selection clause covering "any claim arising from or relat[ing] to this agreement" is considered "broad," and to fall within the scope of such a clause the dispute "need only touch matters covered by the contract containing the forum-selection clause.") (quoting *Ramos v. Super. Ct*., 239 Cal. Rptr. 679, 689 (Ct. App. 2018) (cleaned up)).[3]

---

[3] The court need not determine whether to interpret the forum-selection clause under the law of the original forum state (Texas) or the law required by the choice of law clauses in the YouTube Terms and the Google Ad Terms (California) because "the contractual analysis is identical under

Similarly, there is no credible basis to assert Plaintiff's claims do not arise out of or relate to the YouTube Terms themselves, given that the terms give YouTube the power to do exactly about which Plaintiff complains. Indeed, at least half a dozen federal cases "arising out of YouTube's moderation of users' content on its platform have been transferred pursuant to the forum-selection clause in YouTube's Terms of Service." *Mishiyev v. YouTube, LLC*, No. 8:24-cv-2675-MSS-TGW, 2024 WL 4932773, at *2 (M.D. Fla. Dec. 2, 2024) (collecting cases and transferring action to N.D. Cal), *appeal dismissed,* No. 24-14050, 2025 WL 1190794 (11th Cir. Apr. 24, 2025). As in *Mishiyev*, a "review of the Terms of Service and the Complaint reveals that Plaintiff's claims are subject to the forum-selection clause" because the YouTube Terms specifically grant YouTube the right to "remove or take down… Content in our discretion," and incorporate the Community Guidelines and Policies Plaintiff challenges in the Petition. *Id.*; *see* Petition ¶¶ 36-40 (alleging YouTube violates Texas law through its Community Guidelines and Firearms Policy); *see also* Korn Decl. ¶ 9 (under YouTube Terms, users must not submit to YouTube "any Content that does not comply with [the YouTube Terms] (including the YouTube Community Guidelines") and YouTube reserves the "right to remove or take down some or all of such Content in [its] discretion").

Thus, there is no doubt that Plaintiff's claims arise out of or relate to *both* Plaintiff's use of YouTube and the YouTube Terms themselves, either one of which is sufficient to trigger the mandatory forum provision. That Plaintiff's suit here triggers both amply confirms that the clause should be applied.

---

either Texas or California law." *Wise Guys I v. Meta Platforms, Inc.*, No. 3:23-CV-0217-X, 2023 WL 8434452, at *2 n.15 (N.D. Tex. Dec. 4, 2023); *see also Davis,* 2023 WL 4670491, at *11 (finding claims under Chapter 143A fell within scope of Meta's forum-selection clause as interpreted under Texas or California law).

The same is true for the forum-selection clause from the Google Ad Terms, which covers all claims arising out of or relating to Google's advertising programs. *See* McGinnis Decl. ¶¶ 4-5; *id.*, Ex. 1 at p. 6/7, Section 14; *see also* Petition ¶ 59. This clause also plainly applies to Plaintiff's claims, which are further based on the allegedly unlawful censorship of Plaintiff's attempt to place advertisements on the Google Ads platform.

***Third***, there is a "strong presumption" in favor of enforcing mandatory forum-selection clauses, and it can only be overcome "by a clear showing that the clause is unreasonable under the circumstances." *Noble House, L.L.C. v. Certain Underwriters at Lloyd's, Lond.*, 67 F. 4th 243, 248 (5th Cir. 2023). A clause is unreasonable under the circumstances only if: (1) the clause "was the product of fraud or overreaching"; (2) the clause will deprive a party "of his day in court because of the grave inconvenience or unfairness of the selected forum"; (3) "the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy"; or (4) "enforcement of the forum-selection clause would contravene a strong public policy of the forum state." *Matthews v. Tidewater, Inc.*, 108 F.4th 361, 367 (5th Cir. 2024) (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997)). "The party resisting enforcement on these grounds bears a heavy burden of proof." *Noble House*, 67 F.4th at 249 (quotation marks omitted).

Plaintiff cannot show any of these circumstances exist. There was no fraud and there is no basis on which to claim that Plaintiff will be deprived of its day in court if this case is transferred to the Northern District of California. Indeed, "a judge sitting in the Northern District of California is capable of applying Texas law," and there is no basis for claiming transfer will leave Plaintiff with no remedy. *Davis*, 2023 WL 4670491, at *11 (transferring claim under exact same law at issue in this case and rejecting argument that transfer to N.D. Cal. would leave the plaintiff with "no remedy").

