**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

DEFENSE DISTRIBUTED,

                    Plaintiff,

v.

YOUTUBE LLC, GOOGLE LLC, and
ALPHABET, INC.,

                    Defendants.

Case No. 1:25-cv-1095-ADA

**DEFENDANTS' RESPONSE IN OPPOSITION
TO PLAINTIFF'S MOTION TO REMAND**

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ............................................................................................ 1

II.    BACKGROUND .............................................................................................. 3

III.   LEGAL STANDARD....................................................................................... 3

IV.   ARGUMENT .................................................................................................. 5

      A.     The Motion To Remand Should Be Denied Because The Amount In
              Controversy Exceeds $75,000. ............................................................. 5

              1.     Plaintiff's Allegation That Over $5 million Is At Stake Is A
                      Judicial Admission That It Cannot Now Dispute. ...................... 5

              2.     It Is Facially Apparent From The Petition That The Amount In
                      Controversy Exceeds The Jurisdictional Threshold. ................. 6

              3.     Defendants Do Not Solely Rely On Plaintiff's Civil Cover Sheet
                      Election. ...................................................................................... 10

              4.     Even Apart From Plaintiff's Admission, Common Sense Dictates
                      That More Than $75,000 Is In Controversy. ............................. 11

V.    CONCLUSION............................................................................................... 15

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page(s)**

*Afzaal v. Upper Iowa Univ.*,
  No. 4:18-CV-00833-ALM-CAN, 2018 WL 7138388 (E.D. Tex. Dec. 21,
  2018) ..............................................................................................................................10

*Allen v. R&H Oil & Gas Co.*,
  63 F.3d 1326 (5th Cir. 1995) ........................................................................................4

*Blackburn v. Lubbock FBI*,
  No. 5:23-CV-161-H-BQ, 2023 WL 6139457 (N.D. Tex. Aug. 23, 2023) .............................10

*Blappert v. NIBCO, Inc.*,
  No. SA-22-CV-00487, 2022 WL 2706120 (W.D. Tex. July 11, 2022)....................................5

*Caraway v. Mandella*,
  No. 3:21-cv-319-S, 2021 WL 3475564 (N.D. Tex. Aug. 6, 2021)..........................................7

*Chapa v. Dolgencorp of Tex., Inc.*,
  No. 2:23-cv-00001, 2024 WL 1313258 (S.D. Tex. Mar. 25, 2024) ....................................6, 7

*Dart Cherokee Basin Operating Co. v. Owens*,
  574 U.S. 81 (2014)..........................................................................................................4

*Davalos v. Allstate Fire & Cas. Ins. Co.*,
  522 F. Supp. 3d 240 (W.D. Tex. 2021)..........................................................................12

*Davis v. Meta Platforms, Inc.*,
  No. 4:22-CV-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023) .............................. *passim*

*De Aguilar v. Boeing Co.*,
  47 F.3d 1404 (5th Cir. 1995) ........................................................................................9

*Dupre v. Slate Healthcare LLC*,
  No. 4:22-cv-00264, 2025 WL 460533 (S.D. Tex. Feb. 11, 2025)..........................................14

*Dyer v. Cap. One Nat'l Ass'n*,
  No. 4:20-CV-4230, 2021 WL 3813367 (S.D. Tex. Aug. 23, 2021) ........................................7

*Escareno v. Stylecraft Home Collection Inc.*,
  731 F. Supp. 3d 738 (N.D. Tex. 2024) ......................................................................6, 7, 8

*Gonzales v. Walgreen Co.*,
  No. SA-16-CV-129-XR, 2016 WL 1266964 (W.D. Tex. Mar. 31, 2016)................................7

*Good v. Kroger Tex., L.P.*,
  No. 4:13-cv-462-A, 2013 WL 3989097 (N.D. Tex. Aug. 5, 2013) ........................................10

# TABLE OF AUTHORITIES

**Cases**                                                                        **Page(s)**

*Guijarro v. Enter. Holdings, Inc.*,
    39 F.4th 309 (5th Cir. 2022) ...................................................................................4

*Holy Cross Church of God in Christ v. Wolf*,
    44 S.W.3d 562 (Tex. 2001)...................................................................................5

*Hou. First Am. Savs. v. Musick*,
    650 S.W.2d 764 (Tex. 1983)................................................................................5

*Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*,
    579 F.3d 546 (5th Cir. 2009) ...............................................................................5

*Llort v. BMW of N. Am., LLC*,
    No. 1:20-CV-94-LY, 2020 WL 2928472 (W.D. Tex. June 2, 2020)...............................10, 11

*M Felder Trucking LLC v. Pilot Travel Ctrs. LLC*,
    No. 4:22-CV-00181, 2022 WL 2820790 (S.D. Tex. June 17, 2022).......................................10

*Martinez v. BAC Home Loans Servicing, LP*,
    777 F. Supp. 2d 1039 (W.D. Tex. 2010)..................................................................11

*McMinn v. Wal-Mart Stores Tex., LLC*,
    No. 4:22-CV-00374, 2023 WL 3712697 (S.D. Tex. May 8, 2023)...........................................7

