In the United States District Court
for the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Defense Distributed, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:25-cv-01095-ADA-ML |
| | § | |
| YouTube LLC, | § | |
| Google LLC, | § | |
| Alphabet, Inc., | § | |
| Defendants. | § | |

**Plaintiff's Response to
Defendants' Motion to Change Venue**

**Table of Contents**

Summary of the Argument ........................................................................................... 3

Argument...................................................................................................................... 5

I.       The motion to transfer should be denied. ........................................................ 5

        A.       Defendants' forum-selection clauses are not enforceable. ................... 5

                 1.       Federal law uses Texas law to determine enforceability........................... 6

                 2.       Chapter 143A renders these clauses unenforceable.................................. 6

                 3.       Defendants' cases are inapposite. .............................................................. 9

                 4.       The 2023 amendment filled the gap..........................................................10

        B.       Public-interest factors overwhelmingly favor Texas. ...........................13

                 1.       The administrative difficulties flowing from court congestion.................14

                 2.       The local interest in having localized interests decided at home...............14

                 3.       The familiarity of the forum with the law that will govern the case. .........15

                 4.       The avoidance of unnecessary problems of conflict of laws. ....................16

II.      Alternative request for relief. .........................................................................17

Conclusion..................................................................................................................18

Certificate of Service .................................................................................................19

## Summary of the Argument

Defendants seek transfer to California based solely on forum-selection clauses in their Terms of Service. The motion fails because Texas Civil Practice and Remedies Code Chapter 143A renders these clauses unenforceable as a matter of law. Federal law decides enforceability by looking to the "strong public policy of the forum state." *Weber v. PACT XPP Techs.*, AG, 811 F.3d 758, 773 (5th Cir. 2016). The forum state is Texas and Chapter 143A is that strong public policy.

Chapter 143A codifies Texas public policy by supplying both (1) a mandatory Texas-venue provision, and (2) a waiver shield deeming any contrary contracts void and unenforceable. Section 143A.0035 provides that an action under Chapter 143A "shall be brought and maintained in a court in this state" "[n]otwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision," § 143A.0035; and Section 143A.003 provides that a "waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract." § 143A.003. Lest anyone doubt how "strong" this policy is, the Legislature expressly established that it "is a public-policy limitation on contractual and other waivers of the highest importance and interest to this state, and this state is exercising and enforcing this limitation to the full extent permitted by the United States Constitution and Texas Constitution." *Id.*

Chapter 143A therefore meets the federal doctrine's call for a "strong public policy of the forum state" rendering the invoked clauses unenforceable. Indeed, if these statutory provisions don't meet the test, none can; and if these don't meet the test, they are superfluous. Congress told federal courts to respect a forum state's strongest public policies, Texas has given just that here, and this Court should enforce it. HB20 cases belong in Texas courts—not Silicon Valley's.

Why don't the Defendants tout *Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023), and *Wise Guys I v. Meta Platforms, Inc.*, No. 3:23-CV-0217-X, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023), the only two cases from any court to have done a Section 1404 transfer inquiry as to the exact statute at hand? Because both of those decisions allowed for transfer of Chapter 143A suits *by expressly highlighting a statutory gap that has since been filled*. Both turned on the statute's lack of a Texas-venue mandate, which the Legislature supplied in 2023 by enacting Section 143A.0035. The missing link is no longer missing and they know it.

Even if Defendants could clear the enforceability hurdle, they would still lose at step (3) because this is the "rare" case where public-interest factors overwhelmingly disfavor transfer. The Western District of Texas resolves cases far faster than the Northern District of California—an especially weighty point where both sides want to vindicate free speech rights. Texas also has the strongest possible local interest: a Texas plaintiff invoking a Texas statute that applies only to Texas users, expression, and venues. Given that the Defendants refuse to let Texas state courts serve their role as the truly optimal venue, the proper federal alternative is this District, which already has singular familiarity with Chapter 143A through the ongoing *NetChoice v. Paxton* litigation. This Court is the federal epicenter for HB20 cases, and there may even come a point where consolidation or coordination with *NetChoice* ensures uniform rulings, if not at the district level perhaps on appeal. Splintering Chapter 143A cases into other circuits risks conflicting interpretations of the same statute. Keeping this case here both honors Texas's sovereign policy choice and promotes doctrinal consistency. Taken together, these factors present exactly the kind of special constellation *Atlantic Marine* reserved for denying transfer.

