**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>                   Plaintiff,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.,<br><br>                   Defendants. | Case No. 1:25-cv-1095-ADA-ML |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION TO TRANSFER TO
THE NORTHERN DISTRICT OF CALIFORNIA**

**I.      INTRODUCTION**

Plaintiff does not dispute the existence of multiple valid forum-selection clauses requiring litigation of this case in the Northern District of California. Instead, Plaintiff opposes transfer on the theory that Texas overrode federal law recognizing and enforcing forum-selection clauses by declaring that its anti-forum-selection-clause law embodies a strong public policy. That cannot be. If credited, Plaintiff's theory would allow states to "effectively override" the Supreme Court's forum selection decisions by "classifying" their anti-forum selection statutes as "manifesting a strong public policy." *Albemarle Corp. v. AstraZeneca UK Ltd.*, 628 F.3d 643, 652 (4th Cir. 2010) (rejecting a similar attempt). Federal law—not Texas law—is supreme. Federal law, not state law, governs the enforceability of forum-selection clauses. *Barnett v. DynCorp Int'l, L.L.C.*, 831 F.3d 296, 301 (5th Cir. 2016). And critically, the U.S. Supreme Court has considered and rejected the same argument Plaintiff now advances, holding that federal law preempts states' efforts to invalidate such clauses in the context of 28 U.S.C. § 1404(a) transfers. *Stewart Org. v. Ricoh*

*Corp.*, 487 U.S. 22, 30 (1988). Defendants respectfully request that the Court enforce the forum-selection clauses and transfer this case.

## II. ARGUMENT

### A. The Forum-Selection Clauses Should Be Enforced And This Case Should Be Transferred To The Northern District Of California.

#### 1. Federal Law Governs The Enforceability Of Forum-Selection Clauses In Diversity Cases.

Plaintiff stumbles at the starting gate by claiming Texas state law determines the enforceability of forum-selection clauses. *See* ECF No. 35 ("Opp.") at 6. Plaintiff is wrong. It is well-settled that in diversity cases, enforceability of forum-selection clauses is a matter of federal law, not Texas law. *Barnett*, 831 F.3d at 301 ("[I]n diversity cases, federal law governs the 'enforceability' of forum selection clauses."). Plaintiff's erroneous premise is no small matter. Rather, it pervades—and undermines—Plaintiff's entire Opposition.

#### 2. Transfer is Required Because Federal Law Preempts State Laws Purporting To Invalidate Forum-Selection Clauses In Diversity Cases.

Since federal law governs the transfer analysis under §1404(a) in diversity cases, state laws purporting to invalidate forum-selection clauses are irrelevant to the analysis this Court must conduct. And to the extent state laws purport to direct federal courts not to consider such clauses, they are preempted under a line of Supreme Court cases and cases in this district faithfully following those precedents. *See* ECF No. 26 ("Mot.") at 14–15 (collecting cases). Plaintiff tries to get around these cases by claiming enforcement of the forum-selection clauses would contravene a strong public policy of the forum. *See* Opp. at 6. But Plaintiff fails to grasp that when the state's policy interest amounts to hostility to agreements selecting another forum, that interest is preempted by federal law.

The seminal Supreme Court case on this issue is *Stewart*, which Plaintiff largely ignores. There, the Supreme Court held that the § 1404(a) analysis in a diversity case must consider a forum-selection clause regardless of whether state law declares such clauses invalid. *Stewart*, 487 U.S. at 30. Importantly, it did not matter that Alabama's policy categorically invalidated[1] all such clauses—§ 1404(a) preempted that policy because "the instructions of Congress are supreme." *Id.* Twenty-five years later, the Supreme Court reaffirmed the logic of *Stewart* in *Atlantic Marine*, and clarified just how much weight such clauses are to be given: "controlling weight in all but the most exceptional cases." *Atl. Marine Const. Co., Inc. v. U.S. Dist. Court for W. Dist. of Tex.*, 571 U.S. 49, 60 (2013) (quoting *Stewart*, 487 U.S. at 33) (Kennedy, J., concurring)).

Thus, two relevant principles emerge from *Stewart* and *Atlantic Marine*. Where a party moves to transfer in a diversity case pursuant to § 1404(a) based on a forum-selection clause: (1) a district court **must** consider the clause in its analysis regardless of state law or policy purporting to dictate otherwise; and (2) once the clause is under consideration, the court **must** give it controlling weight in all but the most exceptional cases.

