In the United States District Court
for the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Defense Distributed, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 1:25-cv-01095-ADA-ML |
| | § | |
| YouTube LLC, | § | |
| Google LLC, | § | |
| Alphabet, Inc., | § | |
| Defendants. | § | |

**Plaintiffs' Reply in Support of
Plaintiffs' Motion to Remand**

## Table of Contents

Table of Contents ............................................................................................................................. 2

Argument......................................................................................................................................... 3

    I.    Bare "amount in controversy" elections never show an amount in controversy. .............. 4

    II.    The attorney's fees argument uses the wrong time frame. ................................................ 7

    III.    Free speech about the Second Amendment cannot be priced............................................ 9

Conclusion.....................................................................................................................................10

Certificate of Service ....................................................................................................................11

**Argument**

This motion's fate turns on a technicality that the response never seriously grapples with. The response offers passion aplenty about appearances and optics. But because the question is one of subject-matter jurisdiction, strict adherence to the controlling technicality is all that matters.

Actual damages are legally impossible here. The only statute Defense Distributed invokes does not let Defense Distributed recover even a single dollar of its actual harm, let alone more than $75,000. A federal amount in controversy cannot come from that. That is a legal certainty.

Attorney's fees cannot supply the jurisdictional amount either. Fees are recoverable if Defense Distributed prevails, and indeed they will reach seven figures once all is said and done. But *only fees incurred as of removal* count toward the instant inquiry. Any fee projected beyond that moment does not enter the jurisdictional calculus. Defendants offer no proof whatsoever of fees at the time of removal, let alone proof of fees nearing $75,000. This too is a legal certainty.

Nor can injunctive relief provide the hook. The requested injunction is narrow, limited to Defense Distributed itself vis-a-vis expressly identified publications. Courts call such speech losses "irreparable" not because they are expensive but because they cannot be monetized. And under the plaintiff-viewpoint rule, any value to Defendants is irrelevant. Without competent evidence of a dollar figure here, it is a legal certainty that injunctive relief cannot carry the jurisdictional burden.

What the Defendants are left with, then, is nothing more than a bare amount-in-controversy assertion. For nearly a century, the Supreme Court has held just what Judge Rosenthal's leading local opinion reasons. Without facts in the record to back it up, a bare jurisdictional allegation is "destitute" of value. *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 181 (1936). Defendants here stand on nothing more. 28 U.S.C. § 1446 puts the burden of proof on the Defendants and their response supplies no legitimate proof whatsoever. Removal fails.

I.   **Bare "amount in controversy" elections never show an amount in controversy.**

Judge Rosenthal's decision in *Morse v. American Security Insurance Co.*, No. CIV.A. H-10-4606, 2011 WL 332544 (S.D. Tex. Jan. 28, 2011), should be this decision's lodestar. Its holding is clear: Bare "amount in controversy" elections are "simply too imprecise to make the requisite demonstration of the amount in controversy for purposes of diversity jurisdiction." *Id.* at *2.

Defendants never meaningfully challenge *Morse*. They quietly accept that Judge Rosenthal's decision gives the rule that rightly applies in every Texas federal court. What they attempt instead is to pretend that *Morse* has only half its reach—that it knocks out the civil cover sheet's bare election *but somehow spares the petition's version of those very same words*. But *Morse* makes no such distinction, expressly or otherwise. Under *Morse*, *any* instance of a bare "amount in controversy" election necessarily fails to evince a jurisdictional amount-in-controversy finding.

*Morse* is about the words' *precision*—not their *location*. It's about *what* the election says—not *where* it appears. The same phrasing is as "imprecise" here as it is there. Repeating an insufficient statement doesn't make it suffice. Admitting an incomplete phrase doesn't complete it. The "competence" failure *Morse* identifies applies to these words every time they are used.

This faithful application of federal proof requirements accords with Texas law. Conclusory statements are no evidence *no matter what*—regardless of who utters them or how. *See, e.g.*, *City of San Antonio v. Pollock*, 284 S.W.3d 809, 818 (Tex. 2009) ("a conclusory statement…cannot be considered probative evidence, regardless of whether there is no objection").

Hence, Defense Distributed's motion never hid from the Defendants' invocation of *two* essentially identical "amount in controversy" elections—one in the cover sheet and one from the petition. It showed—both in the summary of the argument, Doc. 25 at 4-5, and at length in the

argument, *id.* at 11-13—that *Morse* applies with full force to defeat *both* invoked instances of the bare "amount in controversy" election. Doc. 25 at 4-5. The response never grapples with this.

At issue is no rudimentary fact that can be admitted like whether a light was green vs. red. "Amount in controversy" is "a term of legal art" that is predominantly legal. *Hammond v. Stamps.com, Inc.*, 844 F.3d 909, 911 (10th Cir. 2016) (Gorsuch, J.). So Defendants gain nothing by claiming that Defense Distributed "admitted" the amount in controversy. Parties cannot admit legal conclusions, only facts. *E.g.*, *In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Calling bare statutory incantations an "admission" does not transform them into competent proof.

