UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| Defense Distributed,<br>    *Plaintiff,*<br><br>v.<br><br>YouTube LLC, Google LLC, and<br>Alphabet, Inc.,<br>    *Defendants.* | Case No. 1:25-cv-01095-ADA |

**ORDER**

Before the Court is Defendants' Motion to Transfer to the Northern District of California. Dkt. 26. After carefully considering the parties' arguments and the relevant law, the Court finds that Defendants' motion should be denied.

## I. Background

Plaintiff Defense Distributed is a Texas company that specializes in "small scale, digital, personal gunsmithing technology." Dkt. 1-2, at ¶ 22. As part of its business, Defense Distributed regularly publishes videos on YouTube and utilizes the Google Ads platform. *Id.* Defense Distributed claims that its YouTube publications and Google Ads campaigns "espouse viewpoints that favor continuation of the American constitutional right to keep and bear arms in theory and practice." *Id.* at ¶ 23.

In June of this year, Defense Distributed filed this suit against YouTube LLC, Google LLC, and Alphabet, Inc., in the Third Division of the Texas Business Court. *Id.* at 1. Defense Distributed alleges that Defendants have repeatedly censored its "pro-gun" videos and advertisements in violation of Texas Civil Practice and

1

Remedies Code Chapter 143A, which prohibits social media companies from censoring a user based on viewpoint. *Id.* at ¶¶ 10, 12.[1] Plaintiff seeks a judgment declaring the illegality of Defendants' viewpoint discrimination and enjoining Defendants from any further illegal censorship. *Id.* at ¶ 12.

After Defense Distributed filed suit, Defendants removed this case to federal court and moved to transfer it to the Northern District of California. Dkt. 1; Dkt. 26.[2] Defendants argue that Defense Distributed agreed to multiple forum-selection clauses that require all claims "arising out of or relating to" the YouTube and Google Ads platforms to be "litigated exclusively in the federal or state courts of Santa Clara County, California." Dkt. 26, at 1–2. Defendants ask the Court to enforce the forum-selection clauses and transfer this case pursuant to 28 U.S.C. § 1404(a). *Id.* at 1.

## II.    Legal Standard

Under § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought" if it is "[f]or the convenience of parties and witnesses" and "in the interest of justice." 28 U.S.C. § 1404(a). When a party moves to transfer a case under this provision, the Court typically weighs several private and public interest factors "to determine whether the destination venue is 'clearly more convenient than the venue chosen by the plaintiff.'" *See In re Planned*

---

[1] The constitutionality of Chapter 143A is currently under review in *NetChoice, LLC v. Paxton*, No. 1:21-cv-00840-RP (W.D. Tex.).

[2] The day before Defendants moved to transfer, Defense Distributed moved to remand this case to state court. Dkt. 25. The Court exercises its discretion to resolve the motion to transfer before the motion to remand. *See KeyCity Cap., LLC v. Davenport Invs.*, LLC, No. 3:21-CV-2046-D, 2022 WL 581146, at *2 (N.D. Tex. Feb. 25, 2022) (noting that courts may address a motion to transfer before addressing subject matter jurisdiction).

*Parenthood Fed'n of Am., Inc.*, 52 F.4th 625, 630 (5th Cir. 2022) (quoting *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 315 (5th Cir. 2008)).

"The calculus changes, however, when the parties' contract contains a valid forum-selection clause." *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Tex.*, 571 U.S. 49, 63 (2013). When a forum-selection clause is present, the Court first determines whether the clause is mandatory and enforceable. *See, e.g.*, *Weber v. PACT XPP Techs., AG*, 811 F.3d 758, 768 & 773 (5th Cir. 2016). If the clause is mandatory and enforceable, the Court then considers whether transfer is warranted under § 1404(a). *Id.* at 775–76. However, the Court adjusts its usual § 1404(a) analysis in three ways. *Atl. Marine*, 571 U.S. at 63.

