# EXHIBIT B

**Zughayer, Tammy**

| | |
|---|---|
| **From:** | Chad Flores <cf@chadflores.law> |
| **Sent:** | Tuesday, November 18, 2025 10:16 PM |
| **To:** | Rome, Michael |
| **Cc:** | Patchen, Jonathan; Colleen McKnight; Ahlers, Maddie R; Hur, Ben; Steve Wingard; Robyn Hargrove; Eli Barrish |
| **Subject:** | Re: Activity in Case 1:25-cv-01095-ADA Defense Distributed v. YouTube LLC et al Motion Hearing |

**CAUTION: This Message Is From an External Sender**
This message came from outside your organization.

Michael,

Thanks for staying in touch. Here's Plaintiff's position about the inquiries you posed. If followup would be useful, I'm happy to field more emails or chat via phone - whatever is easier.

1. Did Plaintiff at the hearing "[a]gree[] it will not seek monetary recovery of an amount over $74,999 in this case, including any attorneys' fees, costs, penalties, fees, and interest, that could be recoverable under HB 20?" Yes, Plaintiff at the hearing agreed to that.

2. Did Plaintiff "[a]gree[] that it would not seek any non-monetary relief, including equitable or declaratory relief?" No, Plaintiff at the hearing didn't agree to that.

Also in case it matters to your plans: Plaintiff's position is that the Court requested and gave the parties leave to submit additional briefs only about the jurisdictional impact of the Defendants' defenses and/or counterclaims (if any). In other words, Plaintiff's position is that the Court has *not* requested or granted anyone leave to submit additional briefing on issues about the jurisdictional impact of Plaintiff's side of the case. *See Hearing Transcript* at 26:14-27:17, 28:11-29:9. So in order to file a brief on the former Defendant-side issues, nothing else need be done. But for anyone to submit more briefing on the latter Plaintiff-side issues, leave would need to be sought and obtained. See Local Rule CV-7(e) ("Absent leave of court, no further submissions on the motion are allowed.").

p.s. - We'll just let the transcript-correction issues go as not worth the hassle. But in case it matters later, the court reporter indicated that she will correct anything with mutual consent.

_____
Chad Flores
cf@chadflores.law
(512) 589-7620


On Thu, Nov 13, 2025 at 6:09 PM Rome, Michael <mrome@cooley.com> wrote:

> Hi Chad,

1

In light of last week's hearing and the upcoming supplemental briefing, we wanted to confirm the scope of what Plaintiff indicated it would agree to at the hearing. Can you please let us know whether Plaintiff:

- Agreed it will not seek monetary recovery of an amount over $74,999 in this case, including any attorneys' fees, costs, penalties, fees, and interest, that could be recoverable under HB 20? The Court appeared to understand your oral statement to be an agreement to limit Plaintiff's entire and complete monetary recovery for the entire case to $74,999, including all attorneys' fees and costs, so we just wanted to confirm if that is correct and that you have the same understanding.

- Agreed that it would not seek any non-monetary relief, including equitable or declaratory relief? We specifically flagged this issue to the Court and do not see in the transcript Plaintiff's position on this question.

We want to make sure the Court and the parties have a clear understanding of what Plaintiffs agreed to so that the supplemental briefing can be focused and helpful to the Court.

Thanks,

Michael

---

**From:** Patchen, Jonathan <jpatchen@cooley.com>
**Sent:** Monday, November 10, 2025 10:32 AM
**To:** Chad Flores <cf@chadflores.law>
**Cc:** Colleen McKnight <colleen.mcknight@mcknightlaw.us>; Rome, Michael <mrome@cooley.com>; Ahlers, Maddie R <MAhlers@cooley.com>; Song, Sharon <ssong@cooley.com>; Steve Wingard <swingard@scottdoug.com>; Robyn Hargrove <rhargrove@scottdoug.com>; Eli Barrish <ebarrish@scottdoug.com>
**Subject:** RE: Activity in Case 1:25-cv-01095-ADA Defense Distributed v. YouTube LLC et al Motion Hearing

Chad,

We've never seen a party seek to correct an in-court transcript. If you've some authority as to the propriety of correcting the Court's transcript, please send it along for us to consider as to your request generally. As to the specific items you seek correction, we note that there are at least two specific problems with your second

2

request ("accept" to "except"): (1) Unlike the first request, those were the words spoken by the Court (not by you) and so it is improper to change those absent the Court's approval and (2) from context, the word "accept" is clearly the correct word.  There was no error there.

Thanks,

Jonathan

**From:** Chad Flores <cf@chadflores.law>
**Sent:** Monday, November 10, 2025 6:43 AM
**To:** Rome, Michael <mrome@cooley.com>; Ahlers, Maddie R <MAhlers@cooley.com>; Patchen, Jonathan <jpatchen@cooley.com>; Song, Sharon <ssong@cooley.com>; Steve Wingard <swingard@scottdoug.com>; Robyn Hargrove <rhargrove@scottdoug.com>; Eli Barrish <ebarrish@scottdoug.com>
**Cc:** Colleen McKnight <colleen.mcknight@mcknightlaw.us>
**Subject:** Fwd: Activity in Case 1:25-cv-01095-ADA Defense Distributed v. YouTube LLC et al Motion Hearing

Counsel,

I'd like to request these little transcript edits for the last hearing.  Can I tell the court reporter that they're agreed to by both sides?

