IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>                    Plaintiff,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.<br><br>                    Defendants. | No.1:25-cv-01095-ADA |

**MOTION FOR LEAVE TO FILE FURTHER SUPPLEMENTAL BRIEF ADDRESSING NEW ARGUMENTS RAISED IN PLAINTIFF'S SUPPLEMENTAL BRIEF**

YouTube LLC, Google LLC, and Alphabet, Inc. ("Defendants") respectfully request leave to address new arguments raised for the first time in Defense Distributed's ("Plaintiff") Supplemental Brief in Support of its Motion to Remand (Dkt. No. 53). Defendants' proposed Further Supplemental Brief in Opposition to Plaintiff's Motion to Remand, available as **Exhibit A**, addresses these new arguments only. For the following reasons, Defendants respectfully request leave to file Exhibit A to address Plaintiff's new arguments.

Courts routinely grant leave to file additional briefing in circumstances such as these where "new issues, theories, or arguments . . . require a response." *Lumintec, LLC v. Motorola Mobility LLC*, No. W-21-CV-00402-ADA, 2022 WL 22878089, at *1 (W.D. Tex. May 10, 2022) (granting leave to file sur-reply); *see, e.g., Intellectual Ventures I LLC v. General Motors Co. & General Motors LLC*, No. 6:21-cv-01088-ADA, 2022 WL 16924468, at *1, *5 (W.D. Tex. Nov. 1, 2022) (party given leave to file sur-reply, in which it responded to its opponent's "new argument").

In its Supplemental Brief (Dkt. No. 53), Plaintiff raises two new arguments that require a response.  *First*, Plaintiff argues at length that this Court should grant its motion to remand immediately because the Fifth Circuit lacks jurisdiction over Defendants' appeal.  That novel argument is procedurally improper.  It goes well beyond the scope of the Court's limited invitation for supplemental briefing, *see* Dkt. No. 49-2 at 27-30, and instead attempts to litigate the question of appellate jurisdiction before the district court by copying nearly verbatim arguments from one of Plaintiff's briefs before the Fifth Circuit.  The argument also directly contradicts Plaintiff's own previous position that transfer orders are "appealable by virtue of the collateral order doctrine."  Further Supplemental Brief Ex. 3 (*Bruck* Brief of Appellants) at 17; *see also* Further Supplemental Brief Ex. 5 (*Bruck* Reply Brief of Appellants) at 9-10.  In any event, since Defendants have not had the opportunity to brief or address the argument here, they should be allowed to respond to it.

*Second*, Plaintiff newly attempts to distinguish Texas and federal law on the calculation of amount in controversy, citing new authority it failed to raise in prior briefing.  Plaintiff cites *C Ten 31 LLC on behalf of SummerMoon Holdings LLC v. Tarbox*, 708 S.W.3d 223, 240 (Tex. Bus. Ct. 2025) for the first time in its supplemental brief, so Defendants should be granted leave to respond and address that case and the arguments Plaintiff claims it supports.  *See Salomon v. Wells Fargo Bank, N.A.*, No. EP-10-CV-106-KC, 2010 WL 2545593, at *2 (W.D. Tex. June 21, 2010) (party granted leave to "respond to [its opponent's] use of [a newly cited case], and distinguish its facts from this case").  Plaintiff's citation to *C Ten 31 LLC* for the proposition that Texas values attorneys' fees, injunctive relief, and counterclaims differently than the Fifth Circuit is misleading and incorrect.  And since these are new arguments Defendants did not have a chance to address based on new legal authority, Defendants should have the opportunity to respond.

For the foregoing reasons, Defendants respectfully request leave to file Exhibit A to address Plaintiff's new arguments and authority.

Dated: December 23, 2025                    Respectfully submitted

                                            **SCOTT DOUGLASS & MCCONNICO LLP**

                                            /s/ Steven J. Wingard
                                            Steven J. Wingard
                                            Texas Bar No. 00788694
                                            Robyn Hargrove
                                            Texas Bar No. 24031859
                                            Eli Barrish
                                            Texas Bar No. 24144433

                                            303 Colorado Street, Suite 2400
                                            Austin, TX 78701
                                            Telephone: (512) 495-6300
                                            Facsimile: (512) 474-0731
                                            swingard@scottdoug.com
                                            rhargrove@scottdoug.com
                                            ebarrish@scottdoug.com


                                            **COOLEY LLP**
                                            Jonathan Patchen (admitted *pro hac vice*)
                                            Michael A. Rome (admitted *pro hac vice*)
                                            Anika Holland (*pro hac vice* pending)
                                            Madeleine R. Ahlers (admitted *pro hac vice*)

                                            3 Embarcadero Center, 20th Floor
                                            San Francisco, CA 94111
                                            Telephone: (415) 693-2000
                                            Facsimile: (415) 693-2222
                                            jpatchen@cooley.com
                                            mrome@cooley.com
                                            anika.holland@cooley.com
                                            mahlers@cooley.com

                                            *Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF CONFERENCE

The undersigned certifies that Defendants' counsel conferred with Plaintiff's counsel prior to filing the foregoing motion for leave to address new arguments raised in Plaintiff's supplemental brief.  Counsel for Plaintiff indicated that it opposes this motion.

*/s/ Steven J. Wingard*
Steven J. Wingard

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on December 23, 2025, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Steven J. Wingard*
Steven J. Wingard