In the United States District Court
for the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Defense Distributed, | § | |
|         Plaintiff, | § | |
| | § | |
| v. | § | No. 1:25-cv-01095-ADA-ML |
| | § | |
| YouTube LLC, | § | |
| Google LLC, | § | |
| Alphabet, Inc., | § | |
|         Defendants. | § | |

**Plaintiff's Response in Opposition to Defendants'
Motion for Leave to File Further Supplemental Brief**

## Table of Contents

Argument .................................................................................................................................. 3

I.  Appellate jurisdiction does not need further briefing. ............................................... 3

II. Amount in controversy does not need further briefing. ........................................... 4

III. Bait and switch tactics should fail. ........................................................................... 5

Conclusion ............................................................................................................................... 6

Certificate of Service ............................................................................................................... 6

**Argument**

Defendants seek what amounts to at least a sur-reply on Plaintiff's motion to remand. "Sur-replies are highly disfavored and are permitted only in exceptional or extraordinary circumstances." *Wilson v. Travis Cnty., Tex.*, No. 1:25-CV-887-ADA, 2025 WL 2664088, at *1 n.1 (W.D. Tex. Sept. 11, 2025), *report and recommendation adopted*, No. 1:25-CV-887-ADA, 2025 WL 2825630 (W.D. Tex. Oct. 3, 2025). No exceptional or extraordinary circumstances exist here.

Defendants ask for serial briefing not because the Court lacks what is needed, but because Defendants now realize that they failed to carry the removing party's burden. Courts do not grant extra briefing simply because a party realizes in hindsight that its main response fell short—especially where they bore the key burdens all along and especially where the Court can address any remaining legal questions at the next anticipated hearing. Leave should be denied.

**I.     Appellate jurisdiction does not need further briefing.**

Defendants' first proposed topic—appellate jurisdiction—does not justify more briefing because Defendants already had their opportunity. They first raised the issue in Document 51 by asserting an automatic *Griggs* stay, which necessarily presupposes vested appellate jurisdiction. Defendants chose to proceed by notice rather than motion. There is no reply right to a notice, and Defendants cannot create one by labeling a late filing "supplemental."

Defendants now seek a motion-style back-and-forth they deliberately chose not to invoke. They certainly could have filed a formal motion—such as a motion to stay—subject to full briefing in the ordinary course. But they did not. Having chosen the efficiencies of a notice rather than the rigor of a motion, Defendants must now accept the tradeoffs that choice entailed. Leave should not recreate a process Defendants deliberately bypassed.

## II.  Amount in controversy does not need further briefing.

Defendants' second proposed topic—"attempts to distinguish Texas and federal law on the calculation of amount in controversy," Doc. 54 at 2— does not justify more briefing because Defendants again already had their full chance. Plaintiff raised this issue in Document 41—the brief filed *before* the motion's main hearing. It argued that "the notion of an 'amount in controversy' is not a universal pleading currency." Doc. 41 at 5. It expressly contrasted the state and federal "amount in controversy" formulas, both in terms of *whose* outcome matters (federal is plaintiff alone, state is plaintiff *and* defendant) and in terms of *when* the measurement occurs (federal is at the instant of removal, state is at the end of the case). *Id.* It argued that "[m]aterial differences abound" and that, "[b]ecause the concepts diverge in nature and consequence, a state-law allegation of amount in controversy cannot be automatically transplanted to the federal Section 1446 inquiry without appropriate hesitation." *Id.* Because Plaintiff already argued all of this in Document 41, Defendants could have made all of their proposed arguments at the main motion hearing or in their Document 49 filing. A third bite at this jurisdictional apple isn't warranted.

Plaintiff is entitled to close on this issue because Plaintiff is the movant. Allowing another defense filing would invert the orthodox sequence unnecessarily, especially because the Court has already anticipated an additional hearing. *See* Doc. 49-2 at 28 ("the plaintiff can file whatever it wants to … as to why a defendant can't create jurisdiction by having an affirmative defense, and then we all get back together"). Further written submissions are unnecessary.

### III. Bait and switch tactics should fail.

Defendants' proposed filing fails to deliver what their motion promised. Rather than addressing the narrow matters asserted as grounds for leave, the proposed brief bypasses them and ranges across issues Defendants have already briefed repeatedly. That bait and switch is improper.

*Bait*. Defendants sought leave by promising to address the authorities cited on page 9 of Plaintiff's last brief. Yet Defendants never address *Chaudhry v. Stillwater Capital Investments, LLC*, 721 S.W.3d 230 (Tex. Bus. Ct. 2025). Defendants also never address *Cadence McShane Construction Co. LLC v. Ryan BB-Blockhouse Creek, LLC*, No. 25-BC03B-0002, 2025 WL 3080589 (Tex. Bus. Ct. Nov. 3, 2025). Nor do Defendants address *Kassam v. Dosani*, No. 24-BC11A-0021, 2025 WL 1826637, at *4 (Tex. Bus. Ct. June 30, 2025). All three of those cases from the Business Court of Texas confirm that the approach discussed in *C Ten* reflects a substantive divergence, not mere procedural quirks. Defendants ignore them entirely. If Defendants will not do the full work for which they seek special permission, the Court should not reward the request.

*Switch*. Instead, the proposed brief returns to an issue Defendants have already exhausted: how to treat bare amount-in-controversy elections. Defendants have pressed that argument from the Notice of Removal forward—in their remand opposition, at the hearing, and again in post-hearing briefing. The proposed filing, though purportedly confined to "new" issues, can't help but repackage the same contention that a conclusory state-court election should control the federal inquiry. *See* Doc. 54-1 at 7 (citing authority previously omitted). That argument has been made, answered, and rejected. Reintroducing it under the label of "supplemental" briefing adds nothing.

A filing that adds heat but no light does not justify any special briefing allotment.

## Conclusion

If the Defendants still haven't carried their burden of establishing federal jurisdiction, the solution is not to order more briefing. It is to order remand. The motion for leave should be denied.

Respectfully submitted,

/s/ Chad Flores
Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Colleen McKnight
Texas Bar No. 24078976
colleen.mcknight@mcknightlaw.us
McKnight Law PLLC
801 Travis Street Suite 2101, PMB 698
Houston, TX 77002
(713) 487-5645

Counsel for Plaintiff

## Certificate of Service

A true and correct copy of this submission was served on the day of its filing via the Court's CM/ECF system on all counsel registered therewith.

/s/Chad Flores
Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640