In the United States District Court
for the Western District of Texas
Austin Division

| | | |
|---|---|---|
| Defense Distributed, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | No. 1:25-cv-01095-ADA-ML |
| | § | |
| YouTube LLC, | § | |
| Google LLC, | § | |
| Alphabet, Inc., | § | |
|     Defendants. | § | |

**Plaintiff's Notice of Supplemental Authority in Support of
Plaintiff's Motion to Remand**

**Table of Contents**

Table of Contents ................................................................................................................................ 2

Argument............................................................................................................................................ 3

    I.      The Fifth Circuit dismissed Defendants' appeal from the transfer decision. .................... 3

    II.     The Court should decide the motion to remand immediately. ......................................... 3

Conclusion.......................................................................................................................................... 4

Certificate of Service ......................................................................................................................... 5

**Argument**

I. **The Fifth Circuit dismissed Defendants' appeal from the transfer decision.**

Defendants claimed that their appeal from the Court's transfer decision halted this Court's consideration of Defense Distributed's pending motion to remand. But Defendants' appeal is no more. On January 20, 2026, the Fifth Circuit entered an order granting Plaintiff's motion to dismiss Defendants' appeal for lack of jurisdiction. Ex. A. The court held that Defendants' notice of appeal failed to invoke appellate jurisdiction and declined to treat it as a mandamus petition:

> PER CURIAM:
>
> IT IS ORDERED that Appellee's opposed motion to dismiss the appeal for lack of jurisdiction is GRANTED.[1]
>
> _____
> [1] Appellant claims that a motion for mandamus would be proper but the document before this court states only "Notice of Appeal," so we need not address the mandamus issue.

Ex. A.

II. **The Court should decide the motion to remand immediately.**

Today's Fifth Circuit decision confirms what Plaintiff had argued from the outset: Defendants' appeal was always jurisdictionally defective and incapable of triggering any *Griggs*-style divestiture of this Court's authority. *See* Doc. 53 at 5–6. Whatever temporary pause Defendants sought to impose by filing a notice of appeal has ended. There is no longer any appellate proceeding to respect, await, or accommodate. Because the Fifth Circuit has dismissed Defendants' appeal for lack of jurisdiction, this Court has clear authority to proceed.

3

**Conclusion**

Plaintiff respectfully requests that the Court rule on the pending motion to temand without further delay by granting it.

Respectfully submitted,

/s/ Chad Flores

Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640

Colleen McKnight
Texas Bar No. 24078976
colleen.mcknight@mcknightlaw.us
McKnight Law PLLC
801 Travis Street Suite 2101, PMB 698
Houston, TX 77002
(713) 487-5645

Counsel for Plaintiff

**Certificate of Service**

    A true and correct copy of this submission was served on the day of its filing via the Court's CM/ECF system on all counsel registered therewith.

/s/ Chad Flores
Chad Flores
Texas Bar No. 24059759
cf@chadflores.law
Flores Law PLLC
917 Franklin Street, Suite 600
Houston, Texas 77002
(713) 364-6640