IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>      Plaintiff,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.<br><br>      Defendants. | No.1:25-cv-01095-ADA-ML |

**<u>DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF SUPPLEMENTAL AUTHORITY</u>**

4908-0009-4602

Defendants hereby respond to Plaintiff's Notice of Supplemental Authority in Support of Plaintiff's Motion to Remand (Dkt. No. 56) (the "Notice").

Plaintiff's Notice attaches a one-sentence order from the Fifth Circuit dismissing Defendants' appeal for lack of appellate jurisdiction. What Plaintiff omits from the Notice is that the appellate mandate will not issue until February 10, 2026. *See* Ex. A, excerpt of Fifth Circuit appellate docket (Dkt. No. 55 ("Mandate issue date is 2/10/2026")). Until the mandate issues, this Court has no jurisdiction to act on the motion to remand. *Charpentier v. Ortco Contractors*, 480 F.3d 710, 713 (5th Cir. 2007) (per curiam) ("This court retains control over an appeal until we issue a mandate. Before our mandate issues, we have the power to alter or modify our judgment."); *Arenson v. S. Univ. Law Ctr.*, 963 F.2d 88, 90 (5th Cir. 1992) ("The district court regained jurisdiction over the case upon our issuance of the mandate."); 16A C. Wright, A. Miller, and R. Freer, FEDERAL PRACTICE AND PROCEDURE § 3987 (5th ed. 2025) ("Until the mandate issues, . . . the case ordinarily remains within the jurisdiction of the court of appeals, and the district court lacks power to proceed further with respect to the matters involved with the appeal."). Plaintiff's request that the Court "decide the motion to remand immediately" (Notice at 3) *before the mandate even issues* is an invitation to commit legal error that this Court must decline.[1]

Now that the Fifth Circuit has clarified Defendants must seek review of the order denying their motion to transfer venue via mandamus petition rather than appeal, that is what Defendants intend to do. In the coming days, Defendants plan to file a mandamus petition and request that

---

[1] Part of the purpose of a delay between an order and issuance of the mandate is to permit litigants to avail themselves of their rights to seek further review—Defendants are currently considering their rights with respect to the order dismissing the appeal. *See First Gibraltar Bank, FSB v. Morales*, 42 F.3d 895, 897 (5th Cir. 1995) ("[W]here the mandate has not issued the availability of appeal has not yet been exhausted.") (quoting *Bryant v. Ford Motor Co.*, 886 F.2d 1526, 1530 (9th Cir. 1989)).

1

this Court stay proceedings pending resolution of that petition. There is no reason to rush a decision on the pending motion to remand now before the Court considers those forthcoming papers.[2]

---

[2] Even if the Court intended to proceed to address the merits of the motion, there would be no reason to do so "immediately" given its prior indication to the parties that it intended to hold a further hearing after considering the parties' supplemental briefing. *See* Dkt. No. 49, Rome Dec., Ex. A, Transcript of Nov. 6, 2025 Hr'g, at 28:24-29:9. In any event, for the reasons Defendants have explained in their papers, remand is improper.

2

Dated: January 21, 2026

Respectfully submitted,

**SCOTT DOUGLASS & MCCONNICO LLP**

/s/ Steven Wingard
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com

**COOLEY LLP**
Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Anika Holland (*pro hac vice* pending)
Madeleine R. Ahlers (admitted *pro hac vice*)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
anika.holland@cooley.com
mahlers@cooley.com

*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 21, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Steven Wingard*
Steven Wingard

4908-0009-4602