# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>      Plaintiff,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.<br><br>      Defendants. | No.1:25-cv-01095-ADA-ML |

**DEFENDANTS' OPPOSED MOTION TO STAY PENDING RESOLUTION OF DEFENDANTS' MANDAMUS OF ORDER DENYING MOTION TO TRANSFER**

1

# INTRODUCTION

Defendants YouTube LLC, Google LLC, and Alphabet Inc. (collectively, "Defendants") respectfully move to stay this case pending the Fifth Circuit's resolution of Defendants' Petition for Mandamus of the Order Denying Defendants' Motion to Transfer (Dkt. 58-1). Because the mandate on the Fifth Circuit's procedural dismissal of Defendants' appeal is scheduled to issue on February 10, Defendants respectfully request either (1) a decision on this stay motion by **February 6, 2026** or (2) if the Court prefers briefing on a regular timetable, the immediate entry of an administrative stay up to and for a short period following decision of this stay motion.

All four stay factors—Defendants' likelihood of success on appeal, injury suffered absent stay, the lack of similar injury to Plaintiff, and the public interest—favor a temporary stay. The transfer order that is the subject of the mandamus petition contravened binding Supreme Court precedent in considering Texas's public policy of hostility toward forum-selection clauses in answering the federal question of enforceability of the clauses under 28 U.S.C. § 1404(a). And Defendants will suffer substantial prejudice absent a stay, given that resources spent litigating in a forum other than the one Plaintiff agreed to cannot be recovered. Worse, if the Court assents to Plaintiff's repeated demands to improperly remand this case to Texas state court, Defendants will likely lose the opportunity for *any* higher-court review of the challenged transfer denial. By contrast, Plaintiff would suffer no prejudice from a temporary stay, especially considering that pleadings remain at a nascent stage and Plaintiff did not seek any preliminary injunctive relief. And a stay is in the public interest, because it would conserve judicial resources and adhere to the Fifth

Circuit's admonishment that the resolution of transfer motions takes "top priority in the handling of [a] case." *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003).

Defendants recognize that "[m]andamus petitions request an extraordinary remedy that is only appropriate in exceptional circumstances." *Woodson v. Surgitek, Inc.*, 57 F.3d 1406, 1416 (5th Cir. 1995). But the Fifth Circuit allows for mandamus review of transfer denials precisely because the harm from an erroneous denial cannot be remedied after the fact: if a party is forced to litigate in the wrong venue, a court cannot unring that bell. *In re Volkswagen of Am., Inc.*, 545 F.3d 304, 319 (5th Cir. 2008) (en banc). And this case presents a unique set of facts: unlike a garden-variety dispute over a venue transfer, it is *uncontested* that Plaintiff agreed to litigate this dispute in California. This Court denied transfer based solely on Texas's alleged "strong public policy" against transfer. As Defendants explain in their mandamus petition, Supreme Court and Fifth Circuit precedent dictate that state public policy—particularly state public policy against forum-selection clauses—cannot defeat the federal presumption of enforceability. The denial of Defendants' transfer motion therefore warrants Fifth Circuit review before proceedings continue and substantial, irreparable prejudice ensues.

I.   **BACKGROUND**

Plaintiff filed this lawsuit against Defendants alleging that they discriminate against certain content on YouTube and Google Ads in violation of Texas Civil Practice and Remedies Code Chapter 143A. Petition ¶ 8. Plaintiff did not seek any preliminary injunctive relief. On July 14, 2025, Defendants removed this action to this Court. Dkt. 1. Defendants then moved to transfer the action to the Northern District of California, as

Plaintiff agreed to multiple valid forum-selection clauses expressly designating California as the exclusive venue for litigation concerning Plaintiff's use of YouTube and Google Ads. Dkt. 26 at 6–7. In parallel, Plaintiff moved to remand the case. Dkt. 25. This Court heard argument on both motions at a November 6, 2025 hearing, during which it requested additional briefing on the motion to remand. Nov. 6, 2025 Hr'g Tr. at 26:23–27:11. On November 13, 2025, this Court exercised its discretion to first decide the transfer motion and denied Defendants' motion to transfer. Dkt. 48 at n.2.

