## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| DEFENSE DISTRIBUTED,<br><br>      Plaintiff,<br><br>v.<br><br>YOUTUBE LLC, GOOGLE LLC, and ALPHABET, INC.<br><br>      Defendants. | Case No. 1:25-cv-1095-ADA-ML |

**DEFENDANTS' REPLY IN SUPPORT OF
MOTION FOR STAY PENDING RESOLUTION OF DEFENDANTS'
<u>MANDAMUS OF ORDER DENYING MOTION TO TRANSFER</u>**

**DECISION REQUESTED BY FEBRUARY 6, 2026**

**ARGUMENT**

Stays pending mandamus review "simply suspend judicial alteration of the status quo" and allow an appellate court to "responsibly fulfill [its] role in the judicial process." *Nken v. Holder*, 556 U.S. 418, 427, 429 (2009) (citation omitted). As of the date of this filing, the Fifth Circuit is still reviewing the merits of Defendants' mandamus petition. All four stay factors strongly favor a temporary stay—Plaintiff's opposition brief (Dkt. 62) does nothing to change that. Defendants respectfully request that by no later than February 6, the Court stay these proceedings pending the Fifth Circuit's ongoing mandamus review of the transfer denial.

**A.   Defendants Are Likely to Succeed on the Merits.**

In addressing the likelihood of success on the merits, Plaintiff ignores two of the three independent reasons why the transfer denial was incorrect, and its response to Defendants' *Great Lakes* argument rests on a baseless procedural objection.

*First*, Plaintiff is silent on two of the three legal errors presented in the stay motion and advanced in the mandamus petition. *See* Mot. 6-7; Ex. A to Mot. 30-37. Plaintiff instead falls back on the mandamus standard. But a court "by definition abuses its discretion when it makes an error of law." *Defense Distributed v. Bruck*, 30 F.4th 414, 427 (5th Cir. 2022) (citation omitted). By identifying three clear errors of law, Defendants readily satisfy the mandamus standard.

*Second*, Plaintiff's accusation (at 4) that Defendants are engaging in "sandbagging" by citing an additional case in support of the argument they have made all along is entirely unfounded. Defendants have consistently argued that consideration of state law and public policy is impermissible because federal law governs the enforceability analysis. *See, e.g.*, Dkt. 40 at 2 ("Since federal law governs the transfer analysis . . ., state laws purporting to invalidate forum-selection clauses are irrelevant."); *id.* at 4 ("[T]he Texas state law provisions Plaintiff relies on

1

cannot . . . preclude this Court from considering and enforcing the forum-selection clause."); Dkt. 49-2 at 4:08-5:23 (arguing at hearing that state public policy cannot be "smuggled in in the fourth factor under the Bremen analysis"); *id*. at 7:01-07 ("[I]f you were to consider the Texas law . . . our frontline argument[] is that it's an impermissible consideration under 1404(a) and the Bremen fourth factor."). And the Fifth Circuit has made clear that "[a] new precedent is not a new argument; it is new support for an existing argument." *See Templeton v. Jarmillo*, 28 F.4th 618, 622 (5th Cir. 2022) (also citing cases from the First, Seventh and D.C. Circuits).

*Third*, Plaintiff's promise to later explain why *Great Lakes* is inapplicable reveals that it has no real response to the case. Plaintiff meekly suggests (at 4) that it can get around *Great Lakes* because *Great Lakes* involved "maritime contracts" rather than "normal contracts." But in roundly rejecting reliance on state public policy, *Great Lakes* interpreted *The Bremen*'s exception for when "enforcement would contravene a strong public policy of the forum in which suit is brought." *Great Lakes Insurance SE v. Raiders Retreat Realty Co.*, 601 U.S. 65, 78 (2024) (quoting *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972)). It is well-established that *The Bremen* governs the enforceability of all forum-selection clauses, not just those in maritime contracts, which is why *Haynsworth* (a non-maritime case) cited *The Bremen* in setting out the public-policy exception. *See Haynsworth v. The Corp.*, 121 F.3d 956, 962-63 (5th Cir. 1997) ("[T]his Court and others have not hesitated to apply [*The Bremen's*] federal enforceability standards in non-admiralty cases."). And there is nothing in *Great Lakes* to suggest that courts confronting "normal contracts" need not comply with its authoritative interpretation of *The Bremen*'s public-policy exception.