Finally, the state-court venue provision of Chapter 143A does not give Plaintiff a basis to resist enforcement of the forum-selection clause on public policy grounds.  Section 143A.0035 of the Texas Civil Practice and Remedies Code provides that "[n]otwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision in a contract, an action brought under this chapter against a social media platform shall be brought and maintained in a court in this state, and the law of this state applies to the action."  Whatever import this statute has on cases litigated in Texas state court, it is entitled to no weight here now that this case has been removed on diversity grounds and the issue before the Court is whether to transfer this matter under section 1404(a).  For nearly forty years since the Supreme Court's decision in *Stewart Organization Inc. v. Ricoh Corp.,* the law has been clear that "questions of venue in diversity actions are governed by federal law," and courts must look to Section 1404(a) rather than state law in determining "whether to give effect to the parties' forum-selection clause."  487 U.S. 22, 25, 32 (1988).

*Stewart* involved a contract between parties from New Jersey and Alabama with a forum-selection clause for the Southern District of New York.  The trial court refused to enforce the clause given Alabama law that "looks unfavorably upon" forum-selection clauses.  *Id*. at 22, 24. The Supreme Court affirmed the circuit court's reversal.  The *Stewart* court held that in addressing a section 1404(a) motion, where Alabama's law disfavoring forum-selection clauses disfavored the analysis required by 1404(a), "the instructions of Congress are supreme."  *Id.* at 29-30.  Ultimately, "*Stewart* held 'that federal law,' as opposed to contrary state law, 'governs the District Court's decision *whether to give effect* to the parties' forum-selection clause.'"  *Ameri-Fab, LLC v. Vanguard Energy Partners, LLC*, 646 F.Supp.3d 795, 804 (W.D. Tex. 2022) (quoting *Stewart*, 487 U.S. at 32) (emphasis in original).  The Supreme Court subsequently re-affirmed *Stewart's* logic in *Atlantic Marine,* holding that because a forum-selection clause "may have

figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms," courts should enforce forum-selection clauses "[i]n all but the most unusual cases." *Atl. Marine*, 571 U.S. at 66. Moreover, to further discourage "forum shopping" and "gamesmanship," *Atlantic Marine* instructs courts to "not apply the law of the transferor venue to which the parties waived their right." *Id.*

*Stewart* and *Atlantic Marine* preclude application of Section 143A.0035 here. Courts in this Circuit have followed *Stewart* and rejected attempts to use state laws voiding or disfavoring forum-selection clauses to evade forum-selection clauses in the context of 1404(a) transfer motions. For example, in *Ameri-Fab*, Judge Farrer enforced a forum-selection clause pursuant to section 1404(a) notwithstanding a Texas state law making such clauses voidable, holding that such provisions were entitled to "no weight" under *Stewart* and *Atlantic Marine* in the context of a 1404(a) analysis. 646 F. Supp. 3d at 804, *objections overruled*, No. SA-22-CV-00767-JKP, 2023 WL 2145555 (W.D. Tex. Feb. 16, 2023); *see also Matthews*, 108 F.4th at 369-70 (affirming the enforcement of a forum-selection clause even though it contradicted a "strong Louisiana public policy concerning forum selection clauses[]"; holding that Louisiana public policy does not overcome the federal public policy's presumption of a forum-selection clause's validity).

This Court should do the same because Section 143A.0035 is no "different from the Alabama law given no weight in *Stewart,*" and "permitting [Plaintiff] to unilaterally [a]void a bargained-for forum-selection clause after-the-fact would only *encourage* gamesmanship." *Ameri-Fab*, 646 F. Supp. 3d at 804 (emphasis in original). The forum-selection Clauses are mandatory, enforceable, and govern Plaintiffs' claims. Federal law requires that they be enforced. *See Haynsworth v. The Corp.*, 121 F.3d 956, 962 (5th Cir. 1997) (the enforceability of forum-selection clauses is determined under federal law).

2.    **Plaintiff Cannot Carry the Heavy Burden Necessary To Overcome the Forum-Selection Clauses**

To prevent transfer in a case like this one involving a valid forum-selection clause, Plaintiff would need to "bear the burden of showing that public-interest factors *overwhelmingly* disfavor a transfer." *Atl. Marine*, 571 U.S. at 67 (emphasis added). It cannot do so. This is not among the "rare[]" circumstances where public-interest factors can "defeat a transfer motion[.]" *Id.* at 64.

Courts have identified four public-interest factors that may justify disregarding a forum-selection clause: "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws." *Sobel ex rel. SolarWinds Corp. v. Thompson*, No. 1:21-CV-272-RP, 2023 WL 4356066, at *7 n.6 (W.D. Tex. July 5, 2023) (citing *In re Volkswagen AG*, 371 F. 3d 201, 203 (5th Cir. 2004)).

None of the public-interest factors weigh in Plaintiff's favor, let alone constitute the "exceptional" justification that would override the forum-selection clause. Transfer would not overly burden the Northern District. Judges in that District can fairly and promptly apply the law, and there is no particular local interest in this matter given that it involves the publication of videos and ads to a national audience, and the core issue in dispute is whether the law, as applied in this case, violates the First Amendment of the United States Constitution. That is a national issue with national ramifications. *Trump v. YouTube, LLC*, No. 1:21-CV-22445-KMM, 2021 WL 8398892, at *12 (S.D. Fla. Oct. 6, 2021) (rejecting assertion that lawsuit against YouTube involved a localized controversy where defendants invoked the First Amendment as a central defense to the application of a state statute).