*Moody v. NetChoice, LLC*,
    603 U.S. 707 (2024)..........................................................................................14

*Morse v. Am. Sec. Ins. Co.*,
    No. CIV.A. H-10-4606, 2011 WL 332544 (S.D. Tex. Jan. 28, 2011)....................................10

*Mosely v. Doe #1*,
    No. 3:21-cv-2919-B, 2022 WL 1102867 (N.D. Tex. Apr. 13, 2022).......................................7

*Murphy v. Inexco Oil Co.*,
    611 F.2d 570 (5th Cir. 1980) .................................................................................9

*Novo Point, LLC v. Katz*,
    No. 3:14-cv-1552-L, 2015 WL 1134733 (N.D. Tex. Mar. 13, 2015).......................................7

*Pesole v. Health Care Serv. Corp.*,
    277 F. Supp. 3d 866 (N.D. Tex. 2017) .....................................................................10

*Procare Auto., LLC v. MidAmerican Energy Servs., LLC*,
    No. SA-21-CV-00896-XR, 2021 WL 5822832 (W.D. Tex. Dec. 7, 2021)............................13

# TABLE OF AUTHORITIES

**Cases**                                                                                                  **Page(s)**

*Puente de Reynosa, S.A. v. City of McAllen*,
   357 F.2d 43 (5th Cir. 1966) ................................................................8, 12

*Regal Ctr. LLC v. Fid. Nat'l Title Ins. Co.*,
   No. 3:21-CV-2837-N, 2022 WL 22329274 (N.D. Tex. Apr. 6, 2022) ....................7

*Robertson v. Exxon Mobil Corp.*,
   814 F.3d 236 (5th Cir. 2015) ............................................................4, 11

*Smith v. Reyes*,
   No. 3:22-cv-2816-D, 2023 WL 8261303 (N.D. Tex. Nov. 29, 2023) ....................7

*St. Paul Reins. Co. v. Greenberg*,
   134 F.3d 1250 (5th Cir. 1998) ............................................................11

*Taylor v. Dollar Tree Stores, Inc.*,
   No. 3:22-CV-0344-X, 2022 WL 17489184 (N.D. Tex. Dec. 6, 2022) ....................7

*Torres v. Allstate Fire & Cas. Ins. Co.*,
   No. H-20-1720, 2020 WL 3077932 (S.D. Tex. June 10, 2020)........................6

*Torres v. Guardsmark, LLC*,
   No. 5:15-cv-184 RP, 2016 WL 11602002 (W.D. Tex. Aug. 3, 2016)....................8

*White v. Kroger Tex., LP*,
   No. 4:23-CV-00585-P, 2023 WL 6390016 (N.D. Tex. Sep. 29, 2023) ..................7

*Williams v. Google, LLC*,
   No. 4:20-CV-685-ALM-KPJ, 2021 WL 3612300 (E.D. Tex. July 16, 2021) ........10

*Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*,
   No. SA-12-CA-0622, 2012 WL 2979040 (W.D. Tex. July 19, 2012)....................5

**Statutes**

28 U.S.C.
   § 1332....................................................................................3
   § 1332(a) ..........................................................................1, 4, 7
   § 1441....................................................................................3
   § 1441(a)................................................................................3
   § 1441(b)................................................................................1
   § 1446................................................................................3, 4
   § 1446(c)(2) ............................................................................7

# TABLE OF AUTHORITIES

Tex. Gov. Code
§ 25A.004(b) ...................................................................................................2, 7, 8

Texas Civil Practice and Remedies Code Chapter 143A...........................3, 5, 12, 13, 14

**Other Authorities**

Federal Rules of Civil Procedure
11....................................................................................................................8
12....................................................................................................................14

Texas Rule of Civil Procedure
13....................................................................................................................8
47(c) ........................................................................................................6, 7, 8

## I.     INTRODUCTION

Plaintiff Defense Distributed's ("Plaintiff") Motion to Remand should be denied.  Plaintiff does not contest that diversity of citizenship exists between the parties.   And Plaintiff unambiguously stated in its Petition that "**the amount in controversy exceeds $5 million**." Petition ("Pet.") ¶ 14 (emphasis added).[1]  Since $5 million is more than $75,000, the requirements of 28 U.S.C. § 1332(a) are met, and this Court has diversity jurisdiction over this action under 28 U.S.C. § 1441(b).  Case closed.

Or so one would think.  Yet Plaintiff has moved to remand this case to the Texas Business Court, asserting that its allegation of the amount in controversy in the Petition is too "indeterminate" to satisfy the $75,000 threshold for diversity jurisdiction in federal court.  Motion to Remand ("Mot.") at 3, Dkt. No. 25.  But there is nothing "indeterminate" about Plaintiff's unqualified allegation that the amount in controversy exceeds $5 million.  Even if the alleged amount in controversy is considered a "range" between $5 million and infinity, every single point on that range exceeds the $75,000 jurisdictional threshold for diversity jurisdiction.  Nor does Plaintiff attempt to walk that allegation back in the Motion or disclaim the truth of its claim that over $5 million is in controversy, presumably because Plaintiff wants to remain in the Texas Business Court post-remand **and because Plaintiff believes it is true**—otherwise, Plaintiff's counsel would not have signed a pleading alleging it.