The motion should be denied.

**Argument**

### I.    The motion to transfer should be denied.

Defendants move to transfer venue under 28 U.S.C. § 1404(a) by invoking forum-selection clauses. Doc. 26 at 7. The motion makes only that one argument—that forum-selection clauses warrant transfer under the paradigm of *Atlantic Marine* (U.S. 2013)—and not any backup point about transfer being warranted for any other reason (e.g., a traditional balancing of all factors).

Well-known legal standards apply. Two decisions have applied them to transfer motions in the Chapter 143A context: *Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023), and *Wise Guys I v. Meta Platforms, Inc.*, No. 3:23-CV-0217-X, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023). The paradigm of *Davis* and *Wise Guys* should be used here.

When faced with a motion to transfer that invokes a forum-selection clause, the reviewing court must "(1) determine whether the parties' dispute is within the scope of the forum-selection clause and whether that clause is mandatory and valid, (2) determine whether the forum-selection clause is enforceable, and (3) determine whether 'extraordinary circumstances' weigh against transfer despite a valid, enforceable forum-selection clause." *Wise Guys*, 2023 WL 8434452, at *2; *accord Davis,* 2023 WL 4670491, at *9. This motion loses at both step (2) and step (3).

#### A.    Defendants' forum-selection clauses are not enforceable.

First, the motion fails because the public policy codified by Texas Civil Practice and Remedies Code Chapter 143A renders the invoked forum-selection clauses unenforceable. The enforceability test is a threshold requirement. *See Wise Guys*, 2023 WL 8434452, at *2; *Davis,* 2023 WL 4670491, at *9. If the invoked clause is not "enforceable," the motion fails regardless of whether or not a step (3) inquiry about extraordinary circumstances also defeats it. *See id.* Because this motion's clauses are unenforceable as a matter of law, the motion fails without more.

### 1.     Federal law uses Texas law to determine enforceability.

At bottom, Texas law determines the enforceability of this motion's forum-selection clauses because the dispositive question is one of forum state public policy. *See Wise Guys*, 2023 WL 8434452, at \*2; *Davis,* 2023 WL 4670491, at \*9. Though federal law governs the enforceability test overall, at issue here is a distinct and independently-operative facet of the test that federal law measures *by utilizing the law of the forum state*. *Id.* Specifically, federal law deems a forum-selection clause "unreasonable" and thus *not* enforceable if its enforcement would contravene a "strong public policy of the forum state." *Davis*, 2023 WL 4670491, at \*11; *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016); *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).

The motion only feigns disagreement. It insists that "courts must look to Section 1404(a) *rather than state law* in determining 'whether to give effect to the parties' forum-selection clause.'" Doc. 26 at 19 (emphasis added). But that just restates the point about federal law governing the *overall* enforceability test. The Defendants have no answer to *Wise Guys*, *Davis*, *Weber* (5th Cir. 2016) and *Haynsworth* (5th Cir. 1997), all of which know that federal law defines the particular "unreasonableness" trigger at issue in terms of a "strong public policy of the forum state."

Hence, it is Texas state law—not some freestanding federal gloss—that provides the rule of decision for the particular ground of unenforceability Defense Distributed invokes. That inquiry turns on whether enforcing this motion's clauses would contravene a strong public policy of Texas. Because Texas law shows that it clearly would do so, the motion fails without more.

### 2.     Chapter 143A renders these clauses unenforceable.

Texas Civil Practice and Remedies Code Chapter 143A supplies both the instant cause of action *and* a powerful set of ancillary rights, including both (1) a mandatory Texas-venue provision, and (2) a waiver shield deeming any contrary contracts unenforceable. These work hand in hand.