Here, the application of these principles requires transfer notwithstanding Plaintiff's arguments about Chapter 143A. Plaintiff does not dispute entering into several agreements preselecting the Northern District of California as the required venue. Plaintiff also does not dispute the validity of these agreements or that they cover its claims. Plaintiff instead disputes their **enforceability**, pointing to § 143A.0035, which requires an action brought under Chapter 143A to be brought in Texas "notwithstanding any other law . . . or any . . . forum selection . . .

---

[1] Plaintiff's claim that the Alabama policy at issue in *Stewart* was merely "unfavorable" to forum selection clauses is incorrect. *See* Opp. at 10. As the Fifth Circuit has explained, Alabama's policy categorically rendered all such clauses "invalid." *Barnett*, 831 F.3d at 302-03 (quoting *Redwing Carriers, Inc. v. Foster*, 382 So.2d 554, 556 (Ala. 1980)).

provision in a contract," and § 143A.003, which renders "waivers" of the "protections" of Chapter 143A "void as unlawful against public policy."

According to Plaintiff, when taken in combination, these two provisions establish a strong public policy against forum-selection clauses that prohibits enforcement of the clause. Opp. at 7-8. But this is exactly the same theory considered and rejected in *Stewart*, where the party opposing transfer based on a forum-selection clause relied on a state public policy purporting to invalidate forum-selection clauses. *Stewart*, 487 U.S. at 24; *Barnett*, 831 F.3d at 302-03 (quoting the Alabama policy preempted in *Stewart*). The Supreme Court rejected that argument, holding that because "the instructions of Congress are supreme" over state law, the forum selection clause must be considered. *Stewart*, 487 U.S. at 30.

The same is true here. This is a diversity case. The question before the Court is whether transfer is required under § 1404(a). And the Texas state law provisions Plaintiff relies on cannot be used to preclude this Court from considering and enforcing the forum-selection clause. *CyrusOne LLC v. Hsieh*, No. 4:21-cv-263, 2021 WL 2936379, at *6 n.1 (E.D. Tex. July 13, 2021) (California statute voiding forum-selection clauses not relevant because federal law governs enforceability); *Ameri-Fab, LLC v. Vanguard Energy Partners, LLC*, 646 F. Supp. 3d 795, 804 (W.D. Tex. 2022) (Texas statute making forum-selection clauses voidable entitled to no weight because federal law governs enforceability). To the extent the Texas statutes purport to require the Court to void the clause or refuse to enforce it notwithstanding *Stewart* and *Atlantic Marine*, they are preempted. *Stewart*, 487 U.S. at 30; *Albemarle Corp.*, 628 F.3d at 652 ("[I]nsofar as the South Carolina statute would purport to impose South Carolina procedural rules on a federal court, it would be preempted by federal law."); *Postnet Int'l Franchise Corp. v. Wu*, 521 F. Supp. 3d 1087, 1094 (D. Colo. 2021) ("The plaintiff in *Stewart* argued that a state law voiding forum-

selection clauses controlled in federal court . . . [b]ut federal law preempts California law here just as it preempted Alabama law in *Stewart*.").

Thus, while it is true that a party may avoid enforcement of a forum-selection law if it violates some **other** strong public policy of the forum state (*see* Opp. at 6), the party resisting enforcement may not do so if the cited public policy is one of hostility to forum-selection clauses. Were it otherwise, states could "effectively override" the Supreme Court's forum selection decisions by "classifying" their anti-forum selection statutes as "manifesting a strong public policy." *Albemarle Corp.*, 628 F.3d at 652.[2] Federal law preempts that gambit. At bottom, Plaintiff's argument is just another attempt to do what the Supreme Court prohibited in *Stewart*: use a state law to dictate to a federal court sitting in diversity that it may not consider a forum-selection clause when considering a motion to transfer venue under 28 U.S.C. § 1404(a). The Court should reject this, follow *Stewart*, and transfer this case.