Indeed, the notion of an "amount in controversy" is not a universal pleading currency. Under Texas practice, it refers to a broad, categorical election that governs forum assignment. Under federal law, it requires concrete proof of what the plaintiff stands to recover. The former has no need to care about timing of recoverability, whereas the latter turns very carefully on what can be recovered *at the time of removal*. *See* infra Part II. Material differences abound. Because the concepts diverge in nature and consequence, a state-law allegation of amount in controversy cannot be automatically transplanted to the federal Section 1446 inquiry without appropriate hesitation.

The $5 million statement in this petition reflects a jurisdictional formality under Texas law, not a damages valuation. Business Court jurisdiction requires pleading that threshold, irrespective of whether the underlying statute provides damages. Read in context, the $5 million allegation appears in the petition's "Jurisdiction" section, not its "Prayer for Relief." That placement signals what it was: a jurisdictional formula required to invoke the Business Court's power. It was never meant as a factual quantification of actual damages or relief sought—because none is available under Chapter 143A.

5

*Blappert v. NIBCO, Inc.*, No. SA-22-CV-00487-XR, 2022 WL 2706120, at *2 (W.D. Tex. July 11, 2022) (cited by the response at 11-12), does not control because its pleading had more than a bare election. It had both the bare election *and* granular damage allegations giving the election's basis, seeking "actual damages" and "consequential damages" and "exemplary damages." *Id.* The instant pleading makes no such granular damage assertions because the statute permits none.

*Davis v. Meta Platforms, Inc.*, No. 4:22-CV-01001, 2023 WL 4670491, at *6 (E.D. Tex. July 20, 2023) (cited by the response at 12), does not control for the same reason. It too had both the bare election *and granular damage allegations*—specifically a claim for "hundreds of thousands of dollars in fines and penalties." *Id.* The instant pleading seeks no such penalties because the statute does not make them available.

Congress did not create two evidence codes—one for plaintiffs who prefer federal court and another for those who prefer state court. There is only one rule. It is the same in every removal case, and it is the rule of *Morse*: Bare allegations of the amount in controversy are not competent proof. The Fifth Circuit has long upheld this one and only rule of evidentiary competence, *'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), which is by no means new.

*McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178 (1936), held that a "general allegation" of the jurisdictional amount in controversy is "destitute" of value unless supported by facts in the record. *Id.* at 181. ("The question arises whether the matter in controversy exceeds the sum or value of $3,000, exclusive of interest and costs, so as to give the District Court jurisdiction…. The bill is thus destitute of any appropriate allegation as to jurisdictional amount save the general allegation that the matter in controversy exceeds $3,000."). Here we are, nearly

6

100 years later, with Defendants still resisting that rule. The answer remains: "In the absence of any showing in the record to support that general allegation"—that "general allegation" being a bare amount-in-controversy allegation—"the question is upon which party lay the burden of proof." *Id.* Since Defendants bear the burden of establishing jurisdiction here and have no other proof of it, remand is required. *See id.*; *Morse*, 2011 WL 332544, at *2.

Attorney's fees and injunctive relief are the response's other two supposed basis for the necessary amount in controversy. But because these were not raised in the notice of removal, they are not preserved and need not be addressed at all. *See* Wright & Miller § 3733. Alternatively, the Court could consider these newly-raised jurisdictional issues and reject them as equally unproven.

## II. The attorney's fees argument uses the wrong time frame.

A "common sense" value of sought attorney's fees is the next supposed way of proving the amount in controversy. Doc. 34 at 13-14. But where as here it is not "facially apparent" that the value suffices, the removing party has to supply "summary judgment-type" proof of it. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *accord Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortgage Inv. Tr. 20054 Mortgage Backed Notes*, 37 F.4th 1053, 1056 (5th Cir. 2022). Yet Defendants give no proof of the fees amount at issue. And more critically, their "common sense" guestimate uses a legally incorrect fee-projection formula.

It is true that Defense Distributed seeks statutory attorney's fees that the statute would award if Defense Distributed ultimately prevails. Doc. 1-2 at 27. And it is true as well that beating YouTube, Google, and Alphabet in this action will probably be an astounding seven-figure effort. Defendants themselves predict years of trench lawfare and even another Supreme Court round. Doc. 34 at 20–21. So attorney's fees are indeed the lion's share of this case's amount in

controversy. But even if the platforms are projected to pay Defense Distributed millions of dollars in fees at the end of this case, that fact does not aid the relevant jurisdictional inquiry.