First, the Court gives no weight to the plaintiff's choice of forum and places the burden on the plaintiff to establish that transfer is unwarranted. *Id.* Second, the court weighs the private-interest factors in favor of the preselected forum and considers arguments about the public-interest factors only. *Id.* at 64. Third, a transfer of venue will not carry with it the original venue's choice-of-law rules, which may affect public-interest considerations. *Id.* The practical result of this modified analysis is that forum-selection clauses should be given "controlling weight in all but the most exceptional cases." *Id.* at 63 (quotation marks and citation omitted).

### III.   Analysis

Defendants argue that the Court should transfer this case pursuant to the forum-selection clauses Defense Distributed agreed to. Dkt. 26, at 7. Defense Distributed does not dispute that its claims fall within the scope of the forum-

selection clauses or that the clauses are mandatory. *See* Dkt. 35, at 5. Instead, Defense Distributed argues that the forum-selection clauses are unenforceable and, alternatively, that the public-interest factors overwhelmingly disfavor transfer. *Id.* at 5, 13.

The Court begins with the enforceability of the forum-selection clauses. "Federal law applies to determine the enforceability of forum selection clauses in diversity cases." *PCL Civ. Constructors, Inc. v. Arch Ins. Co.*, 979 F.3d 1070, 1074 (5th Cir. 2020). Under federal law, there is a "strong presumption" in favor of enforcing mandatory forum-selection clauses. *Weber*, 811 F.3d at 773. But the presumption may be overcome "by a clear showing that the clause is 'unreasonable' under the circumstances." *Id.* (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 962–63 (5th Cir. 1997)).

There are several ways in which a forum-selection clause may be unreasonable. *Haynsworth*, 121 F.3d at 963 (listing four situations in which "[u]nreasonableness potentially exists"). Relevant to this dispute, a forum-selection cause is potentially unreasonable if enforcing the clause "would contravene a strong public policy of the forum state." *Id.* The party resisting enforcement on this ground bears a "heavy burden of proof." *PCL*, 979 F.3d at 1074 (quoting *Ginter ex rel. Ballard v. Belcher, Prendergast & Laporte*, 536 F.3d 439, 441 (5th Cir. 2008)).

Defense Distributed argues that enforcing the forum-selection clauses would contravene a strong public policy of Texas. Dkt. 35, at 5-8. Specifically, Defense Distributed argues that enforcement would contravene Chapter 143A's venue and

4

waiver provisions. *Id.* Chapter 143A's venue provision states that actions brought against social media platforms under this chapter shall be maintained in Texas notwithstanding any forum-selection clause in a contract:

### § 143A.0035. Venue and Choice of Law

> Notwithstanding any other law, any contract, or any venue, forum selection, or choice-of-law provision in a contract, an action brought under this chapter against a social media platform shall be brought and maintained in a court in this state, and the law of this state applies to the action.

Tex. Civ. Prac. & Rem. Code § 143A.0035. Chapter 143A's waiver provision voids waivers of the protections provided by the chapter as unlawful and against public policy and instructs courts not to enforce them:

### § 143A.003. Waiver Prohibited

> (a) A waiver or purported waiver of the protections provided by this chapter is void as unlawful and against public policy, and a court or arbitrator may not enforce or give effect to the waiver, including in an action brought under Section 143A.007, notwithstanding any contract or choice-of-law provision in a contract.
>
> (b) The waiver prohibition described by Subsection (a) is a public-policy limitation on contractual and other waivers of the highest importance and interest to this state, and this state is exercising and enforcing this limitation to the full extent permitted by the United States Constitution and Texas Constitution.

*Id.* § 143A.003. Defense Distributed argues that these provisions, taken together, codify the strong public policy of the forum state that enforcement of Defendants' clauses would contravene. Dkt. 35, at 7.

The Court agrees. If the Court transferred this case to California pursuant to the forum-selection clauses, it would contravene Texas's policy that actions under

Chapter 143A are to be "maintained" in this state notwithstanding any "forum selection" provision in a contract. Tex. Civ. Prac. & Rem. Code § 143A.003. It would also contravene Texas's policy that waivers of Chapter 143A's protections—including the protection provided by the venue provision—are void and unenforceable. *Id.* § 143A.003.