On page 20 where it says "typical" it should say "technical"

```
10:42   21              The motion to remand is a question of how
10:42   22    to perform the calculation of the amount in
10:42   23    controversy.  The rules that apply are necessarily
10:42   24    typical.
10:42   25              THE COURT:  So let me -- I'm sorry to
```

3

On page 22 where it says "anyone ==accept== that offer" it may need to say "anyone ==except== that offer"

```
10:43   3              THE COURT:  You just got him to cap his
10:43   4   damages.  Why don't you call your client and have them
10:43   5   like, you know, praise, you know, take you out to a big
10:44   6   dinner?  I've never had anyone accept that offer.  I
10:44   7   mean, you know, he's put on the record the damages
10:44   8   they're seeking will not -- and that I'm assuming
10:44   9   includes attorneys' fees and everything -- it's not
```

_____
Chad Flores
cf@chadflores.law
(512) 589-7620



---------- Forwarded message ---------
From: <TXW_USDC_Notice@txwd.uscourts.gov>
Date: Fri, Nov 7, 2025 at 1:47 PM
Subject: Activity in Case 1:25-cv-01095-ADA Defense Distributed v. YouTube LLC et al Motion Hearing
To: <cmecf_notices@txwd.uscourts.gov>


**This is an automatic e-mail message generated by the CM/ECF system. Please DO NOT RESPOND to this e-mail because the mail box is unattended.**
**\*\*\*NOTE TO PUBLIC ACCESS USERS\*\*\* Judicial Conference of the United States policy permits attorneys of record and parties in a case (including pro se litigants) to receive one free electronic copy of all documents filed electronically, if receipt is required by law or directed by the filer. PACER access fees apply to all other users. To avoid later charges, download a copy of each document during this first viewing. However, if the referenced document is a transcript, the free copy and 30 page limit do not apply.**

**U.S. District Court [LIVE]**

**Western District of Texas**

**Notice of Electronic Filing**

The following transaction was entered on 11/7/2025 at 1:46 PM CST and filed on 11/6/2025

**Case Name:** Defense Distributed v. YouTube LLC et al
**Case Number:** 1:25-cv-01095-ADA
**Filer:**
**Document Number:** 46

**Docket Text:**
**Minute Entry for proceedings held before Judge Alan D Albright: Motion Hearing held on 11/6/2025 re [26] MOTION to Transfer Case *to the Northern District of California* filed by Google LLC, YouTube LLC, Alphabet, Inc., [25] MOTION to Remand to State Court filed by Defense Distributed (Minute entry documents are not available electronically.). (Court Reporter Kristie Davis.)(dm)**

**1:25-cv-01095-ADA Notice has been electronically mailed to:**

Charles R. Flores &nbsp &nbsp cf@chadflores.law, chad-flores-7646@ecf.pacerpro.com, service@chadfloreslaw.com

Colleen Elizabeth McKnight &nbsp &nbsp colleen.mcknight@mcknightlaw.us

Elijah Barton Barrish &nbsp &nbsp ebarrish@scottdoug.com, cmatheson@scottdoug.com

Jonathan Alan Patchen &nbsp &nbsp jpatchen@cooley.com

Madeleine Ahlers &nbsp &nbsp mahlers@cooley.com

Michael Rome &nbsp &nbsp mrome@cooley.com

Robyn Lynn Bigelow Hargrove &nbsp &nbsp rhargrove@scottdoug.com, aespinoza@scottdoug.com, agoldberg@scottdoug.com, arivera@scottdoug.com

Sharon Song &nbsp &nbsp song@cooley.com, efilingnotice@cooley.com

Steven J. Wingard &nbsp &nbsp swingard@scottdoug.com, jkadjar@scottdoug.com, pphan@scottdoug.com, sfrazier@scottdoug.com

**1:25-cv-01095-ADA Notice has been delivered by other means to:**

Anika Holland
Cooley, LLP
3 Embarcadero Ctr. 20th Floor
San Francisco, CA 94111

The following document(s) are associated with this transaction:

**Document description:** Main Document
**Original filename:** n/a
**Electronic document Stamp:**

5

[STAMP dcecfStamp_ID=1080075687 [Date=11/7/2025] [FileNumber=33286921-0] [8375e793d6de1a5ec64f16cfa11c720e5d7e5e5fa3f245ce1662f05827920a3ff6315d61ca964c76e0de9c24f24856af2542d8ba0d65c018135bb4885792f773]]

---

This email message is for the sole use of the intended recipient(s) and may contain confidential and privileged information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply email and destroy all copies of the original message. If you are the intended recipient, please be advised that the content of this message is subject to access, review and disclosure by the sender's Email System Administrator.