On December 1, 2025, Defendants timely appealed the denial of the motion to transfer as a collateral order. Dkt. 51. On January 20, 2026, in a one-sentence, unpublished order, the Fifth Circuit granted Plaintiff's motion to dismiss the appeal for lack of appellate jurisdiction. Dkt. 56-1. In a footnote, the court asserted that it "need not address the mandamus issue" because "the document before [the] court states only 'Notice of Appeal'"—notwithstanding that Defendants had already filed their opening brief requesting mandamus relief in the alternative. *Id.* Two days later, on January 22, Defendants filed a separate mandamus petition seeking review of the transfer denial.

## II.   ARGUMENT

### A.   Legal Standard

This Court has the inherent power to stay proceedings. *See Clinton v. Jones*, 520 U.S. 681, 706 (1997). Courts weigh four factors in considering whether to grant a stay: "(1) whether the movant has made a showing of likelihood of success on the merits," "(2) whether the movant has made a showing of irreparable injury if the stay is not granted," "(3) whether the granting of the stay would substantially harm the other parties," and "(4)

4

whether the granting of the stay would serve the public interest." *United States v. McKenzie*, 697 F.2d 1225, 1226 (5th Cir. 1983).[1]

### 1. Defendants Have a Substantial Likelihood of Success on Appeal.

In evaluating the likelihood of success on the merits, Fifth Circuit courts "look to the standards provided by the substantive law." *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990). As outlined in the mandamus petition, Dkt. 58-1,[2] and incorporated herein, Defendants respectfully submit that they have a substantial likelihood of success on appeal for three independent reasons.

*First*, this court erred by considering Texas public policy at all in evaluating whether the forum-selection clauses were enforceable. This Court relied on an exception originating in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1 (1972) ("*The Bremen*") concerning when enforcement of a forum-selection clause "would contravene a strong public policy of the forum state." *See* Dkt. 48 at 4 (quoting *Haynsworth v. The Corp.*, 121 F.3d 956, 962–63 (5th Cir. 1997), which cites *The Bremen*, 407 U.S. at 12–13, 15, 18). But the Supreme Court has made clear that the "public policy of the forum state" language in *The Bremen* refers only to federal public policy or that of a foreign country, not that of an individual State. *Great Lakes Ins. SE v. Raiders Retreat Realty Co., LLC*, 601 U.S. 65, 78

---

[1] The Fifth Circuit also employs an alternative test under which "the movant need only present a substantial case on the merits when a serious legal question is involved and show that the balance of the equities weighs heavily in favor of granting the stay." *Ruiz v. Estelle*, 650 F.2d 555, 565-66 (5th Cir. Unit A June 1981) (per curiam). A stay is warranted under that alternative standard as well.

[2] For the Court's convenience, a copy of the mandamus petition is attached hereto as **Exhibit A.**

(2024). Indeed, the respondent's argument in *Great Lakes* was effectively the same as this Court's justification for denying transfer: it contended that the strong federal presumption in favor of enforcing choice-of-law clauses should be overcome when enforcing a choice-of-law provision "would contravene the fundamental public policy" of a State. *Id*. at 77. But the Supreme Court squarely rejected that argument, explaining that it has not "looked to state law in the analogous forum-selection context," and that state public policy is irrelevant to the *Bremen* exception. *Id*. at 77–78. Therefore, this Court was required to reject Plaintiff's attempt to rely on state public policy under *The Bremen*.

*Second*, even if this court was allowed to consider Texas's public policy in the enforceability analysis, it contravenes Supreme Court precedent to allow state public policy against *forum-selection clauses* to control the federal enforceability question. *See The Bremen*, 407 U.S. at 9–15; *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 30, 31 n.10 (1988). In *Stewart*, the Supreme Court held that a district court erred by disregarding a forum-selection clause based on a state law declaring such clauses to be void. *Id.* at 28–32. In denying Defendants' motion to transfer, this Court asserted that it was merely considering state law as part of the federal enforceability analysis, but that "makes the applicability of [the] federal" presumption "depend on the content of state law," in violation of *Stewart*. *Id.* at 31 n.10.

*Third*, even assuming that this Court was permitted to consider Texas's anti-forum selection clause public policy, it was required to weigh that public policy against the strong federal public policy in favor of forum-selection clauses. And under Fifth Circuit precedent, federal public policy would have easily prevailed. For instance, in *Matthews v.*

6

*Tidewater, Inc.*, 108 F.4th 361 (5th Cir. 2024), the Fifth Circuit considered both Louisiana's public policy against enforcement of forum-selection clauses in employment contracts and the federal public policy in favor of enforcement and determined that the federal interest must prevail, *id.* at 369–70; *see also Lim v. Offshore Specialty Fabricators, Inc.*, 404 F.3d 898, 906 (5th Cir. 2005).