### B.   Defendants Will Suffer Irreparable Injury Absent Stay.

Plaintiff next asserts that Defendants' injuries are not irreparable, and that alternatively, the equities render those injuries unworthy of recognition. Opp. at 5-8. Plaintiff is wrong.

1. Pointing to *Defense Distributed v. Bruck*, 30 F.4th 414 (5th Cir. 2022), Plaintiff promises that Defendants will be able to continue "seeking mandamus after the case has" been remanded. Opp. at 5. That is an empty promise. *Bruck* concerned the Fifth Circuit's authority to direct one federal district court to ask another federal district court to return a transferred case. Plaintiff conspicuously fails to mention that the District of New Jersey *denied* the request to re-transfer the case. *See Defense Distributed v. Platkin*, 617 F. Supp. 3d 213, 220 (D.N.J. 2022). In any event, *Bruck* says nothing about cases that are remanded to state court, an entirely separate and independent judicial system. Even mandamus relief requesting re-transfer between federal courts "risks 'provok[ing] a possible conflict between the Circuits,'" so is reserved for "a very extreme case." *In re Red Barn Motors, Inc.*, 794 F.3d 481, 484 (5th Cir. 2015) (citation omitted). Mandamus relief requesting that a *state court* return a case to federal court would open a Pandora's box of issues concerning federalism, comity, and the general bar against appealing a remand decision. That is likely why Plaintiff cites no case in which the Fifth Circuit or any other court has allowed a party to continue to pursue mandamus review after a case was remanded to state court.

2. Plaintiff tellingly ignores Defendants' other irreparable injury: loss of the right to have "the court who would ultimately try the case . . . rule on the remand motion." *Oldham v. Nationwide Ins. Co. of Am.*, No. 3:14-CV-575-B, 2014 WL 3855238, at *4 (N.D. Tex. Aug. 5, 2014). This Court explicitly "exercise[d] its discretion to resolve" transfer before remand. Dkt. 48 at 2. A stay is thus not only consistent with that sequencing decision but also ensures that the critical jurisdictional question of remand is adjudicated by the proper district court.

3. Instead, Plaintiff accuses Defendants of gamesmanship, declaring that Defendants are "attempt[ing] an impermissible end run around . . . remand." Opp. at 6. But it is Plaintiff who

seeks to use an improper remand as an end run around Defendants' recognized right to mandamus review of the transfer order—a right that Plaintiff itself previously invoked, *see Bruck*, 30 F.4th at 421, and which the Fifth Circuit has recognized is an "appropriate," and now the exclusive, "means of testing a district court's section 1404(a) ruling," *In re Volkswagen of Am., Inc.,* 545 F.3d 304, 309 (5th Cir. 2008) (en banc).

### C.     Plaintiff Has No Comparable Injury, and the Public Interest Favors a Stay.

Plaintiff's claimed injuries do not cut against a stay. Plaintiff proclaims that a stay would "indefinitely" delay its ability "to obtain a judicial determination of its rights." Opp. at 6. By that logic, a stay would never be warranted: delay is incidental to *any* stay pending appellate review. Moreover, a stay would not be indefinite: the Fifth Circuit prioritizes the review and disposition of mandamus petitions. Even on a lengthier appeal timeline, "a stay through the time a decision is issued by the Fifth Circuit with a 120-day backstop [is] neither indefinite nor immoderate." *Dialysis Newco, Inc. v. Cmty. Health Sys. Grp. Health Plan*, No. 5:18-CV-97, 2019 WL 13191609, at *2 (S.D. Tex. Aug. 26, 2019). And Plaintiff's complaint (at 7) that a stay would prolong "unlawful restrictions that continue to operate day by day" relies on the incorrect assumption that it will prevail on the merits.