Nor can Plaintiff invoke its private interests to keep its claims in this District. "When parties agree to a forum-selection clause, they waive the right to challenge the preselected forum

as inconvenient or less convenient for themselves or their witnesses, or for their pursuit of the litigation. A court accordingly must deem the private-interest factors to weigh entirely in favor of the preselected forum." *Atl. Marine*, 571 U.S. at 64.

In short, Plaintiff agreed to two different forum-selection clauses, each of which independently requires the transfer of this case to the Northern District of California. Because Plaintiff cannot come close to meeting the heavy burden required to overcome these clauses, transfer is required.

### B.    The Court Should Resolve This Motion To Transfer Before Plaintiff's Motion To Remand

On August 7, 2025, one day before the filing of this Motion to Transfer, Plaintiff moved to remand this case to Texas state court, arguing this Court lacks subject matter jurisdiction. Defendants intend to oppose that motion, which is meritless, but note that regardless of the merits, well-settled Supreme Court case law applied by courts in this Circuit gives this Court discretion to resolve this transfer motion first. Under *Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, courts have discretion to bypass jurisdictional questions and first decide *forum non conveniens* motions or motions to transfer under section 1404(a). 549 U.S. 422, 432, 436 (2007).[4] Following the Supreme Court's decision in *Sinochem,* district courts in the Fifth Circuit regularly exercise that discretion. *See, e.g., KeyCity Cap., LLC v. Davenport Invs*., LLC, No. 3:21-CV-2046-D, 2022 WL 581146, at *10 (N.D. Tex. Feb. 25, 2022) (granting motion to transfer without ruling on personal jurisdiction issue); *McCormick v. Payne*, No. 3:15-CV-

---

[4] While *Sinochem* addressed *forum non conveniens* motions rather than motions to transfer under section 1404(a), courts have interpreted its holding to apply to both such motions because "§ 1404(a) merely codifies the doctrine of forum non conveniens and provides for the transfer of a case from one federal court to another." *KeyCity Cap., LLC*, 2022 WL 581146, at *2, n.5 (citing *Sinochem*, 549 U.S. at 430).

02729-M, 2015 WL 7424772, at **2–3 (N.D. Tex. Nov. 23, 2015) (granting motion to transfer in lieu of ruling on subject matter jurisdiction issue).

This Court should exercise its discretion to resolve the Motion to Transfer first because, for the reasons set forth above, the parties entered into a binding, enforceable forum-selection clause that requires this dispute to be litigated in a state or federal court in Santa Clara County, California, and resolving transfer before remand achieves that outcome.  Defendants dispute remand is appropriate at all, but nothing would prevent a transferee court in the Northern District of California from addressing the jurisdictional issues raised in Plaintiff's motion.  And if that Court granted the motion, the case would be remanded to a state court in Santa Clara County, which would be consistent with the parties' forum-selection clause.  On the other hand, were the Court to address and grant the remand motion first, that could well preclude the enforcement of the forum-selection clause, a result contrary to federal law.  In *Atlantic Marine*, the Supreme Court explained that "[w]hen parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations," and that "[i]n all but the most unusual cases . . . 'the interest of justice' is served by holding parties to their bargain."  571 U.S. at 67.  Resolving transfer first would be consistent with these principles as it would ensure an outcome that would "not unnecessarily disrupt the parties' settled expectations" by exercising discretion in a way that produces an outcome inconsistent with the federal policy in favor of enforcing forum-selection clauses.

IV.     **CONCLUSION**

For the foregoing reasons, the Court should grant the Defendants' motion to transfer this action to the Northern District of California.

Dated: August 8, 2025                    Respectfully submitted,


**SCOTT DOUGLASS & MCCONNICO LLP**

*/s/ Steven J. Wingard* _____
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com


**COOLEY LLP**

*/s/ Jonathan Patchen* _____
Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Sharon Song (admitted *pro hac vice*)
Madeleine R. Ahlers (admitted *pro hac vice*)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
ssong@cooley.com
mahlers@cooley.com


*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), Defendants advise the Court that in advance of filing this Motion, counsel for the parties met and conferred in a good-faith attempt to resolve this motion by agreement. The discussions conclusively ended in an impasse as the parties disagree on whether the case should be transferred to the Northern District of California. Counsel for Plaintiff indicated that it opposes this motion.

*/s/ Jonathan Patchen*
Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Sharon Song (admitted *pro hac vice*)
Madeleine R. Ahlers (admitted *pro hac vice*)

*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel via electronic service on August 8, 2025.

*/s/ Steven J. Wingard*
Steven J. Wingard