Plaintiff wants to have it both ways.  To invoke the jurisdiction of the Texas Business Court, its desired state court forum, Plaintiff alleged "the amount in controversy exceeds $5 million" in a section titled "**Jurisdiction**."  Pet. ¶ 14 (original emphasis).  Plaintiff had to allege

---

[1] Plaintiff's state-court Petition was filed with Defendants' Notice of Removal, and can be found at Dkt No. 1-2, beginning at page 3 of that docket entry.  A true and correct copy of the Petition is attached hereto as **Exhibit A** for the Court's convenience.

this to sue Google and YouTube in Texas Business Court rather than in Travis County district court. *See* Tex. Gov. Code § 25A.004(b) ("the business court has civil jurisdiction concurrent with district courts in the following actions, including actions in which a district court has exclusive jurisdiction, in which the amount in controversy exceeds $5 million"). But now that it wants to avoid federal jurisdiction, it recasts the very same amount in controversy allegation as "indeterminate" and somehow *under* the $75,000 threshold for diversity jurisdiction in federal court. Mot. at 3. But no amount of rhetoric in Plaintiff's remand motion can reduce the $5 million it pleaded to less than $75,000, which would be less than 1.5% of the minimum amount in controversy alleged. Under settled Texas and Fifth Circuit law, Plaintiff's allegation is a binding judicial admission that it cannot now contest.

Unable to escape its own pleading, Plaintiff leans on caselaw that says civil cover sheet elections are insufficient on their own to establish jurisdictional amounts. But Defendants' Notice of Removal quotes an express allegation in the Petition itself, not just the civil cover sheet. Notice of Removal ("Notice") ¶ 5, Dkt. No. 1. Plaintiff's argument is a red herring intended to distract from its plain language admission of the amount in controversy in the Petition itself, which Defendants quoted in the Notice of Removal. *Id.* (quoting Pet. ¶14).

Having told one court that more than $5 million is on the line to establish jurisdiction in its preferred forum, Plaintiff cannot simultaneously tell this Court that less than $75,000 is at issue to avoid jurisdiction. This court has diversity jurisdiction by Plaintiff's own admission. And even if the Court were to view the Petition as placing an "indeterminate" amount in controversy, a common sense reading of Plaintiff's allegations reveals that more than $75,000 is at stake when considering Plaintiff's claimed irreparable harm to its business and free speech interests, its request

to enjoin Defendants YouTube and Google's platform-wide policies, and its demand for attorneys' fees.

For these reasons, and those further detailed below, Plaintiff's Motion to Remand should be denied.

## II.    BACKGROUND

Plaintiff Defense Distributed filed this case against Defendants YouTube LLC, Google LLC, and Alphabet Inc. (collectively, "Defendants") in the Third Business Court Division of the Business Court of the State of Texas on June 6, 2025.  In its petition, Plaintiff describes itself as a gunsmithing company and "the first private defense contractor in service of the general public." Pet. ¶ 22.  As part of that mission, "Defense Distributed regularly publishes videos through YouTube and utilizes the Google Ads platform." *Id.*  Plaintiff claims it was unlawfully censored in violation of Texas Civil Practice and Remedies Code Chapter 143A ("Chapter 143A"), and in the section of the Petition titled "**Jurisdiction**" alleges "the amount in controversy exceeds $5 million." Pet. ¶14.  To remedy the "irreparable harm" it says it has suffered, Plaintiff seeks (1) a platform-wide injunction barring YouTube and Google from enforcing their respective "Firearms" and "Guns" policies, (2) daily penalties, and (3) attorneys' fees.  Pet. ¶¶ 72, 74, 78, 80, 84, 86.

On July 14, 2025, Defendants removed to this Court on the basis of diversity jurisdiction because the parties are citizens of different states and the amount in controversy, which Plaintiff says exceeds $5 million, necessarily also exceeds the $75,000 threshold for diversity jurisdiction. *See* Notice; 28 U.S.C.  §§ 1332, 1441, 1446.  Plaintiff moved to remand on August 7, 2025.

## III.    LEGAL STANDARD

Any civil action brought in state court over which a federal court would have original jurisdiction may be removed from state to federal court.  28 U.S.C. § 1441(a).  As relevant here, federal district courts have "original jurisdiction of all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs and is between . . . citizens of different States." 28 U.S.C. § 1332(a). There is no dispute that Plaintiff and Defendants are citizens of different States[2]—there is only a question of the amount in controversy.

As specified in the removal statute, 28 U.S.C. § 1446, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014). If a plaintiff contests those allegations by filing a motion to remand, "the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied." *Id.* at 88.