Section 143A.0035 provides that an action under Chapter 143A "shall be brought and maintained in a court in this state" "[n]otwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision," § 143A.0035; and Section 143A.003 provides that a "waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract." Together, these provisions codify the "strong public policy of the forum state" that enforcement of Defendants' clauses would contravene.

First, Chapter 143A supplies a core venue mandate in Section 143A.0035. It provides that any "action brought under this chapter against a social media platform shall be brought and maintained in a court in this state," and does so "[n]otwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision in a contract":

### § 143A.0035. Venue and Choice of Law

> Notwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision in a contract, an action brought under this chapter against a social media platform shall be brought and maintained in a court in this state, and the law of this state applies to the action.

Tex. Civ. Prac. & Rem. Code § 143A.0035.

Second, Chapter 143A supplies a maximal waiver shield in Section 143A.003. It provides that any "waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract," and does so "to the full extent permitted by the United States Constitution and Texas Constitution":

### § 143A.003. Waiver Prohibited

(a) A waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract.

(b) The waiver prohibition described by Subsection (a) is a public-policy limitation on contractual and other waivers of the highest importance and interest to this state, and this state is exercising and enforcing this limitation to the full extent permitted by the United States Constitution and Texas Constitution.

Tex. Civ. Prac. & Rem. Code § 143A.003.

Both provisions apply here. Because Defense Distributed brought this action in Texas under Chapter 143A, *see* Doc. 1-2 at 35-39, ¶¶ 70-87, it shall be "maintained in a court in this state" "[n]otwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision in a contract." *Id.* And because the motion's point about forum-selection clauses is one of "waiver," Doc. 26 at 21, the Texas statute deems it "void" and "unlawful" and "against public policy," such that the Court "may not enforce or give effect to the waiver." § 143A.003.

That straightforward reading is confirmed by context. Everyone knows that YouTube, Google, and the other "social media platforms" regulated by Chapter 143A operate only through mandatory clickwrap terms of service, each containing boilerplate forum-selection clauses. If Chapter 143A's venue mandate and waiver shield did not reach those very contracts, the statute would be a dead letter from day one—incapable of protecting any Texas user because every covered platform could immediately negate the statute by invoking its own pre-existing clause. By singling out "any contract" and "any forum selection … provision" in its text, and by announcing a public policy "of the highest importance and interest to this state," the Legislature necessarily meant to cover exactly this situation. Otherwise, Chapter 143A would be pointless and ineffective.

### 3.    Defendants' cases are inapposite.

The motion's best case is *Ameri-Fab, LLC v. Vanguard Energy Partners, LLC*, 646 F. Supp. 3d 795, 800 (W.D. Tex. 2022) (cited at 20-21). It is clearly inapposite for important reasons.

"Void" is not the same as "voidable." Not in general and especially not in Texas law. A void contract clause is treated as if it never existed; it is a legal nullity, unenforceable *ab initio* from the moment of its creation, no matter what the parties later say or do. *See, e.g.*, *ConocoPhillips Co. v. Hahn*, 704 S.W.3d 515, 526 n.15 (Tex. 2024); *Oncor Elec. Delivery Co. v. Wilbarger Cnty. Appraisal Dist.*, 691 S.W.3d 890, 907 (Tex. 2024).  By contrast, a voidable clause remains effective unless and until a party successfully invokes some defense to avoid it. *See, e.g., id.* This fundamental void/voidable distinction shows why the Defendants' best case is clearly off point.

"Void" is what Chapter 143A makes Defendants' forum selection clauses. It does not merely give users a defense they could elect to raise in certain circumstances. It categorically strips platforms of the ability to rely on such clauses at all, announcing in Section 143A.003 that any purported waiver of rights "is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver." The Legislature thus removed judicial discretion, declaring these clauses nullities as a matter of law no matter what the parties may say or do.