### 3. Plaintiff's Other Arguments And Cited Cases Do Not Change The Outcome.

Plaintiff's other arguments against transfer fail for similar reasons. To start, contrary to Plaintiff's argument, Opp. at 9, federal law reigns supreme regardless of whether the state public policy renders a forum-selection clause "void" rather than "voidable." Courts regularly uphold the supremacy of federal law honoring forum-selection clauses in the face of state law that would render them void. *See, e.g.*, *CyrusOne*, 2021 WL 2936379, at *6 n.1 (holding California statute purporting to "void" forum selection clauses was not relevant to § 1404(a) analysis because "the enforceability of a forum selection clause is governed by federal law."). Indeed, the Alabama policy in *Stewart* invalidated such clauses outright, so there is no daylight between the state policy

---

[2] This is not a unique conclusion; the same approach applies to arbitration provisions. *E.g.*, *Doctor's Assocs., Inc. v. Casarotto*, 517 U.S. 681, 687 (1996).

in *Stewart* and the Texas laws here. *Supra* at § II.A.2.[3]

Next, Plaintiff cites two distinguishable district court cases to argue transfer is precluded by the Legislature's amendment of Chapter 143A in 2023 to add the anti-forum-selection provision. Opp. at 10–13 (citing *Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491 (E.D. Tex. July 20, 2023) and *Wise Guys I v. Meta Platforms, Inc.*, No. 3:23-CV-0217-X, 2023 WL 8434452 (N.D. Tex. Dec. 4, 2023)). According to Plaintiff, since *Davis* and *Wise Guys* relied on the fact that this provision was not yet in effect to grant transfer, the fact that it is now in effect means transfer must be denied. Opp. at 13. But this is a logical fallacy. *Davis* and *Wise Guys* did not have to consider *Stewart* or the federal preemption issues discussed above because the relevant provisions had not been enacted. These cases simply are not relevant to the analysis, which is why Defendants did not discuss them in the opening brief.[4]

### 4. Section 143A.003 Does Not Apply At All Because The Forum-Selection Clauses In This Case Are Not "Waivers" of the Protections of Chapter 143A.

To the extent the Court is inclined to credit the argument that Section 143A.003 reflects a "strong public policy" that could justify refusal to enforce a forum-selection clause, that argument

---

[3] Numerous other federal courts have upheld forum selection clauses in the face of a state law purporting to render them "void." *Zeppelin Sys. USA, Inc. v. Pyrolyx USA Ind., LLC,* No. 19-cv-11222, 2020 WL 1082774, at *4 (S.D.N.Y. Mar. 5, 2020) (upholding forum-selection clause under federal law notwithstanding Indiana law that would void it); *Brand Energy Servs., LLC v. Enerfab Power & Indus., Inc.,* No. 3:15-01530, 2016 WL 10650607, at *3-4 (M.D. Tenn. Oct. 28, 2016) (upholding forum-selection clause under federal law despite Tennessee law purportedly voiding it).

[4] Plaintiff also claims Defendants "have no answer" to *Weber* and *Haynsworth*. But these cases actually support Defendants' arguments. Both found foreign forum-selection clauses mandatory and enforceable, and concluded that dismissal was appropriate. *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 776 (5th Cir. 2016) ("[T]he district court was well within the bounds of its considerable discretion in dismissing."); *Haynsworth v. The Corp.*, 121 F.3d 956, 958 (5th Cir. 1997) (concluding "that the parties are bound by the contracts they entered into"). Plaintiff relies on their generic language about strong public policy as a basis to avoid enforcement of a forum selection clause, but as discussed above, that policy cannot be mere hostility to forum selection clauses.

fails for an independent reason: § 143A.003 does not apply at all given the unique facts of this case. That section only applies to "waivers" of "protections" provided elsewhere in Chapter 143A. Tex. Civ. Prac. & Rem. Code Ann. § 143A.003(a). Plaintiff argues the forum selection clauses to which it agreed are "waivers" of § 143.0035, which requires civil actions to be "brought and maintained" in a court in Texas. Opp. at 8. But there is a fundamental problem with this theory: **the timeline doesn't work**. The "protection" Plaintiff claims was "waived" by the forum selection clauses—the state court venue provision at § 143A.0035—only became effective in September 2023, **after** Plaintiff agreed to the forum-selection clauses. *Compare* Act of May 29, 2023, 88th Leg., R.S., ch. 289, § 2, 2023 Tex. Sess. Law Serv. (providing that § 143A.0035 applies "only to an action filed on or after" September 1, 2023) with ECF No. 26-2, Declaration of Victoria McGinniss, ¶¶ 4-5 (establishing Plaintiff entered into Google's Advertising Program Terms containing forum-selection clause in November 2022, before Section 143.0035 took effect); ECF No. 26-1, Declaration of Nicole Korn, ¶¶ 3-6 (establishing that the YouTube Terms have had a Santa Clara forum-selection clause at all relevant times, that use of YouTube's services subjects users to the YouTube Terms, and that Plaintiff has continually used YouTube by uploading videos to its channel since 2012).