Attorney's fees incurred *after removal* do not count. Courts analyzing jurisdiction upon removal use the rule that "post-filing attorney's fees cannot count toward the amount in controversy requirement because federal jurisdiction exists, if at all, at the time of filing." *Smith v. Am. Gen. Life & Acc. Ins. Co., Inc.*, 337 F.3d 888, 896 (7th Cir. 2003); *accord Hart v. Schering-Plough Corp.*, 253 F.3d 272, 273 (7th Cir. 2001) (Easterbrook, J.); *Gardynski-Leschuck v. Ford Motor Co.*, 142 F.3d 955, 958 (7th Cir. 1998) (Easterbrook, J.); *Shelly v. Target Corp.*, 446 F. Supp. 3d 1011, 1014 (S.D. Fla. 2019). In other words, "only those attorney's fees incurred *as of removal* are 'in controversy' within the meaning of 28 U.S.C. § 1332." *Shelly*, 446 F. Supp. 3d at 1014 (emphasis added). It must be so because the "amount *in controversy* is whatever is required to satisfy the plaintiff's demand, in full, on the date suit begins." *Hart*, 253 F.3d at 273 (emphasis in original). To look beyond that violates the "proposition that jurisdiction depends on events that exist on or before the date of filing." *Id.*; *accord St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253–54 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed; subsequent events cannot serve to deprive the court of jurisdiction once it has attached").

Defendants' estimate of Defense Distributed's *total* attorney's fee claim violates this rule. Instead of accounting only for fees incurred by the time of removal, when just the petition had been filed, Defendants look to *total attorney's fees* that Defense Distributed will earn *over the entire life of the litigation*, all the way to One First Street. Resp. at 20–21. So not only is their "common sense" point pure guesswork, it is guesswork aimed at the wrong question. By relying on conjecture *about the wrong measure*, Defendants have given nothing that can meet a jurisdictional proof burden.

8

**III.     Free speech about the Second Amendment cannot be priced.**

Defendants next pin jurisdiction on the supposed "common sense" value of injunctive relief. Doc. 34 at 17–20. But the law demands evidence, not guesswork. Their final "common sense" valuation fails three ways. It ignores the narrow scope of the relief actually pleaded. It tries to convert an incalculable right into a dollar figure. And it values the injunction from the wrong perspective. Each error leaves them again far short of carrying their burden.

Defense Distributed seeks relief for itself alone. The petition is explicit: "Defense Distributed is entitled to injunctive relief," and nothing more. Doc. 1-2 at 33, 35, 36. There is no request to represent others, no class allegations, and no plea for industry-wide reform. Defendants' claim that the suit seeks relief "more broadly" on behalf of anyone else (Doc. 34 at 33) is a fiction that finds no support in the pleadings.

The injunction's subject-matter scope is equally narrow. It targets only "publications on the YouTube and Google Ads platforms by and about Defense Distributed." Doc. 1-2 at 36. The petition nowhere asks for platform-wide relief. Defendants' attempt to inflate this into a sweeping injunction "more broadly" (Doc. 34 at 33) is again flatly contradicted by the pleading.

The right to speak about the Second Amendment cannot be priced. Courts call its loss "irreparable" not because it is worth billions, but because it defies valuation. An incalculable injury cannot be bootstrapped into a jurisdictional number, and an injunction to remedy it fares no better. This directly undercuts Defendants' claim that the importance of the rights at stake makes it "facially apparent" the amount in controversy exceeds $75,000. The very reason the right is deemed irreparable is because it cannot be reduced to dollars.

Even if pricing the value to Defense Distributed of this injunctive relief were possible, the response's ipse dixit does not do so. Such proof has to be based on "direct knowledge about the claims," *White v. FCI USA, Inc.*, 319 F.3d 672, 675 (5th Cir. 2003); *'Asociacion Nacional de Pescadores a Pequena Escala O Artesanales de Colombia (ANPAC) v. Dow Quimica de Colombia S.A.*, 988 F.2d 559, 566 (5th Cir. 1993), which neither the Defendants nor their lawyers have. They offer only speculation from the sidelines, not competent evidence grounded in the record. Jurisdictional burdens are not met by lawyer argument dressed up as "common sense."

That the sought injunction might have high monetary value *to the Defendants* is irrelevant. The Fifth Circuit follows the "plaintiff-viewpoint" rule, meaning that injunction valuations are to occur from Defense Distributed's perspective—not Defendants'. *See Webb v. Investacorp, Inc.*, 89 F.3d 252, 257 n.1 (5th Cir. 1996); *Ericsson GE Mobile Comms., Inc. v. Motorola Communications & Elecs., Inc.*, 120 F.3d 216, 219 (11th Cir. 1997) (collecting Fifth Circuit authorities). Jurisdiction cannot be bootstrapped by pointing to the other side's burden rather than plaintiff's entitlement.

## Conclusion

Congress has expressly mandated that removal jurisdiction is a matter of technical proof, not optics or speculation. Defendants have not met their burden of proof. That requires remand.

The motion should be granted. The Court should enter an order remanding this action to the Business Court of the State of Texas for resumption as case No. 25-BC03B-0009.

Respectfully submitted,

*[signature]*

Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Colleen McKnight
Texas Bar No. 24078976
colleen.mcknight@mcknightlaw.us
McKnight Law PLLC
801 Travis Street Suite 2101, PMB 698
Houston, TX 77002
(713) 487-5645

Counsel for Plaintiff

**Certificate of Service**

A true and correct copy of this submission was served on the day of its filing via the Court's CM/ECF system on all counsel registered therewith and on those attorneys not registered for electronic filing (Elijah Barrish) via email.

*[signature]*

Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640