These public policies are undoubtedly strong. Texas made clear that it wants Chapter 143A actions litigated within its borders and that it does not tolerate contracts that waive the chapter's protections. *See id.* §§ 143A.003, 0035. Texas felt so strongly that it declared the waiver prohibition is "of the highest importance and interest to this state." *Id.* § 143A.003. Because enforcing the forum-selection clauses would contravene a strong public policy of the forum state, the Court finds that the clauses are unreasonable and will not enforce them. *See Haynsworth*, 121 F.3d at 963 (holding that forum-selection clauses may be unreasonable if enforcing them "would contravene a strong public policy of the forum state").

Defendants urge this Court to go the other way, but their arguments are not convincing. Defendants argue that since federal law governs the transfer analysis under § 1404(a) in diversity cases, state laws purporting to invalidate forum-selection clauses are irrelevant. Dkt. 40, at 2. Defendants are correct that federal law governs the analysis, but that does not render state laws purporting to invalidate forum-selection clauses irrelevant. Such laws are relevant to the threshold enforceability determination, which can hinge on whether enforcing the forum-selection clause

6

"would contravene a strong public policy of the forum state." *Weber*, 811 F.3d 773 (quotation marks and citation omitted).[3]

Defendants next argue that to the extent state laws purport to direct federal courts not to consider forum-selection clauses, they are preempted under a line of Supreme Court authority. Dkt. 40, at 2. But for this argument to matter, the Court would have to be applying state law in deciding whether to transfer this case. That's not what the Court is doing. The Court is applying federal law to answer the threshold enforceability question. *PCL*, 979 F.3d at 1074. And federal law allows the Court to consider whether enforcement would contravene state public policy. *Weber*, 811 F.3d 773.

Finally, Defendants rely heavily on *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22 (1988). *Stewart* held that a district court cannot apply state law alone when determining whether to transfer a case to a venue provided in a forum-selection clause; instead, the district court must apply federal law, specifically 28 U.S.C. § 1404(a), in resolving this issue. *Id.* at 30–32. Here, the Court is not applying state law in determining whether to transfer this case; it is following the Fifth Circuit's lead (in cases that post-date *Stewart*) by determining whether the forum-selection clauses are unenforceable as a threshold matter, which involves considering whether

---

[3] Defendants themselves cite a case in which the Fifth Circuit considered state public policy when deciding whether to enforce a forum-selection clause. Dkt. 26, at 13 (citing *Matthews v. Tidewater, Inc.*, 108 F.4th 361 (5th Cir. 2024)). Although *Matthews* held that the state's public policy did not outweigh the presumption of enforcement, its holding was limited to the facts presented and based on federal public policy considerations in the maritime context. *Matthews*, 108 F.4th at 370 (holding that the state's public policy "particular application in this case does not overcome the federal public policy's presumption of a maritime forum-selection clause's validity").

the clauses contravene a strong public policy of the forum state. *See Weber,* 811 F.3d at 773.[4] *Stewart* therefore does not save Defendants' motion.

The Court finds that Defense Distributed has overcome the strong presumption in favor of enforcing the forum-selection clauses by clearly showing that the clauses at issue here are unreasonable given that enforcing them would contravene the strong public policy of Texas codified in Chapter 143A. Because the forum-selection clauses are unenforceable, the Court **ORDERS** that Defendants' motion to transfer to the Northern District of California, Dkt. 26, is **DENIED**.[5]

**SIGNED** on November 13, 2025.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE

---

[4] Defendants also argue that Chapter 143A.003 does not apply at all because the forum-selection clauses in this case are not "waivers" of the protections provide by Chapter 143A. Dkt. 26, at 6–9. Defendants did not raise this argument until their reply brief, so the Court declines to consider it. *See Ga. Firefighters' Pension Fund v. Anadarko Petrol. Corp.*, 99 F.4th 770, 774 (5th Cir. 2024) (holding that "when a party raises new arguments or evidence for the first time in a reply, the district court must either give the other party an opportunity to respond or decline to rely on the new arguments and evidence").

[5] The Court need not reach Defense Distributed's second argument regarding the public-interest factors. *See Weber,* 811 F.3d at 767, 773–75 (treating enforceability as a threshold question). Nor does the Court need to conduct a traditional § 1404(a) analysis because Defendants' motion relies solely on the forum-selection clauses. *See* Dkt. 26.