### 2. Denying a Stay Causes Irreparable Injury to Defendants.

Defendants would be irreparably harmed if proceedings continue notwithstanding the concurrent mandamus petition. *First*, absent a temporary stay, Defendants will incur the irreparable injury of being forced to litigate in a forum other than the one that Plaintiff contractually agreed to through binding forum-selection clauses. *Cf. In re Volkswagen*, 545 F.3d at 319 (explaining that appeal from final judgment "provide[s] no remedy" for an "erroneous failure to transfer" because "the harm—inconvenience to witnesses, parties and others—will already have been done"). *Second*, the unique posture of this case amplifies the irreparability of Defendants' injury: if this court were to incorrectly grant Plaintiff's remand motion while the mandamus petition is pending, Defendants would almost certainly lose *any* ability to challenge the underlying transfer order.

1. The importance of ensuring the litigants are in the correct venue before litigation resources are expended is why the Fifth Circuit has described a district court's practice of holding "order[s] to transfer venue for a short period in the event a party wishes to challenge the transfer" as "especially deserving of commendation." *In re Clarke*, 94 F.4th 502, 507 n.1 (5th Cir. 2024). The prejudice to Defendants of litigating in the wrong venue "cannot be put back in the bottle," even if the Fifth Circuit ultimately grants

Defendants' mandamus petition. *In re Volkswagen*, 545 F.3d at 319. Indeed, Plaintiff itself requested that, in the event this Court granted the motion to transfer, the Court "stay [its] transfer decision to afford the Plaintiff an adequate opportunity to pursue appellate review" in the Fifth Circuit. Plf's Opp. to Transfer (Dkt. 35) at 17. And in a previous case involving Plaintiff, the Fifth Circuit *sua sponte* stayed further district court proceedings pending Plaintiff's appeal of an adverse transfer order. Order Staying Case, *Defense Distributed v. Bruck*, No. 21-50327, slip op. at 1, 3 (5th Cir. June 23, 2021).

The harm of denying a stay in this case is amplified because it would deprive Defendants of the benefits of the forum-selection clauses that Plaintiff concedes are mandatory and applicable to this dispute. The Supreme Court has explained "that contractually selected forums often . . . become part of the parties' 'settled expectations,'" upon which they are entitled to rely. *Barnett v. DynCorp Int'l, LLC*, 831 F.3d 296, 300 (5th Cir. 2016) (quoting *Atl. Marine Const. Co. v. U.S. Dist. Ct. for W. Dist. of Texas*, 571 U.S. 49, 66 & n.8 (2013)). Moving forward with proceedings in this court while a concurrent mandamus petition challenges the suit's very presence in this forum will not only force Defendants to incur unrecoverable costs from litigating in the incorrect venue but also upset Defendants' legitimate reliance interests based on the forum-selection clauses.

2.    The threat of irreparable injury to Defendants absent a stay is particularly acute here because, if this Court grants Plaintiffs' pending Motion to Remand (Dkt. 25) before the Fifth Circuit has adjudicated Defendants' mandamus petition, then Defendants will likely lose *any* opportunity for review of this Court's transfer decision. That is

because, as a general matter, "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d).  A decision on the remand order before the Fifth Circuit considers Defendants' mandamus petition would also deprive Defendants of the right to have "the court who would ultimately try the case" upon conclusive determination of the correct venue "to rule on the remand motion."  *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-00575, 2014 WL 3855238, at *4 (N.D. Tex. Aug. 5, 2014); *Andrade v. Chojnacki*, 934 F. Supp. 817, 825 (S.D. Tex. 1996) (Substantive motions "should be adjudicated by the court that has responsibility for ultimately deciding the case," not by a "transferor court.").  This Court itself exercised its discretion to decide Defendants' motion to transfer before Plaintiff's motion to remand— granting a stay pending resolution of Defendants' mandamus petition regarding the transfer order would be consistent with this Court's prior sequencing decision.