Plaintiff also obliquely suggests that a stay would "shift[] power" to Defendants. Opp. at 7. But a stay would not give Defendants some kind of improper tactical advantage—it would simply protect Defendants' recognized right to higher-court review of the transfer denial and afford the Fifth Circuit "time to conduct careful, considered [mandamus] review." *Valentine v. Collier*, 978 F.3d 154, 160 (5th Cir. 2020). Plaintiff tries to paint preservation of the status quo as an injustice, but the Fifth Circuit has made clear that "preserving the status quo 'is an important' equitable consideration" that *favors* a stay. *Louisiana v. Becerra*, 20 F.4th 260, 263 (5th Cir. 2021)

4

(citation omitted). The only injustice would be to permit Plaintiff to use denial of a stay and departure from the status quo as a "tactical weapon" to obtain an improper remand and vitiate Defendants' right to review of the transfer order. Opp. at 7.

Finally, the public interest firmly favors Defendants. Plaintiff's proclamation (at 9) that a stay would disserve the public interest by introducing "interlocutory paralysis" would mean that a stay, which always has the effect of pausing proceedings, can never be in the public interest. And Plaintiff's attempt to invoke the public interest in enforcement of state law improperly prejudges the merits—Defendants maintain that applying Chapter 143A here violates the First Amendment, and the public has no interest in enforcement of an unconstitutional law. In all events, the public interest will be served by ensuring that the correct court is the one to "ultimately decide[] the merits of the action." *McDonnell Douglas Corp. v. Polin*, 429 F.2d 30, 30 (3d Cir. 1970) (per curiam).[*]

\*   \*   \*

Because all four factors favor a stay, and given the impending issuance of the mandate in Defendants' prior collateral-order appeal on February 10, Defendants respectfully request that the Court grant the stay motion by February 6.

---

[*] Grasping for straws, Plaintiff asserts (at 7-8) that NetChoice's decision to file a constitutional challenge to HB 20 in this district weighs against a stay. This argument borders on frivolous. *Paxton* was a pre-enforcement challenge seeking to fully enjoin HB 20 and did not involve claims subject to any forum-selection clause. It has no bearing on whether Defendants are entitled to a temporary stay in a separate case involving an attempt to enforce HB 20 by an entity that, pursuant to concededly mandatory and applicable forum-selection clauses, agreed to litigate in California. And, consistent with *Ex Parte Young,* 209 U.S. 123 (1908), NetChoice's lawsuit to enjoin enforcement of HB 20 was filed against Ken Paxton, the Attorney General of Texas. *See* Complaint for Declaratory and Injunctive Relief at ¶ 41, *NetChoice v. Paxton*, No. 1:21-cv-00840 (W.D. Tex. Sept. 22, 2021), Dkt. No. 1. Because Paxton, as "the only Defendant" and the person against whom an injunction would be entered and enforced, "resides in Austin, Texas," the natural venue was the Western District of Texas. *Id.* ¶ 43. There is no comparable justification to litigate in Texas here. In any event, NetChoice is a legally distinct entity from Defendants that represents numerous other members, and its litigation decisions in another case cannot estop Defendants from seeking enforcement of the forum-selection clauses in this case.

5

Dated: February 5, 2026                    Respectfully submitted,

**SCOTT DOUGLASS & MCCONNICO LLP**

*/s/ Steven J. Wingard*
Steven J. Wingard
Texas Bar No. 00788694
Robyn Hargrove
Texas Bar No. 24031859
Eli Barrish
Texas Bar No. 24144433

303 Colorado Street, Suite 2400
Austin, TX 78701
Telephone: (512) 495-6300
Facsimile: (512) 474-0731
swingard@scottdoug.com
rhargrove@scottdoug.com
ebarrish@scottdoug.com

**COOLEY LLP**

Jonathan Patchen (admitted *pro hac vice*)
Michael A. Rome (admitted *pro hac vice*)
Anika Holland (admitted *pro hac vice*)
Madeleine R. Ahlers (admitted *pro hac vice*)

3 Embarcadero Center, 20th Floor
San Francisco, CA 94111
Telephone: (415) 693-2000
Facsimile: (415) 693-2222
jpatchen@cooley.com
mrome@cooley.com
anika.holland@cooley.com
mahlers@cooley.com

*Attorneys for Defendants YouTube LLC, Google LLC, and Alphabet, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served upon counsel via electronic service on February 5, 2026.

/s/ *Steven J. Wingard*
Steven J. Wingard