A removing defendant can meet its burden of demonstrating the amount in controversy by showing that the amount is "facially apparent" from the plaintiff's pleading alone. *Guijarro v. Enter. Holdings, Inc.*, 39 F.4th 309, 314 (5th Cir. 2022); *Robertson v. Exxon Mobil Corp.*, 814 F.3d 236, 240 (5th Cir. 2015). Only if it is not "facially apparent" does it become necessary to submit the summary-judgment type evidence Plaintiff suggests is always required. *Compare Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995) ("First, a court can determine that removal was proper if it is facially apparent that the claims [exceed the jurisdictional amount]. If not, a removing attorney may support federal jurisdiction by setting forth the *facts* in controversy." (internal citation omitted)) *with* Mot. at 10-11 (arguing Defendants must submit evidence).

---

[2] *See generally* Mot. (not disputing there is complete diversity of citizenship among the parties).

## IV.    ARGUMENT

### A.    The Motion To Remand Should Be Denied Because The Amount In Controversy Exceeds $75,000.

#### 1.    Plaintiff's Allegation That Over $5 million Is At Stake Is A Judicial Admission That It Cannot Now Dispute.

Plaintiff alleges in the Petition that "this is an action in which the amount in controversy exceeds $5 million." Pet. ¶ 14. Plaintiff has therefore judicially admitted that the amount in controversy exceeds $5 million. The Supreme Court of Texas has held that "assertions of fact, not plead in the alternative, in the live pleadings of a party are regarded as formal judicial admissions." *Holy Cross Church of God in Christ v. Wolf*, 44 S.W.3d 562, 568 (Tex. 2001) (citation omitted). Judicially admitted facts are conclusively established in the case without the need to introduce independent evidence of the admitted fact. *Hou. First Am. Savs. v. Musick*, 650 S.W.2d 764, 767 (Tex. 1983); *see also Ikossi-Anastasiou v. Bd. of Supervisors of La. State Univ.*, 579 F.3d 546, 550 (5th Cir. 2009) ("Factual assertions in the complaint are judicial admissions conclusively binding on the plaintiff.") (internal quotation marks and citation omitted). A judicial admission bars the admitting party from later disputing the fact. *See Holy Cross Church*, 44 S.W.3d at 568; *Wright v. Normandy Terrace Healthcare & Rehab. Ctr.*, No. SA-12-CA-0622, 2012 WL 2979040, at *2 (W.D. Tex. July 19, 2012).

That is exactly what Plaintiff is trying to do now, by bringing a "straight-up challenge to the competency of Defendants' amount-in-controversy proof." Mot. at 11. The proof is Plaintiff's own *expressly* pleaded allegation. Texas district courts consider allegations regarding the amount in controversy pleaded in the petition to be judicial admissions for purposes of subject matter jurisdiction. *See, e.g.*, *Blappert v. NIBCO, Inc.*, No. SA-22-CV-00487, 2022 WL 2706120, at *3 (W.D. Tex. July 11, 2022) ("[T]he Court regards the clear allegations in Plaintiffs' petition concerning the amount of total damages that they each seek in this action as judicial admissions.").

Plaintiff cannot contest its own allegation regarding the amount in controversy.  It has judicially admitted that over $5 million is at issue.  That judicial admission resolves the dispute.

In *Davis v. Meta Platforms, Inc.*, a similar case arising under Chapter 143A and alleging censorship by a large social media company, the district court found the plaintiff's "attempt to argue against the facts contained in his state court petition, which he signed under penalty of perjury, to be 'somewhat disingenuous if not totally spurious,'" and refused to allow the plaintiff to "recast those allegations as mere speculation in a transparent and disingenuous attempt to avoid this court's jurisdiction."  No. 4:22-CV-01001, 2023 WL 4670491, at *8 (E.D. Tex. July 20, 2023) (quoting *Foret v. S. Farm Bureau Life Ins. Co.*, 918 F.2d 534, 538 (5th Cir. 1990)).  The Court should do the same here and hold Plaintiff to its word.

### 2.    It Is Facially Apparent From The Petition That The Amount In Controversy Exceeds The Jurisdictional Threshold.

While Plaintiff's allegation that "the amount in controversy exceeds $5 million," Pet. ¶ 14, is a judicial admission for the reasons discussed above, this allegation also makes it facially apparent that the jurisdictional threshold of $75,000 has been met.  The Court need look no further. *See Escareno v. Stylecraft Home Collection Inc.*, 731 F. Supp. 3d 738, 751 (N.D. Tex. 2024) ("[P]ointing to a plaintiff's pleading" that an amount over $75,000 is at issue "is enough for a removing defendant to prove by a preponderance of the evidence that the amount-in-controversy requirement is met because it is facially apparent that the plaintiff seeks a sum or value that exceeds $75,000."); *Chapa v. Dolgencorp of Tex., Inc.*, No. 2:23-cv-00001, 2024 WL 1313258, at *3 (S.D. Tex. Mar. 25, 2024) (Plaintiff's initial demand for over $1 million in state court "alone is enough to create diversity jurisdiction.").