"Voidable" is all that the *Ameri-Fab* statute did to its subject clauses: "Pursuant to the Texas law upon which this argument relies, such clauses are deemed 'voidable' under certain circumstances…." *Ameri-Fab*, 646 F. Supp. 3d at 801. That kind of "voidable" designation leaves the clause enforceable unless and until a party takes affirmative steps to set it aside, which is precisely the framework *Atlantic Marine* contemplates. Chapter 143A is different: it declares such waivers "void" *ab initio*.  By invoking *Ameri-Fab*, the Defendants want this Court to treat as voidable what Texas law has already made an absolute nullity.

*Matthews v. Tidewater, Inc.*, 108 F.4th 361, 370 (5th Cir. 2024) (cited by the Motion at 20), is obviously inapposite too. There is no federal statute that contradicts Section 143A.003 by expressly supporting the enforceability of forum-selection clauses in the HB20 context. But in *Matthews* there was such a direct and specific conflict. The state policy at issue did not stand alone like Chapter 143A does. The state policy that *Matthews* tested "conflict[ed] with and frustrate[d]" a competing federal law governing the particular kind of contracts at issue. *Id.* at 370. As Congress never enacted a statute reversing Section 143A.003, Defendants get nothing from *Matthews*.

The statute is not merely "unfavorable" to waiving contracts, as in *Stewart Organization Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988) (cited by the motion at 19-20). Chapter 143A proudly voids them without qualification, touting that this scheme "is a public-policy limitation on contractual and other waivers of the highest importance and interest to this state, and this state is exercising and enforcing this limitation to the full extent permitted by the United States Constitution and Texas Constitution." § 143A.003. That kind of unabashed policy meets the test that others don't.

### 4.    The 2023 amendment filled the gap.

Why aren't Defendants touting *Wise Guys* and *Davis*? These two recent decisions are the only ones to have addressed the statute at issue (Chapter 143A) and both held that it does *not* evince the requisite "strong public policy of the forum state." *Wise Guys*, 2023 WL 8434452, at *2-3; *Davis,* 2023 WL 4670491, at *13-14. So why doesn't the motion say to follow *Wise Guys* and *Davis*?

The Defendants are hiding from *Wise Guys* and *Davis* because those holdings actually show why Defense Distributed should now prevail. *Wise Guys* and *Davis* allowed transfer away from Texas **because Chapter 143A did not at that time have all of its current protective provisions**. When *Wise Guys* and *Davis* were decided, the statute lacked the core venue mandate that is now provided

by Section 143A.0035. Both decisions expressly turned on this missing link, which the Legislature remedied in late 2023 by adding the core venue provision of Section 143A.0035.

*Davis* makes this critical point clear. *Davis,* 2023 WL 4670491, at *13-14.  It begins by setting up the analysis just as Defense Distributed does, using Texas state law to define the particular "unreasonableness" trigger at issue. It then holds that the case can leave Texas only because the version of Chapter 143A in effect at that time *lacked an express provision setting venue in Texas and had a weaker waiver protection. Davis* sees the statute's current version on the horizon but is constrained to apply the lesser old version. Its careful analysis goes to show that, under the strengthened current version of the statute, the platforms must lose:

> According to Davis, the plain language of § 143A.003 prohibits the enforcement of the Meta Forum-Selection Clause (Dkt. #25 at p. 3). In its current form, § 143A.003 states that:
>
>> A waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract.
>
> Tex. Civ. Prac. & Rem. Code Ann. § 143A.003(a). **As Meta points out, this language says nothing about forum-selection clauses.** To be sure, § 143A.003 expresses the Texas Legislature's desire to secure the substantive protections of Chapter 143A against choice-of-law agreements. But "even where Texas statutory provisions specify the application of Texas law, these provisions are irrelevant to the enforceability of a forum-selection clause where no statute 'requires suit to be brought or maintained in Texas.'" *In re AutoNation, Inc.*, 228 S.W.3d 663, 669 (Tex. 2007) (quoting *In re AIU Ins. Co.*, 148 S.W.3d 109, 114 (Tex. 2004)). Considering Texas's strong public policy in favor of the freedom of contract, the Supreme Court of Texas has set a high bar for rendering forum-selection clauses unenforceable: **"[A]bsent a statute requiring suit to be brought in Texas, the existence of statutory law in an area [does] not establish such Texas public policy as would negate a contractual forum-selection provision."** *In re Lyon Fin. Servs., Inc.*, 257 S.W.3d 228, 234 (Tex. 2008) (citing *In re AutoNation*, 228 S.W.3d at 669) (emphasis added). And, although there are no magic words that establish a state's strong public policy, "statutes found to evince a policy against forum-