Under basic principles of Texas law, a contract entered into **before** § 143A.0035 became law cannot be a waiver of that not-yet-existing section's protections. Waiver is the "intentional relinquishment of a known right or intentional conduct inconsistent with claiming that right." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003) (quotation omitted). Here, the right in question (§ 143A.0035) did not even exist at the time the forum-selection clauses were agreed to, so the agreements by definition cannot be intentional *waivers* of that right. *See Ulico Cas. Co. v. Allied Pilots Ass'n*, 262 S.W.3d 773, 778 (Tex. 2008) (confirming that "an existing right" is an

element of a waiver). Put differently, at the time Plaintiff agreed to litigate in Santa Clara County, it had no existing "known right" to relinquish. *Mem'l Hermann Hosp. Sys. v. Hayden*, No. 01-13-00154-CV, 2014 WL 2767128, at *5 (Tex. App.—Houston [1st Dist.] June 17, 2014, pet. denied) ("[A] party cannot waive a right that does not exist at the time."). Thus, even if state law could apply here, Section 143A.003 does not because there was no "waiver."

Nor is there any basis for applying Chapter 143A retroactively to destroy pre-existing contracts. Under Texas law, courts "generally presume that statutes are prospective unless they are expressly made retroactive," *City of Austin v. Whittington*, 384 S.W.3d 766, 790 (Tex. 2012), and there is no such indicia here. Moreover, retroactive application of § 143A.003 (*i.e*, interpreting an already-existing contract as a waiver of a right that did not yet exist) would raise constitutional concerns, as that would invalidate agreements that predated § 143A.0035. Interpreting the statute to do that would implicate both the Contracts Clause of the U.S. Constitution and the Texas Constitution's prohibition on impairing contractual obligations. *Liberty Mut. Ins. Co. v. Tex. Dep't of Ins.*, 187 S.W.3d 808, 824 (Tex. App.—Austin 2006, pet. denied) ("Both the federal and Texas Constitutions provide protection from the impairment of contractual obligations.") (citing U.S. Const. Art. I, § 10, cl. 1; Tex. Const. Art. I, § 16).

The Court need not wade into these deep constitutional waters. Under basic principles of constitutional avoidance, it should simply avoid these issues by applying the normal presumption against retroactivity, in which case § 143A.003 does not apply to this case because the forum-selection clauses are not "waivers." *Quick v. City of Austin*, 7 S.W.3d 109, 115 (Tex. 1998) ("In analyzing the constitutionality of a statute, we should, if possible, interpret the statute in a manner that avoids constitutional infirmity.").

The end-result is the collapse of Plaintiff's "strong public policy" theory, which depends upon the applicability of § 143A.003. Since that section only applies in the event of a "waiver," and there was none here, that section does not apply even by its own terms. Without that hook, all that is left of Plaintiff's argument is a generic anti-forum selection clause provision (§ 143A.0035), which is plainly preempted by federal law.

### B. The Public Interest Factors Do Not Overwhelmingly Disfavor Transfer.

The Supreme Court has held that in cases like this one involving forum-selection clauses, a plaintiff may only avoid transfer by showing the "public-interest factors **overwhelmingly** disfavor a transfer." *Atl. Marine*, 571 U.S. at 67 (emphasis added). It is "rare" for a plaintiff to meet this burden because where a forum-selection agreement exists, all private interest factors "weigh entirely in favor of the preselected forum." *Id.* at 64. Plaintiff comes nowhere close to meeting this standard, instead pointing to a number of neutral public-interest factors.