### 3. Plaintiff Will Suffer No Prejudice From a Stay.

Plaintiff, by contrast, would not be prejudiced by a temporary stay.  Defendants have already moved quickly, filing their mandamus petition within two days of the Fifth Circuit's order clarifying that appeal is not a means available to Defendants to challenge the transfer order here, and the timeframe for resolving a mandamus petition is far more expedited than for an ordinary appeal.  *See, e.g.*, Practitioner's Guide to the U.S. Court of Appeals for the Fifth Circuit (May 2025).

Moreover, the current proceedings are at an early stage: "[t]he court has not yet rendered a scheduling order or set a trial date," and the parties have yet to exchange any discovery. *Bell Semiconductor, LLC v. NXP Semiconductors, N.V.*, No. 1:20-CV-611-LY,

9

2022 WL 1447948, at *2 (W.D. Tex. Feb. 7, 2022); *cf. Norman IP Holdings, LLC v. TP-Link Techs., Co.*, No. 6:13-CV-384-JDL, 2014 WL 5035718, at *3 (E.D. Tex. Oct. 8, 2014) ("the stage of litigation weighs in favor of a stay if there remains a significant amount of work ahead for the parties and the court"). And Plaintiffs have not sought a temporary restraining order or preliminary injunctive relief in this action. *Twitch LLC v. Bote, LLC*, No. WA-24-CV-00233-KC, 2024 WL 3898297, at *6 (W.D. Tex. Aug. 21, 2024) (finding prejudice factor "neutral" in part because plaintiff "did not seek preliminary injunctive relief").

### 4. A Stay is in the Public Interest.

Finally, a temporary stay is in the public interest. To start, a stay will conserve judicial resources by minimizing any potential for duplicative proceedings in the transferee and transferor forums. *See McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) (per curiam) (judicial economy "requires that the court which ultimately decides the merits of the action should also decide the various questions which arise during the pendency of the suit"); *Sparling v. Doyle*, No. EP-13-CV-00323-DCG, 2014 WL 12489985, at *4 (W.D. Tex. Mar. 3, 2014) ("the Court should evade 'needlessly expending its energies familiarizing itself with the intricacies of a case that the transferee judge may have to duplicate if the cases are consolidated'" (citation omitted)). Because the Fifth Circuit may transfer the case, there is no reason for the Court to spend its limited judicial resources on further proceedings in the interim—and in doing so, potentially deprive the Northern District of California of the opportunity to resolve pending motions or discovery disputes.

A temporary stay is also consistent with the Fifth Circuit's instruction that a timely motion to transfer venue takes "top priority in the handling of [a] case." *In re Horseshoe Ent.*, 337 F.3d at 433. That instruction makes good sense, because it ensures that "the whole action" is transferred "to the more convenient court" and that subsequent motions on both procedure and the merits are evaluated by that court. *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964); *cf. In re Netflix, Inc.*, No. 2021-190, 2021 WL 4944826, at *1 (Fed. Cir. Oct. 25, 2021) ("Fifth Circuit law entitle[s] parties to have their venue motions prioritized over substantive proceedings in district court.").

## CONCLUSION

For the foregoing reasons, the Court should stay proceedings pending the Fifth Circuit's resolution of Defendants' mandamus petition. Given that the Fifth Circuit's mandate from Defendants' collateral-order appeal will issue on February 10, 2026, Defendants respectfully request the Court enter a stay by February 6. If this motion is not granted by then, Defendants intend to seek a stay from the Fifth Circuit.

Dated: January 28, 2026                    Respectfully submitted,

**SCOTT DOUGLASS & MCCONNICO LLP**

*/s/ Steven Wingard*
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com

**COOLEY LLP**
Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Anika Holland (admitted *pro hac vice*)
Madeleine R. Ahlers (admitted *pro hac vice*)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
anika.holland@cooley.com
mahlers@cooley.com

*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule CV-7(G), Defendants advise the Court that in advance of filing this Motion, counsel for the parties met and conferred on January 26, 2026 in a good-faith attempt to resolve this motion by agreement. The discussions conclusively ended in an impasse as the parties disagree on whether the case should be stayed. Counsel for Plaintiff indicated that it opposes this motion.

*/s/ Steven Wingard*
Steven Wingard

## CERTIFICATE OF SERVICE

Pursuant to the Federal Rules of Civil Procedure and Local Rule CV-5, I hereby certify that, on January 28, 2026, all counsel of record who have appeared in this case are being served with a copy of the foregoing via the Court's CM/ECF system.

*/s/ Steven Wingard*
Steven Wingard