While the Texas Business Court and its $5 million jurisdictional threshold are new—that Court only began operating in September 2024—federal district courts in this Circuit are used to

addressing circumstances in which a plaintiff alleges a damages range that is over $75,000 in state

court, but then tries to disavow its own allegations in order to wriggle out of diversity jurisdiction.

Courts regularly reject such efforts by plaintiffs to have their jurisdictional cake and eat it too. *See,*

*e.g.*, *Torres v. Allstate Fire & Cas. Ins. Co.*, No. H-20-1720, 2020 WL 3077932, at *1 (S.D. Tex.

June 10, 2020) (an allegation of damages Rule 47(c), where all amounts in the range exceeded the

$75,000 jurisdictional threshold, "alone provided federal removal jurisdiction").[3]

    For example, in *Escareno*, the court held that a plaintiff alleging "monetary relief over

$1,000,000" under Texas Rule of Civil Procedure 47(c)(4) should be treated as alleging "a specific

amount of damages that is dispositive of the jurisdictional question under 28 U.S.C. § 1446(c)(2)."

731 F. Supp. 3d at 751. The Court further held that even if the amount pleaded ("over $1,000,000")

is not considered a specific amount of damages, "pointing to" that allegation "is enough for a

removing defendant to prove by a preponderance of the evidence that the amount-in-controversy

requirement is met" because the inclusion of such an allegation in the Petition makes it "facially

apparent" that the Plaintiff seeks more than $75,000. *Id.* That reasoning applies with full force

here, where Plaintiff used the exact language necessary ("exceeds $5 million") to invoke the Texas

Business Court's jurisdiction under Tex. Gov. Code § 25A.004(b)(3)(A). By alleging the amount

---

[3]*Accord Chapa*, 2024 WL 1313258, at *3; *Smith v. Reyes*, No. 3:22-cv-2816-D, 2023 WL
8261303, at *1 & n.1 (N.D. Tex. Nov. 29, 2023); *White v. Kroger Tex., LP*, No. 4:23-CV-00585-
P, 2023 WL 6390016, at *2 (N.D. Tex. Sep. 29, 2023); *McMinn v. Wal-Mart Stores Tex., LLC*,
No. 4:22-CV-00374, 2023 WL 3712697, at *1 (S.D. Tex. May 8, 2023); *Taylor v. Dollar Tree
Stores, Inc.*, No. 3:22-CV-0344-X, 2022 WL 17489184, at *1 (N.D. Tex. Dec. 6, 2022); *Mosely v.
Doe #1*, No. 3:21-cv-2919-B, 2022 WL 1102867, at *3 n.5 (N.D. Tex. Apr. 13, 2022); *Regal Ctr.
LLC v. Fid. Nat'l Title Ins. Co.*, No. 3:21-CV-2837-N, 2022 WL 22329274, at *1 n.1 (N.D. Tex.
Apr. 6, 2022); *Dyer v. Cap. One Nat'l Ass'n*, No. 4:20-CV-4230, 2021 WL 3813367, at *3 (S.D.
Tex. Aug. 23, 2021); *Caraway v. Mandella*, No. 3:21-cv-319-S, 2021 WL 3475564, at *2 (N.D.
Tex. Aug. 6, 2021); *Gonzales v. Walgreen Co.*, No. SA-16-CV-129-XR, 2016 WL 1266964, at *2
(W.D. Tex. Mar. 31, 2016); *Novo Point, LLC v. Katz*, No. 3:14-cv-1552-L, 2015 WL 1134733, at
*7 (N.D. Tex. Mar. 13, 2015).

in controversy "exceeds $5 million," Plaintiff effectively set a floor (but not a ceiling) on the total amount in controversy in this case. And since that floor is over the $75,000 jurisdictional threshold in 28 U.S.C. § 1332(a), this Court has diversity jurisdiction. *Escareno*, 731 F. Supp. 3d at 750 (collecting cases finding removal proper where plaintiff alleged amounts in controversy in the petition in the form of a range and "all amounts in the range[] exceed[ed] the jurisdictional threshold[.]"); *see also Torres v. Guardsmark, LLC*, No. 5:15-cv-184 RP, 2016 WL 11602002, at *4 (W.D. Tex. Aug. 3, 2016) ("[I]t makes no difference whether the Court views 'over $100,000 but not more than $500,000' as a specific or indeterminate sum. It is either a request for a specific amount of damages that exceeds $75,000 and which the Court presumes is controlling, or it is an indeterminate amount of damages from which it is facially apparent that Plaintiff seeks in excess of $75,000.").

It is true that Plaintiff seeks equitable relief and attorneys' fees rather than damages. But, critically, as in *Escareno* and similar cases cited above, Plaintiff put a dollar amount on the value of its requested relief. By doing so, Plaintiff admitted the value of that relief to Plaintiff. Even non-monetary relief can satisfy the jurisdictional threshold for removal when facially apparent from the plaintiff's petition. *See Davis*, 2023 WL 4670491, at *6 (finding the value of nonmonetary relief was facially apparent from the pleading and satisfied the amount in controversy requirement); *Puente de Reynosa, S.A. v. City of McAllen*, 357 F.2d 43, 47 (5th Cir. 1966).