11

selection clauses in certain contracts use the terms 'forum' and 'venue.' " *Al Copeland Inves., L.L.C. v. First Specialty Ins. Corp.*, 884 F.3d 540, 544 (5th Cir. 2018).

**Neither term can be found in the current iteration of Chapter 143A, and nothing in the statute expressly requires suit to be brought in Texas courts.** Not only does Chapter 143A contain no language requiring suit to be brought in Texas courts, but it expressly contemplates at least one type of forum-selection clause— § 143A.003(a) indicates that parties can resolve disputes through arbitration, and an arbitration agreement is nothing more than "another type of forum-selection clause." *In re AIU Ins. Co.*, 148. The Court therefore finds that nothing in Chapter 143A establishes a public policy against the enforcement of forum-selection clauses.

This finding is supported by the Texas Legislature's recent decision to add an entirely new section "relating to venue" to Chapter 143A. See Tex. S.B. 1602, 88th Leg., R.S. (2023). The Legislature specifically recognized that the current and effective version of Chapter 143A "[does] not specify a venue for these actions." Tex. S. Comm. on Jurisprudence, Bill Analysis, Tex. S.B. 1602, 88th Leg., R.S. (2023). And so, Senate Bill 1602, which will take effect as Texas Civil Practice and Remedies Code § 143A.0035 on September 1, 2023, requires any action under Chapter 143A to be "brought and maintained in a court in this state," notwithstanding any forum-selection clause. Act of May 29, 2023, 88th Leg., R.S., ch. 289, § 1, 2023 Tex. Sess. Law Serv. (to be codified at Tex. Civ. Prac. & Rem. Code Ann. § 143A.0035). Notably, however, this provision expressly applies "only to an action filed on or after" September 1, 2023, and is thus inapplicable here. *Id.* § 2.

The Texas Legislature's addition to Chapter 143A—and the legislative history accompanying the bill—only highlights the fact that the version of the statute under which Davis brings this case is silent on the issue of venue. *Cf. Emergency Health Ctr. at Willowbrook, L.L.C. v. UnitedHealthcare of Tex., Inc.*, 892 F. Supp. 2d 847, 855 (S.D. Tex. 2012) (noting that, under Texas law, "when the legislature enacts an amendment, [a court] may presume that it thereby intended to change the original act"). **Of course, the addition of § 143A.0035 reflects the Texas Legislature's desire to keep future cases brought under Chapter 143A in Texas courts. But, rather than making the amendment retroactive, the Legislature expressly limited § 143A.0035 "only to [cases] filed on or after" September 1, 2023. Thus, the Court concludes that Senate Bill 1602 does not override Texas's strong public policy in favor of forum-selection clauses here.**

In the end, the Court "look[s] to state statutes and judicial decisions to determine public policy." *Westchester Fire Ins. Co. v. Admiral Ins. Co.*, 152 S.W.3d 172, 182 (Tex. App.—Fort Worth 2004, pet. denied). As noted above, the relevant statute here is currently silent on the issue of venue. That is, there is no current

statute "requiring suit to be brought in Texas" under Chapter 143A. *In re Lyon Fin. Servs.*, 257 S.W.3d at 234. Accordingly, the Court concludes that Davis cannot point to any "Texas public policy as would negate a contractual forum-selection provision." *Id.*

*Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023).