**Local Interest.** Plaintiff insists there is a local interest in having its claims under Chapter 143A decided in Texas, but ignores three key facts that render this factor neutral. First, the relief Plaintiff seeks—an injunction restoring its content to a national platform—is not limited to Texas. It has national implications. Second, Plaintiff seeks injunctive relief against YouTube and Google, two companies headquartered in the Northern District of California. *See* ECF No. 1-2, Petition ¶¶ 30-31, 89. Because a "judicial district has a 'strong local interest' in cases involving a corporate party headquartered in that district," this factor is neutral when assessing identical claims against other social media platforms. *Davis*, 2023 WL 4670491, at *17. Third, as Plaintiff concedes, the core issue is whether this law violates the First Amendment of the U.S. Constitution. That is not a "localized interest." It is a national issue with national ramifications. *Id.* ("[I]n cases like this one, where a plaintiff accuses a defendant headquartered in another district of taking actions to

restrict the plaintiff's First Amendment rights, courts have found this factor to be neutral.").

**Familiarity Of Forum With The Law.**  Plaintiff argues that this district is more familiar with the law given the ongoing trade association challenge to Chapter 143A.  But "[t]his factor does not weigh in favor of transfer when both districts are 'equally capable of applying the relevant law.'"  *In re TikTok, Inc.*, 85 F.4th 352, 365 (5th Cir. 2023).  It is irrelevant that there is a similar case in this district or that Plaintiff has Texas law claims.  *Id.* at 366 ("[E]ven if Texas law unequivocally governed petitioners' state-law claims, that alone is not enough to hold that a Texas federal judge is better equipped to handle these claims.").  Courts assessing identical claims have concluded this factor is neutral.  *Davis*, 2023 WL 4670491, at *17.

**Potential Conflict Of Laws.**  Plaintiff also suggests transfer could result in a conflict of laws given the ongoing trade association challenge to Chapter 143A.  But the mere existence of parallel proceedings does not constitute a public interest basis to deny transfer.  The "conflict of laws" factor focuses on whether different laws might apply, not the potential for conflicting judicial outcomes arising from similar suits.  *See In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008).  Where the core issues are federal, *e.g.*, the First Amendment, courts find this factor neutral.  *Valtrus Innovations Ltd. v. Google LLC*, No. 3:22-CV-066-L-BW, 2025 WL 2076627, at *9 (N.D. Tex. July 22, 2025) ("The Court finds this factor neutral as federal patent law governs the dispute, and therefore raises no conflict-of-law issues.").

**Court Congestion.**  Plaintiff's statistics showing a difference in time-to-trial between the Western District of Texas and the Northern District of California "carry little weight" in the transfer analysis because docket speed comparisons are too speculative to overcome a valid forum-selection clause.  *See In re Clarke*, 94 F.4th 502, 510 (5th Cir. 2024).  Further, Plaintiff's "assertions that [its] case needs to be decided quickly should not affect the weight of this factor."

10

*In re Chamber of Com. of United States of Am.*, 105 F.4th 297, 310 (5th Cir. 2024).  And while Plaintiff invokes the mantle of the First Amendment, Plaintiff does not have a First Amendment claim.  Ultimately, Plaintiff's point comes down to an argument that it believes its case will be resolved faster if it stays in this district, but that is a **private** interest and not a public one.  Finally, this case is likely to be resolved on the merits through summary judgment briefing on the constitutional issues, so the statistics Plaintiff cites are largely irrelevant.

Plaintiff fails to show the public-interest factors "overwhelmingly disfavor" transfer.  *Atlantic Marine*, 571 U.S. at 67.  At most, Plaintiff identifies neutral considerations.  And even if the factors slightly disfavor transfer, that would not be enough to override the parties' agreement.  *Weber*, 811 F.3d at 776 (public interest factors will "outweigh a valid forum selection clause only in truly extraordinary cases.").

Respectfully submitted,

Dated: September 19, 2025                      **SCOTT DOUGLASS & MCCONNICO LLP**

*/s/ Steven J. Wingard*
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com


**COOLEY LLP**
Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Anika Holland (admitted *pro hac vice*)
Madeleine R. Ahlers (admitted *pro hac vice*)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
anika.holland@cooley.com
mahlers@cooley.com

*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served electronically on all counsel of record on this the 19th day of September, 2025.

                                        */s/ Steven J. Wingard*
                                        Steven J. Wingard