Of course, Plaintiff could have alleged that it was seeking "only non-monetary relief" under Texas Rule of Civil Procedure 47(c)(5) and opted not to put a monetary value on the relief it seeks. But it did not choose that path for a reason: it wanted to establish subject matter jurisdiction in the Texas Business Court which required Plaintiff to affirmatively allege an amount in controversy in excess of $5 million. *See* Tex. Gov. Code § 25A.004(b)(3)(A). Plaintiff presumably made its

allegations in good faith, consistent with Texas Rule of Civil Procedure 13, that the value of the relief sought exceeded $5 million.[4]  In the absence of any evidence that this allegation was made in bad faith, this Court must take it at face value that the amount in controversy is "over $5 million." *See* Pet. ¶ 14; *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1410 (5th Cir. 1995) ("The face of the plaintiff's pleading will not control if made in bad faith.").  Defendants are not aware of any such evidence, and Plaintiff certainly hasn't admitted to making a bad faith allegation in violation of the Texas Rules of Civil Procedure, so there is no basis for the court to disregard that allegation. *See id.* at 1412 (holding that "the plaintiff's claim" in its pleading that the amount in controversy is less than $75,000 "remains presumptively correct unless the defendant can show by a preponderance of the evidence that the amount in controversy is greater than the jurisdictional amount").

The authority Plaintiff cites, *Murphy v. Inexco Oil Co.*, 611 F.2d 570, 573 (5th Cir. 1980), is consistent with this rule.  Plaintiff says that "formulaic incantations" do not show an amount in controversy.  Mot. at 14.  But the actual rule from *Murphy* is that a "mere recital cannot confer jurisdiction **if the contention is frivolous or patently without merit**."  *Murphy*, 611 F.2d at 573 (finding federal question jurisdiction existed where the plaintiff asserted an ERISA claim) (emphasis added).  To discredit Plaintiff's amount-in-controversy allegation, the Court would need to find that Plaintiff's amount-in-controversy allegation was made in bad faith, frivolous, or meritless, something Plaintiff has not indicated was true or asked the Court to do.  Since there is no basis for such a finding, Plaintiff's judicial admission that the amount in controversy "exceeds

---

[4]Like Rule 11 of the Federal Rules of Civil Procedure, Rule 13 of the Texas Rules of Civil Procedure provides that "[t]he signatures of attorneys or parties constitute a certificate by them that they have read the pleading, motion, or other paper; that to the best of their knowledge, information, and belief formed after reasonable inquiry the instrument is not groundless and brought in bad faith or groundless and brought for the purpose of harassment."

$5 million" stands.[5]  And that admission makes it facially apparent that the amount in controversy in this case exceeds the $75,000 threshold for diversity jurisdiction.

### 3. Defendants Do Not Solely Rely On Plaintiff's Civil Cover Sheet Election.

Bizarrely, Plaintiff spends much of its brief criticizing Defendants for allegedly removing based on a check box selected on the civil cover sheet.  Mot. at 4, 11-13.  This is a red herring.  To be crystal clear, Plaintiff makes this amount-in-controversy allegation in the Petition itself, not just on the civil cover sheet (though Plaintiff says it there, too).  Plaintiff's pleaded allegation is as follows:

> 14.    The Court's subject-matter jurisdiction over this action comes from Texas Government Code Section 25A.004(b)(3)(A) because (1) this is an action in which a claim under a "state … trade regulation law" is asserted against Chapter 25A "organization," and (2) this is an action in which the amount in controversy exceeds $5 million, excluding interest, statutory damages, exemplary damages, penalties, attorney's fees, and court costs, making the presence of a publicly-traded company irrelevant. *See* Tex. Gov't Code §§ 25A.001, .004(b)(3)(A), 004(c).

*See* Pet. ¶ 14 (emphasis added).  There is no hiding from this.

Contrary to Plaintiff's suggestion, Defendants did not base their removal solely on a case information sheet election, but instead based it on the substantive allegations of the Petition.  Indeed, the Notice of Removal quotes the language above.  *See* Notice ¶ 5 (quoting Pet. ¶ 14).  Plaintiff's authority, holding that the damages amount in a civil cover sheet was insufficient to establish the amount in controversy, therefore has no relevance whatsoever given Plaintiff's

---

[5]The level of bad faith the Court would be required to find here to justify remand is considerable, given that the bottom end of the amount-in-controversy range alleged in the Petition—$5 million— is **more than 65 times greater than the $75,000 jurisdictional threshold.**

unmistakable admission in the Petition itself.[6]  And *Llort*, which Plaintiff cites as applying this "consensus rule," actually supports Defendants' position because the court looked at the plaintiff's allegations in the pleading and determined the jurisdictional threshold was met.  *See Llort v. BMW of N. Am., LLC*, No. 1:20-CV-94-LY, 2020 WL 2928472, at *5 (W.D. Tex. June 2, 2020).  *Llort* thus supports this Court's jurisdiction.