The missing link is no longer missing. That is why the Defendants hide from *Davis* and *Wise Guys*. Now that Section 143A.0035 supplies a venue mandate in the strongest possible terms, it operates in conjunction with the waiver shield of Section 143A.003 to conclusively establish that enforcing this motion's clauses would contravene a "strong public policy of the forum state." *Davis*, 2023 WL 4670491, at *11; *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 773 (5th Cir. 2016); *Haynsworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).

For these reasons, the motion fails at step (2) because the forum-selection clauses are not enforceable. This standalone failure warrants denying the motion without more. *See Wise Guys*, 2023 WL 8434452, at *2; *accord Davis,* 2023 WL 4670491, at *9.

### B.    Public-interest factors overwhelmingly favor Texas.

Second and alternatively, even if the forum-selection clauses at issue are valid and enforceable, the motion fails at step (3). *Atlantic Marine* reserves a lane of relief for "unusual" cases where the public-interest factors "overwhelmingly disfavor" enforcing a forum-selection clause. *Atl. Marine*, 571 U.S. at 67. This is that case.

"The public interest factors bearing on transfer are: '(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws [or in] the application of foreign law.'" *Def. Distributed*

*v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022). Taken together, all four of the public factors present the "rare" constellation that defeats transfer notwithstanding a contrary forum-selection clause.

### 1.    The administrative difficulties flowing from court congestion.

The Western District of Texas is handling its cases substantially faster than the Northern District of California.[1] A civil action's median time "From Filing to Disposition" is ***7.6 months here versus 20.5 months there***; and a civil action's median time from "From Filing to Trial" is 33.4 months here versus 40.2 months there. *See* Ex. A (Administrative Office of the U.S. Courts, U.S. District Court — Judicial Caseload Profile (March 31, 2025)). These are not marginal differences; they represent years of potential delay.

This substantial disparity has special force where, as here, *both sides of the case* say that they are vindicating critical free speech rights. The Supreme Court has long held that "the loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury," *Elrod v. Burns*, 427 U.S. 347, 373 (1976), and the loss of freedoms that HB20 protects are likewise invaluable. If the Defendants really believe in their First Amendment defense, they should want to litigate it sooner here rather than much, much later there.

### 2.    The local interest in having localized interests decided at home.

This factor strongly favors Texas because of *Defense Distributed v. Bruck*, 30 F.4th 414, 435 (5th Cir. 2022), where the Fifth Circuit analyzed strikingly parallel facts—Defense Distributed being illegally censored in Texas by out-of-state wrongdoers—and rightly held that "Texas's 'local interest in having [the] localized interests' this case implicates 'decided at home' cannot be overstated." *Id.* If anything, this factor now weighs even more strongly in favor of Texas than in

---

[1] The analysis is properly done at a district-wide level. *See In re Planned Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 631 (5th Cir. 2022)

*Defense Distributed* because the instant cause of action in question is a creature of Texas statute (as opposed to the Section 1983 and First Amendment rights at issue before).

This is a Texas plaintiff invoking a Texas speech-protection statute to remedy censorship of Texas speech shared and received in Texas. Chapter 143A applies only to users who reside, do business, or share/receive expression "in this state," and it directs that such actions "shall be brought and maintained in a court in this state." § 143A.0035. Texas therefore has the strongest possible stake in adjudicating such HB20 actions. *See Defense Distributed v. Bruck*, 30 F.4th 414.