> ### 4.  Even Apart From Plaintiff's Admission, Common Sense Dictates That More Than $75,000 Is In Controversy.

Although the Court can begin and end its analysis with Paragraph 14 of the Petition, the remaining allegations in the Petition confirm that the court has jurisdiction.  The Fifth Circuit follows a common sense approach to determine whether a plaintiff's claims exceed the amount in controversy requirement.  *See Robertson*, 814 F.3d at 240 (rejecting the argument that the removing party "cannot ask the court to make common-sense inferences about the amount put at stake by the injuries the plaintiffs claim").  The Court can use its common sense even where the Petition does not "specify an amount of damages" but seeks injunctive and declaratory relief, and attorneys' fees.  *Id.* (citing *De Aguilar v. Boeing Co.*, 11 F.3d 55, 57 (5th Cir. 1993)); Pet. ¶¶ 72, 78, 84, 89–92.  In actions for declaratory and injunctive relief, "the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect[.]"  *Martinez v. BAC Home Loans Servicing, LP*, 777 F. Supp. 2d 1039, 1044 (W.D. Tex. 2010); *St. Paul Reins. Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998).

---

[6]*See Morse v. Am. Sec. Ins. Co.*, No. CIV.A. H-10-4606, 2011 WL 332544, at *2 (S.D. Tex. Jan. 28, 2011); *see also Blackburn v. Lubbock FBI*, No. 5:23-CV-161-H-BQ, 2023 WL 6139457, at *3 (N.D. Tex. Aug. 23, 2023) (same); *M Felder Trucking LLC v. Pilot Travel Ctrs. LLC*, No. 4:22-CV-00181, 2022 WL 2820790, at *3 (S.D. Tex. June 17, 2022) (same); *Williams v. Google, LLC*, No. 4:20-CV-685-ALM-KPJ, 2021 WL 3612300, at *3 (E.D. Tex. July 16, 2021) (same); *Afzaal v. Upper Iowa Univ.*, No. 4:18-CV-00833-ALM-CAN, 2018 WL 7138388, at *3 (E.D. Tex. Dec. 21, 2018) (same); *Pesole v. Health Care Serv. Corp.*, 277 F. Supp. 3d 866, 872 (N.D. Tex. 2017) (same); *Good v. Kroger Tex., L.P.*, No. 4:13-cv-462-A, 2013 WL 3989097, at *2 (N.D. Tex. Aug. 5, 2013) (same).

Common sense dictates that more than $75,000 is at stake in this lawsuit. Beyond Plaintiff's admission that "the amount in controversy exceeds $5 million," Pet. ¶ 14, which represents an admission of the value to Plaintiff of the equitable and other relief sought, the other allegations in the Petition illustrate *why* Plaintiff thinks so much is on the line, even though it isn't asking for monetary damages. The crux of the Petition is the allegation that Defendants unlawfully "censored" Plaintiff's "pro-gun" content on YouTube by removing videos and blocking advertising, in violation of Chapter 143A. Plaintiff further alleges that the "joint economic and reputational harm" resulting from Defendants' allegedly unlawful policy enforcement "create[s] a compounding effect, threatening Defense Distributed's ability to fulfill its mission of advancing Second Amendment rights through technological and discursive innovation." *Id.* ¶ 67. Plaintiff claims it is irreparably harmed by being isolated from potential viewers, supporters, and customers. *Id.* ¶ 64. These are alleged injuries to Plaintiff's business interests, and the Fifth Circuit has long considered "diminish[ed] value" to a plaintiff's business and potential "sharp reduction" in revenues when determining whether the jurisdictional threshold is satisfied. *Puente de Reynosa, S.A.*, 357 F.2d at 47. Plaintiff also seeks attorneys' fees. Pet. ¶¶ 72, 74, 78, 80, 84, 86. Using common sense, tallying up the value of the right and Plaintiff's attorneys' fees, it is obvious more than $75,000 is at issue here.

And the Petition doesn't just focus on Plaintiff; it alleges "widespread censorship" affecting YouTube's millions of users. Pet. ¶¶ 11, 27. According to the Petition, "Defense Distributed's videos and ads" merely exemplify "YouTube and Google's broader campaign to suppress safe and law-abiding pro-Second Amendment speech." *Id.* ¶ 11. Thus, Plaintiff seeks "a judgment declaring the illegality of" and "enjoining" enforcement of YouTube's "Firearm" policy and Google's "Guns" policy more broadly. *Id.* ¶¶ 10–12. Surely, in combination with the relief

sought on its own behalf, this is worth more than $75,000, especially because "the test does not require exactness—it merely requires that the Court determine 'whether the amount in controversy was likely to exceed' the jurisdictional amount." *Davalos v. Allstate Fire & Cas. Ins. Co.*, 522 F. Supp. 3d 240, 247 (W.D. Tex. 2021) (quoting *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336 (5th Cir. 1995)).