3.    <b>The familiarity of the forum with the law that will govern the case.</b>

Texas courts are best positioned to apply and interpret Chapter 143A. *See, e.g.*, *Scivation, Inc. v. Xtend5, LLC*, No. 1:20-CV-00986-RP, 2021 WL 2177254, at *2 (W.D. Tex. May 28, 2021) ("While both forums have familiarity with federal law, the Western District of Texas has more familiarity with Texas state law claims, and thus this factor weighs against transfer."), *report and recommendation adopted*, No. 1:20-CV-986-RP, 2021 WL 8083330 (W.D. Tex. June 29, 2021). Indeed, the Western District of Texas has already developed singular expertise with this statute because the first main constitutional challenge—*NetChoice, LLC v. Paxton*, No. 1:21-cv-00840-RP—has been and continues to be litigated in this very District. That case involves the same statutory regime, the same legislative findings, and the same speech/non-discrimination mandate at issue here. And the Fifth Circuit to receive this case has already spent considerable time analyzing the statute's text and structure and grappling with its constitutional footing.

The Western District of Texas' *NetChoice* experience is not just incidental—it makes this Court the national epicenter for HB20 litigation. So much so that, down the road, it may even become appropriate to consider whether this action should be coordinated with *NetChoice* for purposes of efficiency and consistency. Whether or not consolidation ever becomes necessary, the

15

mere viability of that option underscores an extraordinary reason to keep this case in Texas. Having already overseen the statute's seminal test case, the Western District of Texas is the natural and most efficient forum to resolve Chapter 143A's application to these facts.

### 4.    The avoidance of unnecessary problems of conflict of laws.

Because this case arises under a Texas statute that explicitly mandates Texas law, sending it to California would invite unnecessary questions of what law governs—the law of the forum or the law specified by the Texas Legislature. A California court would be forced to parse whether to apply Texas's substantive law or default to its own forum rules, whereas a Texas forum avoids any such dissonance because both the statute and the forum align.

Conflict-of-laws problems would be heightened by transfer because this Court already has before it *NetChoice, LLC v. Paxton*, No. 1:21-cv-00840-RP—a separate constitutional challenge to Chapter 143A. That case involves the same statute, the same legislative findings, and the same speech-non-discrimination mandate at issue here. If this case were shipped to California, two federal courts in different circuits would be construing the very same Texas statute at the same time. And the risk here goes beyond duplication. Two courts might issue divergent rulings about the constitutionality or scope of Chapter 143A—one in Texas, one in California—leaving both litigants and the public uncertain about what the statute actually means. That is the very essence of an unnecessary "conflict of laws." The prudent course is to keep all Chapter 143A litigation consolidated in the courts that already have expertise and active cases on the subject.

Taken together, these factors leave no doubt that this is the "rare" case *Atlantic Marine* envisioned where the public-interest analysis defeats transfer. The Western District of Texas is not just *a* convenient federal forum—it is *the* federal forum best positioned to adjudicate Chapter 143A, the statute Texas has declared to be "of the highest importance and interest to this state."

§ 143A.003(b). (Of course, the best forum of all is the Texas state court where Plaintiff filed suit and where the Texas Legislature intended these claims to be heard—but which Defendants refuse to accept.). To uproot this case and send it to California would squander this venue's developed expertise, slow the resolution of urgent claims, and risk divergent interpretations of the same Texas law. The motion should therefore be denied on step (3) grounds alone.

## II.     Alternative request for relief.

If for whatever reason the Court decides that this case should be transferred out of Texas, the Court should *not* give any transfer order *immediate* effect.  Instead, the Court should in the same document that orders the transfer stay the transfer decision for no less than 30 days to afford the Plaintiff an adequate opportunity to pursue appellate review in the United States Court of Appeals for the Fifth Circuit. With the stay, an immediate transfer might deprive Defense Distributed of its right to appellate review in the appropriate circuit.

**Conclusion**

The motion should be denied.

Respectfully submitted,

Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Colleen McKnight
Texas Bar No. 24078976
colleen.mcknight@mcknightlaw.us
McKnight Law PLLC
801 Travis Street Suite 2101
PMB 698
Houston, TX 77002
(713) 487-5645

Counsel for Plaintiff

**Certificate of Service**

A true and correct copy of this submission was served on the day of its filing via the Court's CM/ECF system on all counsel registered therewith and on those attorneys not registered for electronic filing (Elijah Barrish) via email.

Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640