The court's decision in *Davis v. Meta Platforms* is on all fours with the present case. In *Davis*, the plaintiff claimed he was shadowbanned by Meta, in violation of Chapter 143A, because he was a self-proclaimed "J6er" (meaning he was present at the January 6 insurrection). 2023 WL 4670491, at *3, n.6. In considering Plaintiff's remand motion, the court applied the common sense approach to claims presented on the face of the petition, and evaluated the "injunctive and declaratory relief sought by Davis—to prevent Meta from further censoring Davis and otherwise restricting his ability to attract clients to his [business]." *Id.* at *7. The court concluded that "the value of the object of the litigation and the extent of the injury that Davis seeks to prevent likely exceeds the amount-in-controversy threshold under any reasonable basis." *Id.* (citation modified). The court also considered the plaintiff's request for attorneys' fees, agreeing with defendant Meta that "it is highly likely that Davis will accrue substantial attorneys' fees in litigating this case." *Id.* at *9. Consequently, the court found defendant Meta had "carried its burden of establishing that the amount-in-controversy requirement is satisfied based on the allegations presented on the face of Davis's state court petition." *Id.*

The Court should find the same here. Plaintiff Defense Distributed alleges the same type of harm, the same type of lost business due to diminished YouTube audience, as well as attorneys' fees. In addition to alleging all the harms alleged in *Davis*, Plaintiff alleges *additional* harm in the form of blocked advertising. And while Davis was a lawyer representing himself in the litigation,

Plaintiff here has hired two law firms as outside counsel, and is likely to incur far greater attorneys' fees. *See* Pet. ¶¶ 74, 80, 86 91 (seeking statutory recovery of all attorneys' fees incurred through trial).

Indeed, the fees *alone* that Plaintiff seeks to recover will certainly exceed $75,000. *Procare Auto., LLC v. MidAmerican Energy Servs., LLC*, No. SA-21-CV-00896-XR, 2021 WL 5822832, at *3 (W.D. Tex. Dec. 7, 2021) (finding amount in controversy met in part due to potential attorneys' fees that could be accrued throughout the case). To the extent this case remains in the Western District of Texas, Defendants anticipate (among other things) moving to dismiss for lack of personal jurisdiction under Rule 12(b)(2), and moving to dismiss for failure to state a claim under Rule 12(b)(6) due to numerous pleading deficiencies. This will require extensive briefing, and it is possible Plaintiff may seek jurisdictional discovery. Should the case proceed past the pleadings, there may then be discovery, including interrogatories, requests for production, discovery motion practice, and depositions, before the parties engage in briefing over the constitutional question of whether Chapter 143A violates the First Amendment—a significant and complex issue that has already gone to the Fifth Circuit and the U.S. Supreme Court. *See Moody v. NetChoice, LLC*, 603 U.S. 707, 707 (2024). And Defendants anticipate having a number of other defenses to raise that will require briefing, discovery, and expert discovery. For example, Plaintiff apparently seeks a platform-wide injunction modifying Defendants' content moderation policies (*see* Pet. ¶¶ 72, 74, 78, 80, 84, 86), a request that would necessitate extensive briefing, fact witness, and expert testimony before it could even be considered. There is no realistic universe in which the attorneys' fees Plaintiff will incur to bring this case to trial and prevail will not exceed $75,000 even using conservative rate estimates. *See Dupre v. Slate Healthcare LLC*, No. 4:22-cv-

00264, 2025 WL 460533, at *2, *6 (S.D. Tex. Feb. 11, 2025) (holding that $400 was a reasonable hourly rate for attorneys in the Houston area).

The Court should follow *Davis* and find that common sense dictates that far more than $75,000 is at stake in Plaintiff's Petition.

## V.    CONCLUSION

For all these reasons, the Court should deny Plaintiff's Motion to Remand.  As Plaintiff substantially alleged (and therefore judicially admitted) in its own state court Petition, "the amount in controversy exceeds $5 million."  Established law, Plaintiff's allegations, and common sense command the same result:  this case belongs in federal court.

Dated: September 5, 2025                     Respectfully submitted,


                                            **SCOTT DOUGLASS & MCCONNICO LLP**

                                            Steven J. Wingard
                                            Texas Bar No. 00788694
                                            Robyn Hargrove
                                            Texas Bar No. 24031859
                                            Eli Barrish
                                            Texas Bar No. 24144433

                                            303 Colorado Street, Suite 2400
                                            Austin, TX 78701
                                            Telephone: (512) 495-6300
                                            Facsimile: (512) 474-0731
                                            swingard@scottdoug.com
                                            rhargrove@scottdoug.com
                                            ebarrish@scottdoug.com

**COOLEY LLP**

*/s/ Jonathan Patchen*
Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Anika Holland (*pro hac vice* pending)
Madeleine R. Ahlers (admitted *pro hac vice*)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
anika.holland@cooley.com
mahlers@cooley.com

*Attorneys for Defendants YouTube LLC, Google
LLC, and Alphabet, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served upon counsel via the CM/ECF electronic noticing system, email, certified mail, return receipt requested, or US mail, on this the 5th day of September, 2025.

Steve Wingard